UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Target Corporation Customer
Data Security Breach Litigation,

MDL No. 14-2522 (PAM/JJK)

This document relates to all actions.

**ORDER FOR APPOINTMENT OF
LEAD AND LIAISON COUNSEL
AND PRELIMINARY SCHEDULING ORDER**

On May 14, 2014, the parties appeared before the Court for an initial case management and status conference. At that conference, the parties and the Court discussed the matters set forth in the Agenda (Docket No. 29). Having considered the comments and proposals of attorneys seeking to be appointed to leadership positions in the litigation, the Court has determined the preliminary leadership structure for representation of Plaintiffs.

**A.     Lead and Liaison Counsel**

The Court's authority to appoint counsel stems from Rule 23(g), which provides that the Court may appoint interim counsel to represent the interests of a putative class in a matter not yet certified as a class action. The Court has reviewed the applications counsel submitted and finds that all of the lawyers applying for leadership positions have excellent credentials and more than sufficient experience and expertise to serve in leadership roles in the litigation, as Rule 23(g)(1)(A) requires.

As stated at the initial case management conference, the Court appoints Karl C. Cambronne of Chestnut Cambronne PA to serve as Coordinating Lead Counsel over the litigation as a whole. The Court appoints Garrett Blanchfield of Reinhardt, Wendorf &

Blanchfield to be Coordinating Liaison Counsel. Coordinating Lead and Coordinating Liaison Counsel shall have the duties as outlined below, and in addition Coordinating Lead Counsel shall supervise and direct the activities of Plaintiffs' counsel in this matter.

The Court has determined to separate Plaintiffs in this matter into three groups, to more efficiently resolve the matter and ensure representation for the diverse interests of Plaintiffs. The three groups of cases are consumer cases, financial institution cases, and shareholder derivative cases. Although all three groups will, to the extent possible, proceed on the same track, the Court and the parties recognize that some issues may pertain to only one or fewer than all groups, and that it is necessary for the Court to appoint lead and liaison counsel for each group of cases, to be overseen by Coordinating Lead and Liaison Counsel.

The Court appoints Vincent Esades of Heins Mills & Olson, PLC, to serve as Lead Counsel for the consumer cases. The Court appoints Michelle Drake of Nichols Kaster PLLP as Liaison Counsel for the Consumer cases.

The Court appoints Charles S. Zimmerman of Zimmerman Reed, PLLP, to serve as Lead Counsel for the financial institution cases. The Court appoints Karen Hanson Riebel of Lockridge Grindal Nauen PLLP to serve as Liaison Counsel for the financial institution cases.

The Court appoints Felipe J. Arroyo of Robbins Arroyo LLP to serve as Lead Counsel in the shareholder cases. The Court appoints Christopher Walsh of the Walsh Law Firm to serve as Liaison Counsel in the shareholder cases.

The Court recognizes that additional leadership, both in the litigation as a whole and in the discrete groups of cases, may be required. The Court therefore authorizes each Lead and Liaison Counsel to appoint committees to assist in the management of the litigation. Coordinating Lead and Liaison Counsel are authorized to appoint an Executive Committee of five attorneys. Each group Lead and Liaison Counsel are authorized to appoint a Steering Committee of three attorneys, with the exception of the shareholder group, which has represented that a Steering Committee is not necessary. All such appointments are subject to the Court's approval, and the size of the Committees may be increased as necessary for the efficient prosecution of the action, with the Court's approval. Lead and Liaison Counsel's recommendations for the composition of the Executive Committee and Steering Committees shall be submitted to the Court for approval within one week of the date of this Order.

The Court anticipates developing a mechanism by which all attorneys may submit their hours billed to this matter on a monthly or other regular basis, for the Court's in camera review. In the meantime, Coordinating Lead and Liaison Counsel, in consultation with each group's Lead and Liaison Counsel, shall begin tracking Plaintiffs' attorney hours and expenses for this litigation. Defendants shall also develop a procedure to track hours billed and expenses incurred in anticipation of submitting that information to the Court in camera. All counsel must keep a daily record of their time spent and expenses incurred in connection with this litigation, and must be prepared to report at least quarterly their expenses and hours worked to Coordinating Lead Counsel. Failure to maintain records with sufficiently detailed

descriptions of the time spent and expenses incurred may be grounds for denying attorney's fees and/or expenses.

Those not serving in leadership positions must secure the express authorization of a Lead Counsel for any projects or work undertaken in this litigation.

The duties of Coordinating Lead Counsel and group cases Lead Counsel shall include:

1. Determine (after consultation with other Lead Counsel and members of the Executive Committee and/or Steering Committee, as appropriate) and present (in brief, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties, the position of the Plaintiffs or group of Plaintiffs on all matters arising during pretrial proceedings;

2. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs or group of Plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery;

3. Conduct settlement negotiations on behalf of Plaintiffs or group of Plaintiffs, but not enter binding agreements except to the extent expressly authorized;

4. Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for Plaintiffs or group of Plaintiffs is conducted effectively, efficiently, and economically;

5. Enter into stipulations with opposing counsel, necessary for the conduct of the litigation;

6. Prepare and distribute to the parties periodic status reports;

7. Maintain adequate time and disbursement records covering services of designated counsel and establish guidelines, for approval by the Court, as to the keeping of time records and expenses and the submission of such for the Court's in camera review;

8. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

9. Perform such other duties as may be incidental to proper coordination of Plaintiffs' or a group of Plaintiffs' pretrial activities or authorized by further Order of the Court; and

10. Submit, if appropriate, additional committees and counsel for designation by the Court.

The duties of Coordinating Liaison Counsel and group case Liaison Counsel shall include:

1. Maintain and distribute to co-counsel and to Defendants' counsel an up-to-date service list;

2. Receive and, as appropriate, distribute to co-counsel Orders from the Court and documents from opposing parties and counsel;

3. Maintain and make available to co-counsel and other Plaintiffs' counsel a complete electronic file of all documents served by or on each party; and

    4.    Organize and submit necessary documents to both the Court and the Clerk of Court.

Each of the appointments in this Order is for one year from the date of the Order. Appointees may apply to be reappointed when their term expires. In addition, each of the appointments in this Order is of a personal nature. The appointees cannot be substituted by other attorneys, including members of the appointee's law firm, to perform the functions set out herein, except with the Court's prior approval.

**B.    Preliminary Scheduling Matters**

The next status conference shall be held on Wednesday, June 25, at 10:00 a.m. in Courtroom 7D of the Warren E. Burger Federal Building and United States Courthouse, 316 N. Robert St., St. Paul, Minnesota. Plaintiffs need only be represented by Lead and Liaison Counsel at this conference.

The Court will consider the Executive Committee and Steering Committees' membership at the status conference. In addition, the parties shall meet and confer before the status conference and shall, at least one week before the conference, submit to the Court the following:

1. A Rule 26(f) report for each group of cases, including a case management schedule,

2. A proposed protective order, and

3. A proposed e-discovery plan.

The Court will enter a scheduling order expeditiously after the next status conference. Should the parties agree that lifting the discovery stay is appropriate before the June 25, 2014, status conference, they may proceed with initial disclosures and other discovery as agreed.

**IT IS SO ORDERED.**

Dated: May 15, 2014

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge