UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE TARGET CORPORATION § <br> CUSTOMER DATA SECURITY § <br> BREACH LITIGATION § <br> § <br> § <br> THIS DOCUMENT RELATES TO THE § <br> BANK CASES § | MDL No. 14-2522 (PAM/JJK) <br><br><br><br><br> JURY TRIAL DEMANDED |

### INDIVIDUAL PLAINTIFFS' EXPEDITED MOTION FOR LEAVE TO FILE A CONSOLIDATED AMENDED COMPLAINT

Pursuant to the July 3, 2014 letter from Coordinating Lead Counsel Karl Cambronne, Individual Plaintiffs Employees Credit Union, KC Police Credit Union, and American Bank of Commerce (collectively, the "Individual Plaintiffs") respectfully file this expedited motion for leave to file a consolidated amended complaint on behalf of individual plaintiff financial institutions desiring to prosecute their claims on an individual basis, rather than as part of the putative financial institution class action, and respectfully show the following.

### INTRODUCTION

On February 14, 2013, Individual Plaintiffs filed their Complaint against Defendant Target Corporation ("Target"), Cause No. 3:14-cv-00549-N, in the United States District Court for the Northern District of Texas, Dallas Division (Exhibit A).[1] The Multidistrict Litigation Panel ("JPML") subsequently transferred Individual Plaintiffs' case to this Court for coordinated or consolidated pretrial proceedings as part of MDL No. 2522.

---

[1] Although Individual Plaintiffs originally filed their case as a class action, they now believe their interests, and the interests of other similarly impacted financial institutions, will best be served by prosecuting their claims as individual plaintiffs (*i.e.*, up front opt-out plaintiffs), rather than remaining in the putative financial institution class action. Individual Plaintiffs' desire to prosecute their claims as individual claims was first communicated to the Court in counsel's case leadership application papers and counsel's exchange with the Court during the May 14, 2014 status conference.

1

Thereafter, the Court organized the litigation into three tracks: Consumer cases, Financial Institution cases, and Shareholder Derivative cases. On June 25, 2014, the Court entered a Pretrial Scheduling Order (Doc. #93) governing the Financial Institution cases wherein August 1, 2014 was established as the date by which a "Consolidated Complaint" must be filed. Unsure whether the term "Consolidated Complaint" is limited to a "Consolidated Amended Class Action Complaint," Individual Plaintiffs, out of an abundance of caution, sought guidance from Case Leadership. Individual Plaintiffs now file this expedited motion for leave to file a "Consolidated Amended Complaint" on behalf of financial institution plaintiffs desiring to litigate their claims on an individual basis, rather than as part of the putative financial institution class action.

## ARGUMENT

**A. The Court has broad discretion to organize the financial institution plaintiffs into two groups—individual, non-class plaintiffs and class plaintiffs—with two consolidated complaints.**

Although the JPML decides whether to transfer cases to a single district, "it is the province of the transferee judge to determine whether and to what extent the pretrial proceedings should be coordinated or consolidated." *See, e.g.*, *In re Equity Funding Corp. of America Sec. Litig.,* 375 F. Supp. 1378, 1384 (J.P.M.L. 1974). The transferee court "can employ any number of pretrial techniques" to manage a case efficiently—including organizing the financial institution plaintiffs into two groups with two consolidated complaints. *See In re Janus Mut. Funds Inv. Litig.,* 310 F. Supp. 2d 1359, 1361 (J.P.M.L. 2004).

As in any case, the district court has "great discretion" under the Federal Rules of Civil Procedure "to restructure an action to promote the efficient administration of justice." *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* 214 F.R.D. 152, 155 (S.D.N.Y. 2003); *see also* FED. R. CIV. P. 21 (severance); FED. R. CIV. P. 42(a) (consolidation). Any party has

2

standing to state its position regarding how that discretion should be exercised. *See, e.g., Garber v. Randall,* 477 F.2d 711, 717 (2d Cir. 1973); *Merrill Lynch,* 214 F.R.D. at 157.

Individual Plaintiffs respectfully assert they have the right to file and prosecute their claims on an individual, non-class basis. The MANUAL FOR COMPLEX LITIGATION (FOURTH) specifically recognizes Individual Plaintiffs' right to proceed in this manner:

> Class actions may be consolidated with cases brought by opt-outs or other individual plaintiffs. When this occurs, the judge must ensure that counsel for parties in the non–class actions have a fair opportunity to participate in the presentation of evidence and arguments at trial, particularly when their clients are primarily affected.

*Id.* § 11.631.

Nor is Individual Plaintiffs' request not "in keeping with the theory behind MDL practice" as suggested by Coordinating Lead Counsel's July 3 letter. Indeed, courts in MDL and other consolidated proceedings regularly organize individual, non-class plaintiffs and class action plaintiffs into separate groups with separate complaints. *See, e.g.*, *In re Brand Name Prescription Drug Antitrust Litig.*; MDL 997 (N.D. Ill.); *In re K-Dur Antitrust Litig.*; MDL 1419 (D.N.J.); *In re: Dynamic Random Access Memory (DRAM) Antitrust Litig.*; MDL No. 1486 (N.D. Cal.); *In re Chocolate Confectionary Antitrust Litig.;* MDL 1935 (M.D. Pa.); *In re Honey Transshipping Litigation;* No. 13 C 2905 (N.D. Ill.).[2]

The fundamental issue here is Individual Plaintiffs' right to litigate their claims on a non-class basis while represented by counsel of their choosing. *See, e.g., Texas Catastrophe Prop. Ins. Ass'n v. Morales*, 975 F.2d 1178, 1181 (5th Cir. 1992) ("The right to counsel in civil matters includes the right to choose the lawyer who will provide that representation.") (citation and

---

[2] Individual Plaintiffs' counsel have represented (or are representing) individual plaintiffs in several of these cases. Several lawyers and law firms appointed to the various leadership positions in this case have participated (or are participating) in these cases and other cases in which plaintiffs are organized in this manner.

3

quotation omitted). The parallel cooperative litigation between class plaintiffs and individual, non-class plaintiffs proposed here happens all day, every day in courts across the United States.

**B.  The financial institution plaintiffs should be organized into individual, non-class plaintiffs and class plaintiffs.**

**1.  Individual Plaintiffs assert cutting edge claims—RICO claims—that have never been asserted in a data breach case before, and are not asserted in any other complaint transferred to this proceeding—including any complaint filed by Case Leadership. Nor does Case Leadership appear inclined to assert RICO claims in the Consolidated Class Action Complaint. Individual Plaintiffs' RICO claims should be litigated from the outset of this proceeding.**

Of the 25+ Target data breach cases filed by financial institutions transferred to this court, Individual Plaintiffs' Complaint (Exhibit A) is the most comprehensive, asserting eleven causes of action. The Complaint also is unique because it asserts three causes of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, as amended ("RICO"). RICO has never before been asserted in a data breach case, nor is it asserted in any other complaint filed by any other financial institution in this MDL proceeding. As Target as has slowly doled out the facts of the Data Breach and its corporate culture, Individual Plaintiffs also have identified other potential RICO theories and RICO defendants.

In addition, certain financial institutions—such as Suncoast Credit Union[3]—have incurred substantial damages, and do not desire to simply be unnamed class members. Rather,

---

[3]  Suncoast Credit Union is the largest credit union in Florida and the eighth largest credit union in the United States. Suncoast Credit Union is also one of the financial institution plaintiffs in the *Heartland Payment Systems, Inc.* data breach litigation pending in federal court in Houston—in which the largest number of payment cards in history were compromised.

To date, Suncoast Credit Union has incurred over $500,000 of damages for payment card replacement costs and unauthorized charges it has absorbed as a result of the Target Data Breach. Although Suncoast Credit Union is not a named plaintiff in Individual Plaintiffs' Complaint filed in the Northern District of Texas (Exhibit A), it desires to prosecute its claims as an individual plaintiff in an amended consolidated complaint in this MDL proceeding.

4

they desire to prosecute their claims on an individual basis, requiring Target to address their unique fact and damage situations.

Under these circumstances, there should be two separate Financial Institution complaints—especially since Case Leadership has not given any indication that they intend to assert RICO claims in the Consolidated Class Action Complaint.[4]

> **2. Allowing Individual Plaintiffs to opt out of the putative class action now, and pursue their claims on an individual basis, will advance the litigation on behalf of all financial institution plaintiffs, afford the Court an opportunity to coordinate the financial institution plaintiff cases from the outset, and promote the interests of efficiency and judicial economy.**

The many cases acknowledging a transferee court's option to coordinate cases (rather than consolidate cases) recognize the opportunities for efficiencies in coordinated pretrial proceedings. The Court can enter procedural orders (*e.g.*, protective orders, e-discovery orders, etc.) that can apply to both complaints. *See, e.g., In re Urethane Antitrust Litig.,* No. 04-MD-1616-JWL, slip op. at 6 (D. Kan. Aug. 31, 2005) (contemplating coordinated discovery among two sets of cases ordered to proceed on separate tracks).

To the extent there is any overlap in documents produced in connection with the two complaints, appropriate pretrial orders would eliminate the need for multiple productions and adopt a unified numbering system. To the extent a witness has information about both

---

[4] Messrs. Coffman, Toups, and Blakey, Individual Plaintiffs' counsel, have a thorough knowledge of RICO and experience leading data breach cases—especially those on behalf of financial institutions. G. Robert Blakey wrote the federal RICO statute while on Capitol Hill in the 1970s, as well as numerous parallel state RICO statutes, and is recognized as one of the foremost RICO experts in the United States. *See, e.g.*, *Roma Const. Co. v. aRusso*, 96 F.3d 566, 577 n.6 (1st Cir. 1996) (describing Mr. Blakey as "the acknowledged author" of the federal RICO statute and of "excellent" commentaries on RICO application).

Collectively, Individual Plaintiffs' counsel have prosecuted and tried RICO cases, argued RICO cases in the Courts of Appeals, written federal and state RICO statutes, been involved in numerous landmark RICO cases, and written books and articles about RICO. To date, however, they have not been contacted by Case Leadership.

complaints, pretrial orders could require the witness to be questioned on both complaints during the same deposition. As the case progresses, there may be any number of opportunities for the Court to implement other coordinated procedures to avoid unnecessary duplication and promote efficiency in the discovery process and motion practice.

Allowing Individual Plaintiffs to file their own complaint at this stage of the litigation also would be the most efficient route to take. Individual Plaintiffs and other similar financial institutions ostensibly are members of the financial institution putative class. Assuming the Court ultimately certifies the class, Individual Plaintiffs will be given the opportunity to opt out. That being the case, it would be more efficient for them to opt out now, file their own complaint, and litigate the case alongside the financial institution class plaintiffs.

Coordinating written discovery, depositions, and motion practice with the financial institution class plaintiffs from the get go would be much more efficient for the Court, all Plaintiffs, and Target—as opposed to Individual Plaintiffs sitting on the sidelines biding their time, opting out of the financial institution class action down the road, filing a complaint, and conducting discovery and motion practice all over again—which, in turn, would require the Court and Target to incur substantially more time and spend substantially more resources to litigate the case a second time.

Allowing Individual Plaintiffs to file and litigate their complaint now also would give them and their counsel—who are experienced in leading data breach cases[5]—an opportunity to assist with shaping and prosecuting the litigation which, in turn, would provide an efficiency

---

[5] Relevant to this litigation, and in addition to serving as co-lead counsel in other data breach cases, Mr. Coffman is currently serving as court appointed co-lead class counsel for the financial institution plaintiffs in MDL No. 2046; *In re Heartland Payment Systems, Inc. Customer Data Security Breach Litigation* (S.D. Tex.), a data breach case involving the theft and compromise of over 130 million payment cards. Mr. Toups serves on the Steering Committee of the financial institution track in *Heartland*.

benefit to the Court and confer an experience benefit on all Financial Institution plaintiffs. Individual Plaintiffs' counsel's prior case leadership positions have required them to work cooperatively with other plaintiffs' counsel and opposing counsel to ensure the effective and efficient prosecution of such cases—which they will continue to do here should Individual Plaintiffs be allowed to file a complaint and prosecute their claims on an individual basis.

***

**WHEREFORE**, Individual Plaintiffs respectfully request the Court to (i) allow them to file an amended consolidated non-class complaint, and (ii) grant them such other and further relief to which they are justly entitled.

Date: July 6, 2014.

Respectfully submitted,

By: /s/ *Richard L. Coffman*
Richard L. Coffman
**THE COFFMAN LAW FIRM**
First City Building
505 Orleans St., Ste. 505
Beaumont, TX 77701
Telephone: (409) 833-7700
Facsimile: (866) 835-8250
Email: rcoffman@coffmanlawfirm.com

Mitchell A. Toups
**WELLER, GREEN TOUPS & TERRELL, LLP**
2615 Calder Ave., Suite 400
Beaumont, TX 77702
Telephone: (409) 838-0101
Facsimile: (409) 838-6780 (FAX)
Email: matoups@wgttlaw.com

G. Robert Blakey  
Professor of Law Emeritus  
Notre Dame Law School*  
7002 East San Miguel Ave.  
Paradise Valley, AZ 85253  
Telephone: (574) 514-8220  
Email: blakey.1@nd.edu  
* Noted for identification only

**ATTORNEYS FOR THE INDIVIDUAL PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on July 6, 2014, I electronically filed Individual Plaintiffs' Expedited Motion for Leave to File an Amended Consolidated Complaint with the United States District Court for the District of Minnesota. Notice of this filing will be sent to all counsel of record via CM/ECF.

By: /s/ *Richard L. Coffman*