# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Target Corporation Customer Data Security Breach Litigation<br><br>This Document Relates to:<br><br>All Financial Institution Cases | MDL No. 14-2522 (PAM/JJK) |

| |
|---|
| Umpqua Bank, Mutual Bank, Village Bank, CSE Federal Credit Union, and First Federal Savings of Lorain, individually and on behalf of a class of all similarly situated financial institutions in the United States,<br><br>                 Plaintiffs,<br><br>vs.<br><br>Target Corporation,<br><br>                 Defendant. |

## DEFENDANT'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Target Corporation ("Target") hereby answers Plaintiffs' Consolidated Class Action Complaint, dated August 1, 2014 (the "Complaint") as set forth below.

Any allegations in the Complaint not expressly admitted herein are denied.

1.     Target denies the allegations in paragraph 1.

2.       Target denies the allegations in paragraph 2.

3.       Target denies the allegations in paragraph 3.

4.       The allegation in paragraph 4 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 4 is required, Target states that it lacks knowledge or information sufficient to form a belief as to the truth of such allegation and, therefore, denies the same.

5.       The allegations in paragraph 5 set forth legal conclusions to which no response is required.  To the extent that a further response to the allegation in the first sentence of paragraph 5 is required, Target admits the same.  To the extent that a further response to the allegation in the second sentence of paragraph 5 is required, Target denies the same.

6.       The allegation in paragraph 6 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 6 is required, Target admits that its principal place of business is in this District, but denies that Plaintiffs have any actionable claims against Target and denies any remaining allegations in paragraph 6.

7.       Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 7 and, therefore, denies the same.

8.       Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 8 and, therefore, denies the same.

9.       Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 9 and, therefore, denies the same.

10.     Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 10 and, therefore, denies the same.

11.     Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 and, therefore, denies the same.

12.     Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and, therefore, denies the same.

13.     Target admits the allegation in paragraph 13.

14.     Target denies the allegations in paragraph 14.

15.     Target denies the allegations in paragraph 15.

16.     Target denies the allegation in paragraph 16.

17.     Target admits the allegation in the first sentence of paragraph 17.  Target denies the allegations in the second and third sentences of paragraph 17.  Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth, fifth, and sixth sentences of paragraph 17 and, therefore, denies the same.

18.     To the extent that the allegations in paragraph 18 merely purport to describe the Card Operating Regulations[1] and a contract between Target and its acquiring bank, Target states that the Card Operating Regulations and the contract are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, Target denies the allegations.  To the extent that a further response to the allegations in paragraph 18 is required, Target denies the same.

---

[1] Defined terms not defined herein shall have the meaning set forth in the Complaint.

19.     To the extent that the allegations in paragraph 19 merely purport to describe the content of the PCI DSS, Target states that the PCI DSS is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations.  To the extent that a further response to any remaining allegations in paragraph 19 is required, Target denies the allegations.

20.     To the extent the allegations in paragraph 20 merely purport to describe Minnesota state legislation, Target states that such legislation is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations.   Target denies any remaining allegations of paragraph 20.

21.     To the extent the allegation in the first sentence of paragraph 21 merely purports to quote or describe Minnesota's Plastic Card Security Act, Minn. Stat. § 325E.64 ("PCSA"), Target states that the PCSA is the best source of its full content and context and, to the extent such allegation does not accurately represent its full content and context, Target denies the allegation.  Target denies any remaining allegation in the first sentence of paragraph 21.  To the extent the allegation in the second sentence of paragraph 21 merely purports to quote or describe a document memorializing a statement from a representative of the Minnesota Credit Union Network, Target states that the document is the best source of its full content and context and, to the extent such allegation does not accurately represent the document's full content and context, Target denies the allegation.  Target states that it lacks knowledge or information sufficient to

form a belief as to the truth of any remaining allegation in the second sentence of paragraph 21 and, therefore, denies the same.

22.     Target denies the allegation in paragraph 22, but avers that Target was aware of its obligations regarding the collection and storage of information regarding its guests.

23.     Target denies the allegations in paragraph 23.

24.     Target denies the allegation in paragraph 24.

25.     Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the text of paragraph 25 and, therefore, denies the same. Target denies the allegation in the footnote to paragraph 25.

26.     Target denies the allegation in the first sentence of paragraph 26. To the extent the remaining allegations in paragraph 26 merely purport to quote or describe a FierceRetailIT newsletter, Target states that the newsletter is the best source of its full content and context and, to the extent such allegations do not accurately represent the newsletter's full content and context, Target denies the allegations. Target denies any remaining allegations in the second and third sentences of paragraph 26. Target states that it lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegation in the fourth sentence of paragraph 26 and, therefore, denies the same.

27.     Target denies the allegation in paragraph 27.

28.     Target denies the allegation in the first sentence of paragraph 28.  Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 28 and, therefore, denies the same.

29.     Target denies the allegation in the first sentence of paragraph 29.  To the extent the allegation in the second sentence of paragraph 29 merely purports to describe the content of certain "industry-wide memos," Target states that such "industry-wide memos" are the best source of their full content and context and, to the extent such allegation does not accurately represent their full content and context, Target denies the allegation.  Target states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegation in the second sentence of paragraph 29 and, therefore, denies the same.

30.     To the extent that the allegations in paragraph 30 merely purport to describe the content of documents issued by Visa in April and August of 2013 regarding RAM-scraping malware, Target states that the documents are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, Target denies the allegations.  Target denies any remaining allegations in paragraph 30.

31.     To the extent that the allegations in paragraph 31 merely purport to describe the content of documents issued by Visa in April and August of 2013 regarding RAM-scraping malware, Target states that the documents are the best source of their full content and context and, to the extent such allegations do not accurately represent their

full content and context, Target denies the allegations.   Target denies any remaining allegations in paragraph 31.

32.   To the extent that the allegation in the first sentence of paragraph 32 merely purports to describe the content of a document issued by Visa regarding RAM-scraping malware, Target states that the document is the best source of its full content and context and, to the extent such allegation does not accurately represent its full content and context, Target denies the allegation. Target denies any remaining allegation in the first sentence of paragraph 32.  Target denies the allegation in the second sentence of paragraph 32.

33.   Target denies the allegation in paragraph 33.

34.   Target denies the allegations in paragraph 34.

35.   Target denies the allegation in paragraph 35.

36.   Target denies the allegations in paragraph 36.

37.   Target denies the allegation in the first sentence of paragraph 37.  Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 37 and, therefore, denies the same.

38.   Target admits the allegations in paragraph 38.

39.   Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 39 and, therefore, denies the same.  Target denies the allegation in the second sentence of paragraph 39.

40.   Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, therefore, denies the same.

41.     Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through fourth sentences of paragraph 41 and, therefore, denies the same.  Target denies the allegation in the fifth sentence of paragraph 41.

42.     Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 42 and, therefore, denies the same.

43.     Target denies the allegations in paragraph 43.

44.     Target denies the allegation in the first sentence of paragraph 44, but avers that, on September 20, 2013, an independent, third-party Qualified Security Assessor issued a Report on Compliance that found Target to be fully compliant with the PCI DSS. The remaining allegations in paragraph 44 purport to quote or describe a Form 10-K that Target filed with the SEC on March 14, 2014 (the "Form 10-K"); Target admits that it filed a Form 10-K with the SEC on March 14, 2014 and states that the Form 10-K is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations.  Target denies any remaining allegations in paragraph 44.

45.     Target denies the allegation in paragraph 45.

46.     Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 46 and, therefore, denies the same.  Target denies the allegations in the second, third, and fourth sentences of paragraph 46.

47.     Target denies the allegations in the first and third sentences of paragraph 47. Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph 47, and, therefore, denies the same.

48.     Target denies the allegations in paragraph 48.

49.     Target denies the allegations in paragraph 49.

50.     Target denies the allegations in paragraph 50.

51.     To the extent the allegations in paragraph 51 merely purport to describe the content of a report from the U.S. Senate, Target states that the U.S. Senate report is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations.  Target denies any remaining allegations in paragraph 51.

52.     To the extent the allegations in paragraph 52 merely purport to describe the content of a report from the U.S. Senate, Target states that the U.S. Senate report is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations.  Target denies any remaining allegations in paragraph 52.

53.     Target denies the allegations in paragraph 53.

54.     Target denies the allegations in paragraph 54.

55.     Target denies the allegation in paragraph 55.

56.     Target denies the allegations in paragraph 56.

57.     Target denies the allegation in paragraph 57.

58.     To the extent the allegations in paragraph 58 merely purport to describe the content of a report from the U.S. Senate, Target states that the U.S. Senate report is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations.  Target denies any remaining allegations in paragraph 58.

59.     To the extent the allegations in paragraph 59 merely purport to describe the content of a report from the U.S. Senate, Target states that the U.S. Senate report is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations.  Target states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in the first and fourth sentences of paragraph 59 and, therefore, denies the same.  Target denies any remaining allegations in the second and or third sentences of paragraph 59.

60.     Target admits the allegation in the second sentence of paragraph 60, and denies the remaining allegations in paragraph 60.

61.     Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 61 and, therefore, denies the same.  To the extent the remaining allegations in paragraph 61 merely purport to quote or describe the content of a New York Times article, Target states that the New York Times article is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations.  Target further states that it lacks knowledge or information sufficient to form

10

a belief as to the truth of any remaining allegations in paragraph 61 and, therefore, denies the same.

62.    Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and, therefore, denies the same.

63.    Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 63 and, therefore, denies the same.    To the extent the allegation in the second sentence of paragraph 63 merely purports to quote or describe the content of an article by Brian Krebs, Target states that the article by Brian Krebs is the best source of its full content and context and, to the extent such allegation does not accurately represent its full content and context, Target denies the allegation.   Target further states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegation in the second sentence of paragraph 63 and, therefore, denies the same.

64.    Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 64 and, therefore, denies the same.

65.    Target denies the allegations in paragraph 65.

66.    Target denies the allegation in paragraph 66.

67.    Target denies the allegation in paragraph 67.

68.    Target denies the allegations in the text of paragraph 68.   The allegation in the footnote to paragraph 68 purports to quote or describe the congressional testimony of John Mulligan in February 2014; Target admits that John Mulligan testified before Congress in February 2014 and states that the transcript of such testimony provides the

best source of the testimony's full content and context and, to the extent such allegation does not accurately represent the transcript's full content and context, Target denies the allegation. Target denies any remaining allegation in the footnote to paragraph 68.

69.     Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and, therefore, denies the same.

70.     To the extent the allegation in the first sentence of paragraph 70 merely purports to describe the blogpost by Brian Krebs on December 18, 2013, Target states that the blogpost provides the best source of its full content and context and, to the extent such allegation does not accurately represent the transcript's full content and context, Target denies the allegation.  Target states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegation in the first sentence of paragraph 70 and, therefore, denies the same.  Target denies the allegations in the second, third, and fourth sentences of paragraph 70.

71.     The allegation in paragraph 71 purports to quote or describe Target's public disclosures on December 19, 2013 regarding the criminal intrusion into its network (the "Intrusion"); Target admits that it made public disclosures regarding the Intrusion on December 19, 2013 and states that the disclosures are the best source of their full content and context and, to the extent such allegation does not accurately represent their full content and context, Target denies the allegation.  Target denies any remaining allegation in paragraph 71.

72.     The allegations in the first and second sentences of paragraph 72 purport to quote or describe Target's public disclosures regarding the Intrusion; Target admits that it

made public disclosures regarding the Intrusion and states that the disclosures are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, Target denies the allegations.   The allegation in the third sentence of paragraph 72 purports to quote or describe a public disclosure by Gregg Steinhafel regarding the Intrusion; Target admits that Gregg Steinhafel made a public disclosure regarding the Intrusion, and states that the disclosure is the best source of its full content and context and, to the extent such allegation does not accurately represent its full content and context, Target denies the allegation.   Target denies any remaining allegations in paragraph 72.

73.     The allegation in paragraph 73 purports to quote or describe Target's public disclosures regarding the Intrusion; Target admits that it made public disclosures regarding the Intrusion and states that the disclosures are the best source of their full content and context and, to the extent such allegation does not accurately represent their full content and context, Target denies the allegation.   Target denies any remaining allegation in paragraph 73.

74.     The allegations in paragraph 74 purport to quote or describe Target's public disclosure on January 10, 2014 regarding the Intrusion; Target admits that it made a public disclosure regarding the Intrusion on January 10, 2014 and states that the disclosure is the best source of its full content and context and, to the extent such allegation does not accurately represent its full content and context, Target denies the allegation.   Target denies any remaining allegation in the first sentence in paragraph 74.

75.     Target denies the allegations in paragraph 75.

76.    Target denies the allegations in paragraph 76.

77.    To the extent the allegations in paragraph 77 merely purport to quote or describe a Bloomberg article, Target states that the Bloomberg article is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations.  Target denies any remaining allegations in paragraph 77.

78.    Target denies the allegation in the first sentence of the text of paragraph 78. To the extent the remaining allegations in paragraph 78 merely purport to quote or describe the content of a report from the U.S. Senate, Target states that the U.S. Senate report is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations. Target denies any remaining allegations in paragraph 78.

79.    To the extent the allegations in paragraph 79 merely purport to quote or describe a New York Times article or other news reports, Target states that the New York Times article and the other news reports are the best source of their full content and context and, to the extent such allegations do not accurately represent their full content and context, Target denies the allegations.  Target denies any remaining allegations in paragraph 79.

80.    To the extent the allegations in paragraph 80 merely purport to quote or describe a New York Times article or other publically available information, Target states that the New York Times article and the other publicly available information are the best source of their full content and context and, to the extent such allegations do not

accurately represent their full content and context, Target denies the allegations. Target denies any remaining allegations in the first through fourth sentences of paragraph 80. Target states that it lacks knowledge or information sufficient to form a belief as to any remaining allegation in the fifth sentence of paragraph 80 and, therefore, denies the same, and avers that any such statement, if made, would not have, and does not, accurately reflect Target's policies or practices.

81.     To the extent the allegations in paragraph 81 merely purport to quote or describe a New York Times article, Target states that the New York Times article is the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations. Target denies any remaining allegation in the first sentence of paragraph 81. Target states that it lacks knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 81 and, therefore, denies the same.

82.     Target denies the allegations in the first and second sentences of paragraph 82. The allegation in the third sentence of paragraph 82 purports to quote or describe the testimony of John Deters in *Todd v. Target Corp.*, No. 10-cv-05598 (N.D. Ill. 2011); Target admits that Mr. Deters provided deposition testimony in *Todd v. Target Corp.*, No. 10-cv-05598 (N.D. Ill. 2011), and states that the transcript from that deposition provides the best source of the full content and context of Mr. Deter's testimony and, to the extent such allegation does not accurately represent the transcript's full content and context, Target denies the allegation. To the extent the allegation in the fourth sentence in paragraph 82 merely purports to quote or describe a document regarding statements by

John Kindervag about the Intrusion, Target states that the document is the best source of its full content and context and, to the extent such allegation does not accurately represent the document's full content and context, Target denies the allegation. Target denies any remaining allegations in paragraph 82.

83.     Target denies the allegation in paragraph 83.

84.     Target admits that Beth Jacob, Target's former Chief Information Officer and the then-highest-ranking technology executive at Target, resigned on March 5, 2014 and that Target's former CEO, Gregg Steinhafel, resigned on May 5, 2014. Target denies the remaining allegations in paragraph 84.

85.     To the extent the allegations in the first through fourth sentences in paragraph 85 merely purport to describe a document including statements by Beth Givens regarding the Intrusion, Target states that the document provides the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations. Target states that it lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in the first through fourth sentences of paragraph 85 and, therefore, denies the same. Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the fifth sentence of paragraph 85 and, therefore, denies the same. Target denies the allegation in the sixth sentence of paragraph 85.

86.     Target denies the allegation in the first sentence of paragraph 86. Target states that it lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in the second and third sentences of paragraph 86 and, therefore, denies the same.

87.   Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 87 and, therefore, denies the same.   To the extent the allegation in the second sentence in paragraph 87 merely purports to quote or describe an article including statements by Alphonse R. Pascual regarding the Intrusion, Target states that the article provides the best source of its full content and context and, to the extent such allegation does not accurately represent its full content and context, Target denies the allegation.   Target denies any remaining allegation in the second sentence of paragraph 87.

88.   The allegation in paragraph 88 consists of a legal conclusion and Plaintiffs' characterization of their claims, to which no response is required.   To the extent that a further response to the allegation in paragraph 88 is required, Target denies the same, denies that it is appropriate for Plaintiffs to bring claims on behalf of a purported class, and denies that such a class may be certified under Rule 23 of the Federal Rules of Civil Procedure.

89.   The allegation in paragraph 89 consists of Plaintiffs' characterization of their terminology, to which no response is required.   To the extent that a further response to the allegation in paragraph 89 is required, Target denies the same and denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported FI Class.

90.   The allegation in Paragraph 90 consists of Plaintiffs' characterization of their terminology, to which no response is required.   To the extent that a further response

to the allegation in paragraph 90 is required, Target denies the same and denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported FI Class.

91.     Target states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 91 and, therefore, denies the same. Further answering, Target denies that it is appropriate for Plaintiffs to bring claims on behalf of the purported FI Class.

92.     The allegation in paragraph 92 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 92 is required, Target denies the same.

93.     The allegation in the first sentence of paragraph 93 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in the first sentence of paragraph 93 is required, Target denies the same. Target denies the allegation in the second sentence of paragraph 93.

94.     The allegation in paragraph 94 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 94 is required, Target denies the same.

95.     The allegations in paragraph 95 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 95 is required, Target denies the same.

96.     The allegation in paragraph 96 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 96 is required, Target denies the same.

97.    The allegations in paragraph 97 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 97 is required, Target denies the same.

98.    The allegation in paragraph 98 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 98 is required, Target denies the same.

99.    The allegations in paragraph 99 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 99 is required, Target denies the same.

100.    Target repeats and incorporates by reference each and every response to paragraphs 1 to 99 above.

101.    The allegation in paragraph 101 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 101 is required, Target denies the same.

102.    The allegation in paragraph 102 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 102 is required, Target denies the same.

103.    The allegation in the first sentence of paragraph 103 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in the first sentence of paragraph 103 is required, Target denies the same. Target denies the remaining allegations in paragraph 103.

104.   The allegation in the first sentence of paragraph 104 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in the first sentence of paragraph 104 is required, Target denies the same. Target denies the allegation in the second sentence of paragraph 104.

105.   The allegation in paragraph 105 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 105 is required, Target denies the same.

106.   The allegation in the first sentence of paragraph 106 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in the first sentence of paragraph 106 is required, Target denies the same. Target denies the allegation in the second sentence of paragraph 106.

107.   The allegation in paragraph 107 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 107 is required, Target denies the same.

108.   The allegation in paragraph 108 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 108 is required, Target denies the same.

109.   The allegations in paragraph 109 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 109 is required, Target denies the same.

110.    The allegations in paragraph 110 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegations in paragraph 110 is required, Target denies the same.

111.    The allegation in paragraph 111 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 111 is required, Target denies the same.

112.    Target repeats and incorporates by reference each and every response to paragraphs 1 to 111 above.

113.    The allegation in paragraph 113 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 113 is required, Target denies the same.

114.    The allegations in paragraph 114 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegation in the first sentence of paragraph 114 is required, Target denies the same.  To the extent that a further response to the allegation in the second sentence of paragraph 114 is required and the allegation merely purports to quote or describe a portion of the PCSA, Target states that the PCSA provides the best source of its full content and context and, to the extent the allegation in the second sentence of paragraph 114 does not accurately represent its full content and context, Target denies the allegation.  Target denies any remaining allegation in the second sentence of paragraph 114.

115.    The allegations in paragraph 115 set forth legal conclusions, to which no response is required.  To the extent that a further response to the allegation in the first

sentence of paragraph 115 is required, Target denies the same. To the extent that a further response to the remaining allegations in paragraph 115 is required and the allegations merely purport to quote or describe a portion of the PCSA, Target states that the PCSA provides the best source of its full content and context and, to the extent such allegations do not accurately represent its full content and context, Target denies the allegations. Target denies any remaining allegations in paragraph 115.

116.    Target admits the allegation in paragraph 116, but avers that it does not conduct business in the State of Minnesota in connection with all guest transactions.

117.    Target admits the allegation in paragraph 117.

118.    The allegation in paragraph 118 sets forth a legal conclusion, to which no response is required. To the extent that a further response to the allegation in paragraph 118 is required, Target denies the same.

119.    The allegation in paragraph 119 sets forth a legal conclusion, to which no response is required. To the extent that a further response to the allegation in paragraph 119 is required, Target denies the same.

120.    The allegation in paragraph 120 sets forth a legal conclusion, to which no response is required. To the extent that a further response to the allegation in paragraph 120 is required, Target denies the same.

121.    Target repeats and incorporates by reference each and every response to paragraphs 1 to 120 above.

122.    The allegation in paragraph 122 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 122 is required, Target denies the same.

123.    The allegation in paragraph 123 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 123 is required, Target denies the same.

124.    Target denies the allegation in paragraph 124.

125.    The allegation in paragraph 125 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 125 is required, Target denies the same.

126.    The allegation in paragraph 126 sets forth a legal conclusion, to which no response is required.  To the extent that a further response to the allegation in paragraph 126 is required, Target denies the same.

127.    The allegation in paragraph 127 requires no response because the Court entered an order dismissing Plaintiffs' negligent misrepresentation by omission claim on December 2, 2014.  To the extent that a further response to the allegation in paragraph 127 is required, Target repeats and incorporates by reference each and every answer to paragraphs 1 to 126 above.

128.    The allegation in paragraph 128 requires no response because the Court entered an order dismissing Plaintiffs' negligent misrepresentation by omission claim on December 2, 2014.  To the extent that a further response to the allegation in paragraph 128 is required, Target denies the same.

129.    The allegation in paragraph 129 requires no response because the Court entered an order dismissing Plaintiffs' negligent misrepresentation by omission claim on December 2, 2014.  To the extent that a further response to the allegation in paragraph 129 is required, Target denies the same.

130.    The allegation in paragraph 130 requires no response because the Court entered an order dismissing Plaintiffs' negligent misrepresentation by omission claim on December 2, 2014.  To the extent that a further response to the allegation in paragraph 130 is required, Target denies the same.

131.    The allegation in paragraph 131 requires no response because the Court entered an order dismissing Plaintiffs' negligent misrepresentation by omission claim on December 2, 2014.  To the extent that a further response to the allegation in paragraph 131 is required, Target denies the same.

132.    The allegation in paragraph 132 requires no response because the Court entered an order dismissing Plaintiffs' negligent misrepresentation by omission claim on December 2, 2014.  To the extent that a further response to the allegation in paragraph 132 is required, Target denies the same.

133.    The allegation in paragraph 133 requires no response because the Court entered an order dismissing Plaintiffs' negligent misrepresentation by omission claim on December 2, 2014.  To the extent that a further response to the allegation in paragraph 133 is required, Target denies the same.

134.    The allegation in paragraph 134 requires no response because the Court entered an order dismissing Plaintiffs' negligent misrepresentation by omission claim on

December 2, 2014.  To the extent that a further response to the allegation in paragraph 134 is required, Target denies the same.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Defense

The damages suffered by Plaintiffs, if any, were caused by the acts of others for whose conduct Target was not responsible, including but potentially not limited to the criminals who perpetrated the Intrusion and one or more of the payment card brands, and for whose actions Target cannot be found liable.

### Third Defense

By unnecessarily and unreasonably cancelling and reissuing their customers' payment cards in response to the Intrusion, or taking or failing to take other actions relative to the payment cards they issued, Plaintiffs (and/or third parties whose actions and inactions are attributable and/or imputable to Plaintiffs) negligently caused or contributed to any injury Plaintiffs allegedly have suffered.  Under the doctrine of contributory negligence, said negligent actions or inactions have eliminated Plaintiffs' ability to recover on their negligence and negligence *per se* claims.  Alternatively, under the doctrine of comparative fault, said negligent actions or inactions have eliminated or reduced Plaintiffs' ability to recover on their negligence and negligence *per se* claims.

### Fourth Defense

Plaintiffs (and/or third parties whose actions and inactions are attributable and/or imputable to Plaintiffs) negligently failed to implement certain policies or procedures, including but not limited to implementation of velocity controls and transaction limits, monitoring of international transactions, and use of "Advanced Authorization," "Falcon Fraud Manager," and/or "Risk Finder" fraud-detection software, all of which would have either eliminated or substantially reduced the risk of or from a data compromise event such as the one that allegedly occurred at Target or placed Plaintiffs in a position to more appropriately respond to such a data compromise event.   Under the doctrine of contributory negligence, said negligence has eliminated Plaintiffs' ability to recover on their negligence and negligence *per se* claims.   Alternatively, under the doctrine of comparative fault, said negligence has eliminated or reduced Plaintiffs' ability to recover on their negligence and negligence *per se* claims.

### Fifth Defense

Plaintiffs knew of the possibility that any payment card they issued could be the target of a successful criminal intrusion.   Plaintiffs' negligence and negligence *per se* claims are therefore barred by the assumption of risk doctrine.

### Sixth Defense

By willingly participating in a U.S. payment card system that, by its nature, cannot provide absolute security for payment cards and that creates an incentive for hackers to target U.S. merchants, Plaintiffs agreed to, and participated in, those actions which Plaintiffs claim to have caused injury or damages.   Since such participation and consent

were given knowingly and voluntarily, Plaintiffs' negligence and negligence *per se* claims are invalid.

### Seventh Defense

Plaintiffs' damages claims are barred to the extent they have failed to take steps to mitigate their alleged damages.

### Eighth Defense

Plaintiffs' damages claims are barred to the extent some or all of the efforts by Plaintiffs to mitigate their alleged damages were not reasonable.

### Ninth Defense

Plaintiffs' negligence and negligence *per se* claims are barred to the extent they are based on alleged payment card fraud resulting from the Intrusion that was caused by the intervening, supervening, or superseding acts of third-party criminals.

### Tenth Defense

Persons or entities other than Target, including but potentially not limited to the criminals who perpetrated the Intrusion and one or more of the payment card brands, tortiously caused or contributed to the damages Plaintiffs claim to have suffered. Therefore, any award made in favor of Plaintiffs must be reduced by an amount equal to the percentage of fault of such others in tortiously causing or contributing to the damages alleged in the Complaint.

### Eleventh Defense

Plaintiffs' PCSA and negligence *per se* claims are barred because Plaintiffs have failed to allege and cannot demonstrate that Target retained card security code data, PIN

verification code numbers, or the full contents of any track of magnetic stripe data after the authorization of any transaction or, in the case of PIN debit transactions, for more than 48 hours after authorization of any transaction, which was obtained during the Intrusion.

### Twelfth Defense

Plaintiffs' PCSA and negligence *per se* claims are barred to the extent they are based on the storage of data on Target's network by unauthorized third parties.

### Thirteenth Defense

Plaintiffs' PCSA claims are barred to the extent they are based underlying customer transactions at Target stores that were not located in Minnesota.

### Fourteenth Defense

Plaintiffs' damages claims under the PCSA are barred to the extent they are based on actions that Plaintiffs took in response to the Intrusion that were unreasonable.

### Fifteenth Defense

Plaintiffs' damages claims under the PCSA are barred to the extent Plaintiffs seek to recover any amounts recovered or available from any credit card company.

### Sixteenth Defense

Plaintiffs' negligence *per se* claim is barred because Plaintiffs fail to assert that Target violated a statute that was enacted for their benefit.

### Seventeenth Defense

The claims purportedly stated by Plaintiffs are barred, in whole or in part, by a lack of actual or proximate cause.

### Eighteenth Defense

Plaintiffs' negligence and negligence *per se* claims are barred because Target does not owe a common law duty of care to Plaintiffs.

### Nineteenth Defense

Plaintiffs' negligence and negligence *per se* claims are barred because Plaintiffs' alleged damages, if any, were not reasonably foreseeable.

### Twentieth Defense

Plaintiffs' negligence and negligence *per se* claims are barred because Plaintiffs did not suffer any damages or injuries that were caused by any act or omission of Target.

### Twenty-First Defense

Plaintiffs' damages claims are barred to the extent Plaintiffs seek reimbursement for the cost of cancelling and reissuing payment cards that Plaintiffs would have incurred in the ordinary course of business.

### Twenty-Second Defense

Some or all of the alleged damages claimed by Plaintiffs are not legally cognizable injuries.

### Twenty-Third Defense

Plaintiffs' claims may not properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

WHEREFORE, Target respectfully prays that this Court enter judgment: (i) dismissing the Complaint with prejudice; (ii) awarding Target its costs, disbursements,

and attorneys' fees; and (iii) awarding Target any such other relief as the Court deems just and appropriate.

Respectfully submitted,

Date:  January 15, 2015.

/s/ Wendy J. Wildung
Wendy J. Wildung, #117055
Michael A. Ponto, #203944
**FAEGRE BAKER DANIELS LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
P:  (612) 766-7000
F:  (612) 766-1600 (Facsimile)
wendy.wildung@faegrebd.com
michael.ponto@faegrebd.com

Douglas H. Meal, MA #340971*
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, MA  02199-3600
P:  (617) 951-7500
F:  (617) 951-7050
Douglas.Meal@ropesgray.com

Michelle Visser, CA #277509*
**ROPES & GRAY LLP**
Three Embarcadero Center
San Francisco, CA 94111-4006
P:  (415) 315-6300
F:  (415) 315-6350
Michelle.Visser@ropesgray.com

*Admitted *pro hac vice* per Pretrial Order No. 1

*Attorneys for Defendant Target Corporation*

US.55577051.01

30