# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:  Target Corporation Customer Data Security Breach Litigation, | MDL No. 14-2522 (PAM/JJK) |
| This document relates to the Consumer Cases. | |

**SETTLEMENT AGREEMENT AND RELEASE**

**TABLE OF CONTENTS**

**Page(s)**

RECITALS ...................................................................................................... 1

1.  DEFINITIONS ........................................................................................ 4

2.  SETTLEMENT PROCEDURES .......................................................... 7

3.  THE SETTLEMENT CLASS ............................................................... 8

4.  NOTICE, OPT OUTS, AND OBJECTIONS ....................................... 10

5.  CONSIDERATION ............................................................................... 11

6.  RELEASE OF CLAIMS ........................................................................ 14

7.  SERVICE PAYMENTS, ATTORNEYS' FEES AND LITIGATION EXPENSES AND REIMBURSEMENTS ................................................. 17

8.  SETTLEMENT ADMINISTRATOR'S REPORTING OBLIGATIONS ................. 18

9.  CONTINGENCIES; TERMINATION .................................................. 18

10. CONTINUING JURISDICTION .......................................................... 18

11. PUBLICITY ........................................................................................... 19

12. NOTICES ............................................................................................... 20

13. MISCELLANEOUS ............................................................................... 20

14. REPRESENTATIONS AND WARRANTIES ...................................... 21

**EXHIBITS**

DISTRIBUTION PLAN .................................................................... EXHIBIT 1

FINAL JUDGMENT .......................................................................... EXHIBIT 2

NOTICES ...................................................................................... EXHIBITS 3-5

NOTICE PLAN .................................................................................. EXHIBIT 6

PRELIMINARY APPROVAL ORDER ............................................. EXHIBIT 7

i

**TABLE OF CONTENTS**

SETTLEMENT CLASS REPRESENTATIVES LIST.....................................EXHIBIT 8

NOTICE REQUIRED UNDER 28 U.S.C. § 1715...........................................EXHIBIT 9

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made as of March _9_, 2015, by and among the following parties, as hereinafter defined: (a) Settlement Class Representatives, on behalf of themselves and the putative class members in the Consumer Actions, by and through Settlement Class Counsel; and (b) Target Corporation ("Target"), by and through its undersigned counsel ("Target's Counsel"). Settlement Class Representatives and Target are the "Parties" or a "Party."

### RECITALS

WHEREAS, on December 19, 2013, Target announced that it had been the victim of a criminal attack on its computer network by third-party intruders who stole credit and debit card information and contact information of Target guests (the "Intrusion");

WHEREAS, the Settlement Class Representatives are plaintiffs in the Consumer Actions filed against Target alleging common law claims and violations of state laws based on Target's allegedly inadequate data security and Target's alleged delay in notifying them of the Intrusion;

WHEREAS, on April 2, 2014, the Judicial Panel on Multidistrict Litigation ("MDL Panel") granted a motion for consolidation for coordinated pretrial proceedings and subsequently transferred the cases identified in the motion, as well as all tag-along cases, to the United States District Court for the District of Minnesota;

1

WHEREAS, all of the Consumer Actions filed against Target have been consolidated in accordance with the MDL Panel's transfer orders and currently are a part of the MDL proceedings pending in the Court;

WHEREAS, the named plaintiffs in the Consumer Actions filed Consumer Plaintiffs' First Amended Consolidated Class Action Complaint ("Consumer Complaint"), Target moved to dismiss the Consumer Complaint, and the Court granted the motion in part and denied the motion in part by Order dated December 19, 2014;

WHEREAS, Target denies:  (a) the allegations and all liability with respect to any and all facts and claims alleged in the Consumer Actions; (b) that the Settlement Class Representatives in the Consumer Actions and the class they purport to represent have suffered any damage; and (c) that the Consumer Actions satisfy the requirements to be tried as a class action under Federal Rule of Civil Procedure 23;

WHEREAS, the Settlement Class Representatives and Settlement Class Counsel in the Consumer Actions have concluded, despite their belief in the merits of their claims, that the Settlement Class has been injured and suffered damages and that the Consumer Actions satisfy the requirements to be tried as a class action under Federal Rule of Civil Procedure 23, after discovery and investigation of the facts and after carefully considering the circumstances of the Consumer Actions, including the possible legal and factual defenses thereto, that it would be in the best interests of the Settlement Class (as hereinafter defined) to enter into this Agreement, which interests include the substantial value to be derived by this settlement and the interest in avoiding the uncertainties of

2

litigation and assuring that the benefits reflected herein are obtained for the Settlement Class;

WHEREAS, Target, despite its belief that it has valid and complete defenses to the claims asserted against it, has nevertheless agreed to enter into this Agreement to reduce and avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation and thereby to resolve any controversy;

WHEREAS, the Parties believe that this Agreement is fair, reasonable, and adequate because, among other things:  (a) it provides for certification of a Settlement Class, even though the Court has not yet determined whether the Consumer Actions could properly be brought as a class action, and Target maintains that class certification for trial purposes would not be proper under Federal Rule of Civil Procedure 23; and (b) it provides for significant benefits for Settlement Class Members; and

WHEREAS, the settlement set forth in this Agreement is a product of sustained, arm's length negotiations conducted in numerous mediation sessions before The Honorable Arthur J. Boylan, former Chief Magistrate Judge for the United States District Court for the District of Minnesota;

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein and without:  (a) any admission or concession on the part of Settlement Class Representatives or Settlement Class Counsel of the lack of merit of the Consumer Actions; or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Target,

IT IS HEREBY STIPULATED AND AGREED by the Parties, that the Consumer Actions, and the claims set forth in sections 6.1, 6.2, and 6.3, be settled, compromised, and dismissed on the merits and with prejudice as to Target, subject to Court approval as required by Federal Rule of Civil Procedure 23, on the following terms and conditions:

## 1.   DEFINITIONS

As used in this Agreement, the terms set forth in this section in boldface type will have the following meanings:

**1.1**   **Agreement or Settlement Agreement.**  This document, including all exhibits.

**1.2**   **Class Members or Class.**  All persons in the United States whose credit or debit card information and/or whose personal information was compromised as a result of the data breach that was first disclosed by Target on December 19, 2013, excluding the Court and the officers and directors of Target.

**1.3**   **Consumer Actions.**  The actions brought on behalf of consumers against Target relating to the Intrusion that were consolidated for pretrial purposes in the matter entitled *In re Target Corporation Customer Data Security Breach Litigation*, MDL No. 14-2522 (PAM/JJK).

**1.4**   **Court.**  The Honorable Paul A. Magnuson, United States District Court Judge, District of Minnesota, or such other judge to whom the Consumer Actions may hereafter be assigned.

4

**1.5     Distribution Plan.**  The plan, substantially in the form of Exhibit 1, for distributing the Settlement Funds to Settlement Class Members who submit valid Proof of Claim forms.

**1.6     Effective Date.**  The first date after which the following events and conditions have occurred: (a) the Court has entered a Final Judgment; and (b) the Final Judgment has become final in that the time for appeal or writ has expired or, if any appeal and/or petition for review is taken and the settlement is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired.  If the Final Judgment is set aside, materially modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the judgment shall not be a Final Judgment.

**1.7     Final Approval Hearing.**  The hearing held by the Court to consider evidence and argument for the purpose of determining whether to enter the Final Judgment, and evaluating Settlement Class Counsel's Fee Request and request for an award of service payments to the Settlement Class Representatives.

**1.8     Final Judgment**.  The final judgment and order of dismissal with prejudice to be entered by the Court substantially in the form attached as Exhibit 2 hereto.

**1.9     Intrusion.**  The data breach first disclosed by Target on December 19, 2013.

**1.10    Notices.**  The information, substantially in the form of Exhibits 3-5, to be provided to Class Members pursuant to the Notice Plan.

**1.11    Notice Plan.**  The settlement notice program developed by the Settlement Administrator substantially in the form attached as Exhibit 6.

5

**1.12   Preliminary Approval Order**.  The Order of Preliminary Approval of Settlement to be entered by the Court substantially in the form attached as Exhibit 7 hereto.

**1.13   Released Parties**.  Target and its present, former, and future parents, subsidiaries, affiliates, divisions, associates, agents, successors, predecessors, assignors, assignees, and/or assigns, and each of their respective present, former or future, officers, directors, shareholders, insurers, agents and employees.

**1.14   Releasing Parties.**  The Settlement Class Representatives, all other Settlement Class Members, and their respective heirs, executors, administrators, representatives, agents, partners, successors, and assigns.

**1.15   Service Payment.**  One-time payments to the Settlement Class Representatives as set forth in section 7.1.

**1.16   Settlement Administrator**.  Subject to Court approval, Rust Consulting, Inc.

**1.17   Settlement Class Counsel.**  The Consumer Plaintiffs' Lead Counsel (Vincent Esades, Heins Mills & Olson, PLC); Steering Committee (Ariana Tadler, Milberg LLP, Norman E. Siegel, Stueve Siegel Hanson LLP, Daniel Girard, Girard Gibbs LLP); Consumer Representative on the Executive Committee (John Yanchunis, Morgan & Morgan Complex Litigation Group); and Consumer Plaintiffs' Liaison Counsel (Michelle Drake, Nichols Kaster PLLP).

**1.18   Settlement Class Escrow Account.**  The account described in section 5.1.1 of this Agreement.

6

**1.19   Settlement Class Members or Settlement Class**.  All persons who fall within the Settlement Class to be certified pursuant to section 3.1.

**1.20   Settlement Class Representatives**.  The named plaintiffs in the Consolidated Class Action Complaint filed in the Consumer Actions listed on attached Exhibit 8.

**1.21   Settlement Payment or Settlement Fund.**  $10 million dollars ($10,000,000), which is the limit and extent of Target's monetary obligations for the payment of benefits to Settlement Class Members and service payments to the Settlement Class Representatives.

## 2.   SETTLEMENT PROCEDURES

**2.1**   As soon as possible after the execution of this Agreement, the Settlement Class Representatives shall move the Court for a Preliminary Approval Order substantially in the form of Exhibit 7.  If the Court makes any material modification to the terms of the Preliminary Approval Order, any Party may terminate this Agreement by providing written notice of termination to counsel for all other Parties and to the Court no later than 7 days after entry of the order.  In the event any Party exercises its right under this section and terminates this Agreement, all obligations under this Agreement shall cease to be of any force and effect, this Agreement shall be rescinded, cancelled, and annulled, and the Parties shall return to their respective positions in the manner and effect as set forth in section 3.2 of this Agreement.

**2.2**   At the time of the submission of this Agreement to the Court as described in the previous section, the Settlement Class Representatives shall request that, after notice is

given to Class Members in accordance with the Notice Plan, the Court hold the Final

Approval Hearing and approve the settlement of the Consumer Actions as set forth herein.

**2.3**   At least 21 days before the deadline for Settlement Class Members to file

objections to the settlement, Settlement Class Counsel shall file with the Court, and serve

upon Target:  (a) their motion for an award of attorneys' fees and expenses ("Fee

Request"); and (b) any applications by Settlement Class Representatives for awards of

Service Payments from the Settlement Fund.

**2.4**   At the Final Approval Hearing, the Parties will request that the Court enter

a Final Judgment substantially in the form of Exhibit 2.

## 3.   THE SETTLEMENT CLASS

**3.1   Settlement Class.**  For settlement purposes only, the Parties agree that the

Court should certify a Settlement Class in the Consumer Actions pursuant to Fed. R. Civ.

P. 23(b)(3), defined as follows:

> All persons in the United States whose credit or debit card information
> and/or whose personal information was compromised as a result of the data
> breach that was first disclosed by Target on December 19, 2013.
>
> Excluded from the class are the Court, the officers and directors of Target,
> and persons who timely and validly request exclusion from the Settlement
> Class.

The Settlement Class Representatives will move for certification of the Settlement Class

contemporaneously with their motion for preliminary approval of this settlement.  Target

agrees not to contest certification of the Settlement Class but reserves the right to contest

any motion to certify a class for any purpose other than settlement of the Consumer

Actions.  Any Class Member who is not excluded from the Settlement Class under

8

section 4.4.1 shall, on entry of the Final Judgment, become a Settlement Class Member.

If the Court certifies any class or enters any orders relating to the Settlement Class

Representatives and Settlement Class Counsel, such actions shall not be an adjudication

of any fact or issue for any purpose other than the effectuation of this Agreement and

shall neither be considered as law of the case or *res judicata* nor have collateral estoppel

effect in this or any other proceeding.

**3.2    Decertification of the Settlement Class if Settlement Not Approved.**  If

the Court does not enter the Final Judgment without material modification, or if the Final

Judgment is reversed in whole or in part on appeal, certification of the Settlement Class

will be vacated, and the Parties will be returned to their positions *status quo ante* with

respect to the Consumer Actions as if the settlement had not been entered into.  In the

event that Final Judgment is not achieved, (a) any court orders preliminarily or finally

approving the certification of any class contemplated by the settlement and any other

orders entered pursuant to the Agreement shall be null, void, and vacated, and shall not be

used or cited thereafter by any person or entity in support of claims or defenses or in

support or in opposition to a class certification motion; and (b) this Agreement will

become null and void**,** and the fact of this settlement, that Target did not oppose the

certification of any class under the settlement, or that the Court approved the certification

of a Settlement Class, shall not be used or cited thereafter by any person or entity,

including in any contested proceeding relating to the certification of any class.

4.     **NOTICE, OPT OUTS, AND OBJECTIONS**

**4.1**     **Manner of Giving Notice to the Class.**   Pursuant to the Preliminary

Approval Order, the Settlement Administrator will provide notice to Class Members in

accordance with the Notice Plan.

**4.2**     **Other Required Notice.**   Target will serve the notice required under 28

U.S.C. § 1715, in the form attached as Exhibit 9.

**4.3**     **Payment of Expenses Relating to Notice.**   Target shall pay all expenses

associated with providing notice to Class Members including, but not limited to, the

Settlement Administrator's fees.   These payments shall be made separate and apart from

the Settlement Payment.

**4.4**     **Opt-Outs by Class Members**.

**4.4.1**   **Procedures for Opt Outs**.   The Parties will request that the Court

order procedures for Class Members to request to be excluded from the Settlement Class

("opt out") in accordance with the provisions in the Preliminary Approval Order attached

as Exhibit 7.   Each Class Member who does not submit a valid request to opt out shall

remain in the Settlement Class and shall be bound by the settlement and release provided

in this Agreement.   Within 7 days of the date set forth in the Notices by which opt out

requests must be postmarked, the Settlement Administrator shall send copies of all

requests to opt out to Settlement Class Counsel and to Target's Counsel.

**4.4.2**   **Effect of Opt Outs by Class Members**.   If more than 5,000 Class

Members submit valid requests to opt out of the Settlement Class, Target may terminate

this Agreement by providing written notice of termination to Settlement Class Counsel

10

and to the Court no later than 7 days before the Final Approval Hearing.  In the event

Target exercises its right under this section and terminates this Agreement, all obligations

under this Agreement shall cease to be of any force and effect, this Agreement shall be

rescinded, cancelled, and annulled, and the Parties shall return to their respective

positions in the manner and effect as set forth in section 3.2 of this Agreement.

### 4.5     Objections by Settlement Class Members

**4.5.1   Procedure for Objections.**  The Parties will request that the Court

order procedures for Settlement Class Members to object to or oppose the approval of the

settlement set forth in the Agreement, for an award of Service Payments to Settlement

Class Representatives, and/or the Fee Request in accordance with the provisions in the

Preliminary Approval Order.

## 5.     CONSIDERATION

### 5.1     Distribution of Monetary Benefits to Settlement Class Members.

Settlement Class Members shall be eligible to receive monetary benefits in accordance

with the Distribution Plan.

**5.1.1   Settlement Class Escrow Account.**  Within 10 business days of the

Effective Date, Target shall pay the Settlement Payment into the Settlement Class Escrow

Account.  The money in the Settlement Class Escrow Account shall be a Court-approved

Qualified Settlement Fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1.

Settlement Class Counsel, on behalf of the Settlement Class, shall be responsible for all

administrative, accounting and tax compliance activities in connection with the

Settlement Class Escrow Account and the monies deposited into the Settlement Class

11

Escrow Account, including any filing necessary to obtain Qualified Settlement Fund status pursuant to Treas. Reg. § 1.468B-1.  Target shall provide to Settlement Class Counsel any documentation necessary to facilitate obtaining Qualified Settlement Fund status for the Class Escrow Account pursuant to Treas. Reg. § 1.468B-1.  All taxes on income or interest generated by the Settlement Class Escrow Account, if any, shall be paid out of the Settlement Class Escrow Account.

**5.1.2   Distributing the Settlement Class Escrow Account.**  The Settlement Class Escrow Account shall be used to: (a) pay any taxes due on the account, as set forth in section 5.1.1; (b) pay such Service Payments as the Court may award; and (c) make payments to Settlement Class Members in accordance with the Distribution Plan, and as approved by the Court.

**5.1.3   Distribution of Remaining Funds.**  No portion of the Settlement Class Escrow Account will be returned to Target.  Any amounts remaining in the Settlement Class Escrow Account after all distributions provided in section 5.1.2 shall be distributed by the Settlement Administrator as directed by the Court.

**5.1.4   Payment of Expenses Relating to Benefit Distribution.**  Target shall pay all expenses associated with administration of the Distribution Plan including, but not limited to, the Settlement Administrator's fees.  These payments shall be made separate and apart from the Settlement Payment.

**5.1.5   All Claims Satisfied.**  Each Settlement Class Member shall look solely to the consideration described in this Agreement for satisfaction of all Released Claims.

5.1.6   After the Effective Date, Target and its insurers shall have no responsibility, financial obligation, or liability whatsoever with respect to the investment or distribution of the Settlement Fund, or with respect to the administration of the settlement or the Settlement Fund, except for Target's obligation to pay expenses as set forth in section 5.1.4 above.

**5.2     Non-Monetary Relief.**  Target agrees to implement the following measures within 10 business days of the Effective Date, and agrees that such measures will be maintained for five years from the Effective Date:

5.2.1   **Chief Information Security Officer.**  Target will designate a high level executive to coordinate and be responsible for its information security program entrusted with the protection of consumers' personally identifiable information.

5.2.2   **Maintain a written information security program.**  Target will identify internal and external risks to the security of its consumers' personally identifiable information that could result in unauthorized access to the company's system, and periodically review the sufficiency of any safeguards in place to control these risks. Target will develop security metrics that measure its security program and will ensure that such metrics are periodically reviewed and approved by senior leadership.

5.2.3   **Maintain a process to monitor for information security events and to respond to such events determined to present a threat.**  Target will design and implement reasonable safeguards to control information security risks, including through reasonable and appropriate software security testing.

13

**5.2.4   Provide security training to Target employees.**  Target will implement a program to educate and train relevant employees of the importance of the security of consumers' personally identifying information.

## 6.   RELEASE OF CLAIMS

**6.1   Release of Settlement Class Claims.**  As of the Effective Date, each Releasing Party will be deemed to have completely released and forever discharged the Released Parties, and each of them, from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees (except as otherwise provided herein), losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, that were alleged or asserted against any of the Released Parties in the Consumer Actions or that could have been alleged or asserted against any of the Released Parties arising out of the same nucleus of operative facts as any of the claims alleged or asserted in the Consumer Actions ("Released Claims"), including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged in the Consumer Actions or in any pleading or other paper filed with any court in the underlying Consumer Actions, and the disclosures and/or notices that Target made or failed to make to the Settlement Class Representatives or the other Settlement Class Members about the Intrusion.

**6.2     Release of Claims of Settlement Class Representatives, other Settlement Class Members, and Settlement Class Counsel.**  As of the Effective Date, the Released Parties will be deemed to have completely released and forever discharged the Settlement Class Representatives, the other members of the Settlement Class, and Settlement Class Counsel from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Consumer Actions.

**6.3     Unknown Claims.**  For purposes of the releases set forth in sections 6.1 and 6.2 and the Final Judgment, "unknown claims" means claims that the Releasing Parties do not know or suspect to exist in their favor at the time of their granting a release, which if known by them might have affected their settlement of the Consumer Actions.  It is the intention of the Parties and the Settlement Class Members that, upon the Effective Date, each of the Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted (a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, federal law, or principle of common law which is similar, comparable, or equivalent to section 1542 of the California Civil Code, the provisions, rights and benefits of any statute or law which might otherwise render a general release

15

unenforceable with respect to unknown claims.  Section 1542 of the California Civil Code reads:

> Section 1542.  <u>General Release, extent</u>.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Each of the Releasing Parties shall be deemed to have acknowledged, and by operation of the Final Judgment acknowledges, that he/she/it is aware that he/she/it may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Released Claims, but it is his/her/its intention to, and each of them shall be deemed upon the Effective Date to have, waived and fully, finally, and forever settled and released any and all Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

**6.4     Bar to Future Suits.**  Upon entry of the Final Judgment, the Settlement Class Representatives and other Settlement Class Members shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Judgment.  It is further agreed that the settlement may be pleaded as a complete defense to any proceeding subject to this section.

7.    **SERVICE PAYMENTS, ATTORNEYS' FEES AND LITIGATION EXPENSES AND REIMBURSEMENTS**

**7.1    Service Payments.**  The Settlement Class Representatives may apply to the Court for an award of Service Payments.  Any Service Payments awarded will be paid from the Settlement Fund.

**7.2    Attorneys' Fees.**  Target will pay any attorneys' fees and expenses awarded by the Court to Settlement Class Counsel separate and apart from the Settlement Fund. Settlement Class Counsel's Fee Request will not exceed $6.75 million ($6,750,000).  The finality or effectiveness of the settlement will not be dependent on the Court awarding Settlement Class Counsel any particular amount on their Fee Request.  Target reserves the right to object to the Fee Request; provided, however, that Target waives its right to appeal if the amount awarded by the Court on the Fee Request does not exceed $6.75 million ($6,750,000).

**7.3    Payment Procedure.**  Target will pay any attorneys' fees and expenses awarded by the Court to Settlement Class Counsel within 15 business days of the later of: (a) the Effective Date; or (b) receipt by Target of the Settlement Class Counsel's completed W-9 forms.

**7.4    No Additional Amounts Due.**  Target shall not be liable for any additional attorneys' fees and expenses of Settlement Class Counsel or the Settlement Class Representatives in the Consumer Actions.

8.      **SETTLEMENT ADMINISTRATOR'S REPORTING OBLIGATIONS**

**8.1    Declaration In Support of Final Approval.**  No later than 14 days before the Final Approval Hearing date, the Settlement Administrator will file with the Court a sworn declaration verifying that notice was provided to Class Members as required in the Preliminary Approval Order and including a list of the Class Members who validly opted out of the Settlement Class as set forth in section 4.4.1 above.

9.      **CONTINGENCIES; TERMINATION**

**9.1    Contingencies.**  This Agreement shall be deemed terminated and cancelled, and shall have no further force and effect whatsoever, if: (a) there is no Effective Date; (b) the Court fails to enter a Preliminary Approval Order substantially in the form attached as Exhibit 7; (c) the Court fails to enter Final Judgment substantially in the form attached as Exhibit 2; or (d) Target elects to terminate pursuant to section 4.4.2 above.

**9.2    Effect of Termination.**  In the event that this Agreement is voided, terminated or cancelled, or fails to become effective for any reason whatsoever, then the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and they shall proceed in all respects as if this Agreement, its exhibits, and any related agreements or orders, had never been executed or entered.

10.     **CONTINUING JURISDICTION**

**10.1   Continuing Jurisdiction.**  The Court shall retain jurisdiction to enforce this Agreement's terms and the Final Judgment.

11.   **PUBLICITY**

In issuing public statements, including responding to any inquiries from the public media concerning the Consumer Actions and/or the settlement of the Consumer Actions, the Settlement Class Representatives, Settlement Class Counsel, Target, and Target's Counsel will limit their statements to promoting the virtues of the settlement or other statements that comport with all the pleadings, the Notices, the Agreement, and the court orders in the Consumer Actions.  Settlement Class Representatives and Settlement Class Counsel shall not engage in any conduct or make any statement, directly or indirectly, that the settlement of claims contemplated by this Agreement constitutes an admission of liability or an admission of the validity or accuracy of any of the allegations in the Consumer Actions by Target.  However, nothing shall limit (a) the ability of Settlement Class Counsel to communicate privately with a Settlement Class Member concerning the settlement; and (b) the ability of Target or its successors to make such public disclosures as the federal securities laws require or to provide information about the settlement to state and federal regulators, other government officials, or its insurers/reinsurers.

12.    **NOTICES**

Any communication, verification, or notice sent by any Party in connection with

this Agreement shall be sent by email and overnight mail as follows:

**To Plaintiffs:**
Vincent J. Esades
HEINS MILLS & OLSON PLC
310 Clifton Avenue
Minneapolis, Minnesota  55403

**To Target:**
David F. McDowell
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543

Carter Leuty
TARGET CORPORATION
TPS-3155
1000 Nicollet Mall
Minneapolis, MN 55403

13.    **MISCELLANEOUS**

**13.1   Entire Agreement.**  This Agreement contains the entire agreement between

the Parties and supersedes all prior understandings, agreements, or writings regarding the

subject matter of this Agreement.

**13.2   No Liability.**  This Agreement does not constitute, is not intended to

constitute, and will not under any circumstances be deemed to constitute, an admission of

wrongdoing or liability by any Party, such wrongdoing and liability being expressly

denied and no final adjudication having been made.  The Parties have entered into the

Agreement solely as a compromise of all claims for the purpose of concluding the disputes

between them, and the Agreement may not be used by any third party against any Party.

Pursuant to Federal Rule of Evidence 408, the entering into and carrying out of the

Agreement, and any negotiations or proceedings related to it, shall not be construed as, or

20

deemed evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

**13.3   Amendment.** This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

## 14.   REPRESENTATIONS AND WARRANTIES

**14.1   No Additional Persons with Financial Interest**.  Target shall not be liable for any additional attorneys' fees and expenses of any Settlement Class Members' counsel, including any potential objectors or counsel representing a Settlement Class Member individually, other than what is expressly provided for in this Agreement. Settlement Class Counsel agree to hold Target harmless from any claim that the term "Settlement Class Counsel" as defined in section 1.17 of this Agreement fails to include any person or firm who claims that they are entitled to a share of any attorneys' fees awarded to Settlement Class Counsel in this lawsuit.

**14.2   Parties Authorized to Enter into Agreement**.  Each person executing this Agreement represents and warrants that he or she is fully authorized to enter into this Agreement and to carry out the obligations provided for herein.  Each person executing this Agreement on behalf of Settlement Class Representatives or Target covenants, warrants and represents that he or she is and has been fully authorized to do so by the Settlement Class Representatives or Target.  Each Settlement Class Representative and

21

Target hereto further represents and warrants that they intend to be bound fully by the terms of this Agreement.

**14.3   Best Efforts.**  The Settlement Class Representatives and Target agree that the terms of the Agreement reflect a good-faith settlement of disputed claims.  They consider the settlement effected by this Agreement to be fair and reasonable and will use their best efforts to seek preliminary approval, and if granted, final approval of the Agreement by the Court, including in responding to any objectors, intervenors or other persons or entities seeking to preclude entry of the Final Judgment and, if the settlement is granted final approval, to effectuate the settlement's terms.  They each represent and warrant that they have not made, nor will they (a) attempt to void this Agreement in any way, or (b) solicit, encourage, or assist in any fashion any effort by any person (natural or legal) to object to the settlement under this Agreement.

**14.4   Time Periods**.  The time periods and dates described in this Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Settlement Class Counsel and Target's Counsel.

**14.5   Governing Law.**  This Agreement is intended to and shall be governed by the laws of the State of Minnesota without regard to its choice of law principles.

**14.6   No Construction Against Drafter.**  This Agreement shall be deemed to have been drafted by the Parties, and any rule that a document shall be interpreted against the drafter shall not apply to this Agreement.

22

**14.7   Agreement Binding on Successors in Interest.**  This Agreement shall be binding on and inure to the benefit of the respective heirs, successors, and assigns of the Parties.

**14.8   Execution in Counterparts**.  This Agreement shall become effective upon its execution by all of the Parties' attorneys.  The signatories may execute this Agreement in counterparts.  Each counterpart shall be deemed to be an original, and execution of counterparts shall have the same force and effect as if all signatories had signed the same instrument.

**14.9   Signatures.**  Each person executing this Agreement warrants that such person has the full authority to do so.  Signatures sent in pdf format by email will constitute sufficient execution of this Agreement.

IN WITNESS WHEREOF, the Parties have caused the Agreement to be executed by their duly authorized attorneys.

*Counsel for Target*

_____
David F. McDowell
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543

*Settlement Class Counsel*

_____
Vincent Esades
Heins Mills & Olson, PLC
310 Clifton Avenue
Minneapolis, Minnesota 55403

_____
Michelle Drake
Nichols Kaster PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402

_____
Ariana Tadler
Milberg LLP
One Pennsylvania Plaza
49th Floor
New York, New York 10119

_____
Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

_____
Daniel Girard
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, California 94108

_____
John A. Yanchunis
Morgan & Morgan Complex Litigation Group
201 North Franklin Street, 7th Floor
Tampa, Florida 33602

IN WITNESS WHEREOF, the Parties have caused the Agreement to be executed by their duly authorized attorneys.

*Counsel for Target*

---

David F. McDowell
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543

*Settlement Class Counsel*

---

Vincent Esades
Heins Mills & Olson, PLC
310 Clifton Avenue
Minneapolis, Minnesota 55403

---

Michelle Drake
Nichols Kaster PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402

---

Ariana Tadler
Milberg LLP
One Pennsylvania Plaza
49th Floor
New York, New York 10119

---

Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

---

Daniel Girard
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, California 94108

---

John A. Yanchunis
Morgan & Morgan Complex Litigation Group
201 North Franklin Street, 7th Floor
Tampa, Florida 33602

IN WITNESS WHEREOF, the Parties have caused the Agreement to be executed

by their duly authorized attorneys.

***Counsel for Target***


_____

David F. McDowell
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543

***Settlement Class Counsel***


_____

Vincent Esades
Heins Mills & Olson, PLC
310 Clifton Avenue
Minneapolis, Minnesota 55403

_____

Michelle Drake
Nichols Kaster PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402


_____

Ariana Tadler
Milberg LLP
One Pennsylvania Plaza
49th Floor
New York, New York 10119

_____

Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112


_____

Daniel Girard
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, California 94108

_____

John A. Yanchunis
Morgan & Morgan Complex Litigation
Group
201 North Franklin Street, 7th Floor
Tampa, Florida 33602

IN WITNESS WHEREOF, the Parties have caused the Agreement to be executed

by their duly authorized attorneys.

***Counsel for Target***

---

David F. McDowell
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543

***Settlement Class Counsel***

---

Vincent Esades
Heins Mills & Olson, PLC
310 Clifton Avenue
Minneapolis, Minnesota 55403

---

Ariana Tadler
Milberg LLP
One Pennsylvania Plaza
49th Floor
New York, New York 10119

---

Daniel Girard
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, California 94108

---

Michelle Drake
Nichols Kaster PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402

---

Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

---

John A. Yanchunis
Morgan & Morgan Complex Litigation Group
201 North Franklin Street, 7th Floor
Tampa, Florida 33602

24

IN WITNESS WHEREOF, the Parties have caused the Agreement to be executed by their duly authorized attorneys.

***Counsel for Target***

_____
David F. McDowell
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543

***Settlement Class Counsel***

_____
Vincent Esades
Heins Mills & Olson, PLC
310 Clifton Avenue
Minneapolis, Minnesota 55403

_____
Michelle Drake
Nichols Kaster PLLP
4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402

_____
Ariana Tadler
Milberg LLP
One Pennsylvania Plaza
49th Floor
New York, New York 10119

_____
Norman E. Siegel
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

_____
Daniel Girard
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, California 94108

_____
John A. Yanchunis
Morgan & Morgan Complex Litigation Group
201 North Franklin Street, 7th Floor
Tampa, Florida 33602

24

IN WITNESS WHEREOF, the Parties have caused the Agreement to be executed by their duly authorized attorneys.

***Counsel for Target***

_____

David F. McDowell
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543

***Settlement Class Counsel***


_____    _____

Vincent Esades                Michelle Drake
Heins Mills & Olson, PLC      Nichols Kaster PLLP
310 Clifton Avenue            4600 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55403  Minneapolis, Minnesota 55402


_____    _____

Ariana Tadler                 Norman E. Siegel
Milberg LLP                   Stueve Siegel Hanson LLP
One Pennsylvania Plaza        460 Nichols Road, Suite 200
49th Floor                    Kansas City, Missouri 64112
New York, New York 10119


_____    _____

Daniel Girard                 John A. Yanchunis
Girard Gibbs LLP              Morgan & Morgan Complex Litigation
601 California Street, 14th Floor   Group
San Francisco, California 94108    201 North Franklin Street, 7th Floor
                              Tampa, Florida 33602

# EXHIBIT 1

# Distribution Plan

*In re:  Target Corporation Customer Data Security Breach Litigation*

1.      **Claims.**  Settlement Class Members can choose to submit one of two types of claims:

      1.1      **Documentary Support Claims**.  Settlement Class Members who submit a valid Claim Form and documentary evidence of losses caused by the Intrusion are eligible for reimbursement of Substantiated Losses and Lost Time up to a maximum of $10,000.  The minimum payment will be the equal share amount to be paid to Self-Certification claimants.

            1.1.1    Substantiated Losses are losses caused by the Intrusion for which the Settlement Class Member submits reasonable documentation that the claimed losses were actually incurred and more likely than not arose from the Intrusion.  Reasonable documentation of losses is objective proof of losses caused by the Intrusion, such as credit card statements, invoices, and receipts.  Substantiated Losses cannot be documented solely by a personal declaration or affidavit from the claimant.

            1.1.2    Lost Time is time spent dealing with each type of Substantiated Loss.  Settlement Class Members who submit valid documentation of Substantiated Losses also will be entitled to receive reimbursement for two hours of Lost Time for each type, calculated at a rate of $10 per hour.

      1.2      **Self-Certification Claims**.  Settlement Class Members who submit a valid Claim Form without documentary evidence of losses caused by the Intrusion are eligible to receive an equal share of the Settlement Fund remaining after payment of: a) finally approved Documentary Support Claims; and b) Service Payments to Settlement Class Representatives ordered by the Court.

      1.3      **Claim Form.**  The Claim Form is attached.  Settlement Class Members who choose to submit a Documentary Support Claim must complete both pages of the Claim Form, including signing and dating the Claim Form, and submit reasonable documentation as specified in the Claim Form and section 1.1.1 above.  Settlement Class Members who choose to submit a Self-Certification Claim must complete page 1 of the Claim Form, including signing and dating the Claim Form.

2.      **Claim Validation Process**

      2.1      All Claim Forms must be submitted in the manner and by the deadline specified in the Claim Form.

      2.2      The Settlement Administrator will begin evaluating timely submitted Claim Forms on or after the Effective Date.  The Settlement Administrator may require supplementation of a Claim Form or additional information necessary to validate or audit a claim.

      2.3      Self-Certification Claims

1

2.3.1    The Settlement Administrator, in its discretion to be reasonably exercised, will evaluate Self-Certification Claims to determine whether: a) the claimant is a Settlement Class Member; b) the Claim Form is complete and accurate; and c) the Settlement Class Member signed the Claim Form as required.

2.4    Documentary Support Claims

2.4.1    The Settlement Administrator, in its sole discretion to be reasonably exercised, will evaluate Documentary Support Claims to determine whether: a) the claimant is a Settlement Class Member; b) the Claim Form is complete and accurate; c) the Settlement Class Member signed the Claim Form as required; d) the claimant provided the information needed to evaluate the Claim Form; and e) the information and documentation submitted, if true, could lead a reasonable person to believe that, more likely than not, the claimant has suffered Substantiated Losses.

2.4.2    The Settlement Administrator will treat any Documentary Support Claim as a Self-Certification Claim if: a) it is submitted without any objective proof of losses, but the information submitted is deemed sufficient for a Self-Certification Claim; or b) the Substantiated Losses determined by the Settlement Administrator are less than the amount to be distributed for Self-Certification Claims.

2.4.3    The Settlement Administrator, in its discretion to be reasonably exercised, will determine the amount of Substantiated Losses for Documentary Support Claims, up to a maximum of $10,000 per Settlement Class Member.  The Settlement Administrator's decision will be final, subject to the dispute resolution process in section 3 below.

3.    **Dispute Resolution for Documentary Support Claims**

3.1    If the Settlement Administrator determines the Substantiated Losses are less than the amount requested by the claimant (including claims submitted with documentation, but for which the Settlement Administrator determines the Substantiated Losses are $0), the Settlement Administrator will notify the claimant by email to the email address identified in the Claim Form (or a mailing address for those who do not have an email address).

3.2    Each recipient of these notices will have 10 days from receipt of this notice to respond to the Settlement Administrator by reply email (or regular mail for those who do not have an email address) by stating whether he or she accepts or rejects the Settlement Administrator's determination.

3.2.1    If the claimant rejects the offer, the Settlement Administrator will have 10 days to reconsider the original determination, make a final determination, and communicate the final determination to the claimant by email (or regular mail for those who do not have an email address).  The claimant will have 10 days to reply back to the Settlement Administrator to accept or reject the final determination.

3.2.2    If the claimant approves the final determination or fails to send a timely response to any communication from the Settlement Administrator, then the approved amount will be the amount approved to be paid.  If the final determination is timely rejected by the

2

claimant, then the dispute will be resolved in accordance with the procedures set out in sections 3.3 and 3.4 below.

3.3 After receipt of the claimant's rejection of the final determination, the Settlement Administrator will provide Plaintiffs' Lead Counsel and Target's Counsel (together "Counsel") with a copy of the Claim Form and documentation submitted by the claimant, and the communications between the Settlement Administrator and the claimant (the "Claim File").

3.3.1 Counsel will confer regarding the amount of Substantiated Losses.

3.3.2 If Counsel agree that the claimant is entitled to the amount of Substantiated Losses requested on the Claim Form, their determination will be final. Counsel will inform the Settlement Administrator of their determination by email, and the Settlement Administrator will provide notice of the decision to the claimant.

3.3.3 If Counsel agree that the claimant is entitled to less than the amount of Substantiated Losses requested on the Claim Form, or if they cannot agree on the amount of Substantiated Losses, they will notify the Settlement Administrator by email ("Counsel's Notice") and the dispute will be submitted to one or more third parties designated by agreement of the Parties to make final decisions about disputed claims (the "Claim Referee").

3.4 After receipt of Counsel's Notice, the Settlement Administrator will provide the Claim Referee with a copy of the Claim File. The Claim Referee will not consider any other documentation or information in making a decision. The Claim Referee will make a final determination of the amount of Substantiated Losses based on whether the claimed amount or some portion of the claimed amount is reasonably supported in fact and more likely than not caused by the Intrusion. The Claim Referee's decision will be final.

4. **Benefits to Settlement Class Members who Submit Valid Self-Certification Claims**

4.1 Settlement Class Members who submit valid Self-Certification Claims will be entitled to receive equal shares of the amount remaining in the Settlement Fund after payment of finally approved Documentary Support Claims and payment to Settlement Class Representatives of the amounts awarded by the Court. The benefit to each of these Settlement Class Members will be determined by dividing the amount remaining in the Settlement Fund by the total number of valid Self-Certification Claims.

5. **Distribution of the Settlement Fund**

5.1 The Settlement Administrator will distribute the Settlement Fund in the following order: payments to Settlement Class Members who submitted finally approved Documentary Support Claims; Service Payments to Settlement Class Representatives awarded by the Court; payments of equal shares of the remaining Settlement Fund to claimants who submitted valid Self-Certification claims.

*Target Corporation Security Breach Settlement*
**CLAIM FORM**

<table>
<tr><td>COMPLETE AND SIGN THIS FORM AND<br>FILE ONLINE NO LATER THAN<br>**[due date]**<br>at www.settlementwebsite.com<br>or file by mail postmarked by **[due date]**</td><td>Official Use Only<br><br>01</td></tr>
</table>

## YOUR INFORMATION

First Name                     MI                              Last Name

Mailing Address (Street, P.O. Box, as applicable)

City                                                           State          Zip Code
(          )          -
Telephone Number (with area code)     Email Address (if provided, we will communicate primarily by email about your claim)

## CLAIM INFORMATION

Please complete each question below:

| | |
|---|---|
| 1. Did you use a credit or debit card at any United States Target store, excluding the Target.com website, between November 27, 2013 through and including December 18, 2013? | YES            NO<br>Skip to Question 3   Continue to Question 2 |
| 2. Did you receive notice (or otherwise believe) that your personal information was compromised (or do you otherwise believe it was compromised) as a result of the data breach that was first disclosed by Target on December 19, 2013? | YES      NO |

3. Did you experience one or more of the following caused by the theft of your Payment Card information and/or personal information as a result of the Target data breach? (Check Applicable Boxes)

| |
|---|
| Unauthorized, unreimbursed charges on your credit or debit card. |
| Time spent addressing unauthorized charges on your credit or debit card. |
| Costs to hire someone to help correct your credit report. |
| Higher interest rate on an account or higher interest fees that you paid. |
| Loss of access or restricted access to funds. |
| Fees paid on your accounts (i.e. late fees, declined payment fees, overdrafts, returned checks, customer service, card cancellation or replacement). |
| Credit-related costs (i.e. buying credit reports, credit monitoring or identity theft protection, costs to place a freeze or alert on credit report or a drop in your credit score). |
| Costs to replace your driver's license, state identification card, social security number, or phone number. |
| Other costs or unreimbursed expenses as a result of the Target data breach. (Explain below) |
| If you were unable to answer YES to question 1or 2, or if you were unable to check any of the boxes under question 3, you are not eligible to submit a Claim under the Settlement. |

| | |
|---|---|
| 4. Do you have documentation to support a claim for reimbursement for losses up to $10,000? | YES: Complete  Page 2      NO: Sign and Submit your Claim |

## SIGN CLAIM FORM

By filing this claim form, I am certifying that I am a Settlement Class Member and am eligible to make a claim in this settlement and that the information I am providing in this claim form is true and correct. I understand that my claim may be subject to audit, verification, and Court review.

Signature                          Print Name                          Date

| **CLAIM SUBMISSION REMINDERS** |
|---|
| • You may submit your Claim Form through the website at www.settlementwebsite.com.<br>• You must submit documentation to support your claim if you are completing page 2.<br>• Please keep a copy of your Claim Form and documentation.<br>• Claims must be filed through the website by **[due date]**, or mailed so they are postmarked, by **[due date]**.<br>• If filing by mail, return your completed form to: Settlement Administrator, PO Box ####, Faribault, MN 55021-####. |

Questions? Visit www.settlementwebsite.com or call 1-8##-###-####.

**Page 2**

**IF YOU HAVE SUPPORTING DOCUMENTATION**

| Part 1: Confirm Your Eligibility |
| --- |

Please provide documentation that you used a credit or debit card at Target, such as a receipt, credit card statement or the last four digits of the card you used or provide a copy of any notice you received or other documentation supporting why you believe your information was compromised because of the Target data breach.

| Part 2: Document Your Losses |
| --- |

Please complete the table, providing the Date and Amount of Loss for each Loss Type as well as a description of the Supporting Documentation you are attaching.

| Loss Type | Date(s) of Loss | Amount | Description of Supporting Documentation (Identify what you are attaching and why) |
| --- | --- | --- | --- |
| **I had unreimbursed expenses because of the Target data breach for:** | | | |
| Unauthorized charges on credit or debit card | | $ | *(Example: "Account statement with unauthorized charges paid highlighted")* |
| Hiring someone to help correct my credit report | | $ | *(Example: "Credit card statement, bank statement, or invoice from service provider with date and charges paid highlighted")* |
| **My bank account was frozen or I was otherwise unable to access funds because of the Target data breach, which caused me to have:** | | | |
| Higher interest rate on new or existing account, or interest fees | | $ | *(Example: "Loan agreement or bank statement with additional interest paid highlighted")* |
| Late fees, declined payment fees, overdrafts, returned check fees, insufficient funds fees, or bank fees | | $ | *(Example: "Bank statement with date and amount of fees paid highlighted")* |
| Other costs caused by loss of access or restricted access to funds | | $ | *(Example: "Bill with date and amount of costs paid highlighted")* |
| **In order to protect my accounts or personal information after hearing about the Target data breach, I paid for:** | | | |
| Credit monitoring, credit insurance, and/or identity theft protection | | $ | *(Example: "Credit card statement, bank statement, or invoice from service provider with date and costs paid highlighted")* |
| Replacement of driver's license, state identification card, social security number, or phone number; or card cancellation or replacement fees | | $ | *(Example: "Account statement or receipt with date and amount of fees paid highlighted")* |
| Credit reports or placing freeze or alert on credit report | | $ | *(Example: "Credit card statement, bank statement, or invoice from credit reporting agency with date and amount of costs paid highlighted")* |
| **I had some unreimbursed expense not listed above because of the Target data breach:** | | | |
| Description | | $ | |

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re:  Target Corporation Customer Data
Security Breach Litigation

This document relates to the
Consumer Cases.

MDL No. 14-2522 (PAM/JJK)

## [PROPOSED] FINAL JUDGMENT

A Final Approval Hearing was held before this Court on _____, to consider,

among other things, whether the Settlement Agreement and Release dated March 9, 2015,

including the exhibits attached thereto (the "Settlement Agreement") between the

Settlement Class Representatives on behalf of themselves and the Settlement Class, by

and through Settlement Class Counsel, and defendant Target Corporation ("Target"), by

and through Target's Counsel, represents a fair, reasonable and adequate settlement of the

Consumer Actions, as well as the amount to be paid to Settlement Class Counsel as fees

and litigation costs for prosecuting the Consumer Actions and service payments to be

paid to the Settlement Class Representatives.

Based on the Settlement Agreement, the Settlement Class Representatives' Motion

for Final Approval of Class Action Settlement (ECF No. __), the Settlement Class

Representatives' Motion for an Award of Attorneys' Fees, Expenses and Service

Payments for Settlement Class Representatives (ECF No. __), the submissions of the

Settlement Class Representatives and Target in support of final approval of the settlement

107007

and all prior proceedings herein and good cause appearing based on the record, the Court

**ORDERS, ADJUDGES AND DECREES** as follows:

1.    The Court, for purposes of this Final Judgment adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein. *See* Settlement Agreement attached as Exhibit 1 to the Declaration of Consumer Plaintiffs' Lead Counsel Vincent J. Esades (ECF No. ___).

2.    The Court has jurisdiction over the subject matter of the Consumer Actions and personal jurisdiction over the Parties and Settlement Class Members.

3.    On _____, 2015, the Court entered an Order Certifying a Settlement Class, Preliminarily Approving Class Action Settlement and Directing Notice to the Settlement Class, ECF No. __ ("Preliminary Approval Order") that certified the Settlement Class, preliminarily approved the Settlement Agreement, directed notice of the proposed settlement to the Settlement Class, and established a hearing date to consider the final approval of the Settlement Agreement, Settlement Class Representatives' request for service payments to the Settlement Class Representatives (the "Service Payment Request") and motion for attorneys' fees, costs and expenses (the "Fee Request").

4.    In the Preliminary Approval Order, the Court approved the Notice Plan, the Notices and claim form, and found that the form, content and method of giving notice to the Class constitute the best practicable notice to the Class and are reasonable. A declaration confirming that the Notices have been emailed, mailed, published and distributed pursuant to the Notice Plan and the Preliminary Approval Order has been filed

with the Court.  See Declaration of [Rust Consulting, Inc.].  The Court finds that the

distribution of the Notices has been achieved pursuant to the Preliminary Approval Order

and the Settlement Agreement.

5.      The Notices and the Notice Plan provided the best notice practicable under

the circumstances to the Class Members and fully satisfied the requirements of due

process under the United States Constitution and Federal Rule of Civil Procedure 23.

Based on the evidence and information supplied to the Court in connection with the Final

Approval Hearing held on [date], the Court finds that the Notices were adequate and

reasonable.  The Court further finds that through the Notices, the Class Members have

been apprised of the nature and pendency of the Consumer Actions, the terms of the

Settlement Agreement, as well as their rights to request exclusion, object, and/or appear

at the final approval hearing.

6.      The Court finds that Target has complied with the requirements of 28

U.S.C. § 1715.

7.      The Court finds that the Settlement Class Representatives are similarly

situated to absent Class Members and are typical of the Class and are adequate Settlement

Class Representatives, and that Settlement Class Counsel and the Settlement Class

Representatives have fairly and adequately represented the Settlement Class. The Court

grants final approval to its appointment of Settlement Class Counsel and Settlement Class

Representatives as provided in the Preliminary Approval Order at ¶ 2 (ECF No. __),

appointing Heins Mills & Olson, P.L.C., Milberg LLP, Stueve Siegel Hanson LLP,

Girard Gibbs LLP, Morgan & Morgan Complex Litigation Group, PA, and Nichols

Kaster, PLLP as Settlement Class Counsel and appointing as Settlement Class

Representatives the persons listed in Exhibit 8 to the Settlement Agreement.

8.      The Court certifies the following Settlement Class under Fed. R. Civ. P.

23(a) and 23(b)(3):

> All persons in the United States whose credit or debit card information
> and/or whose personal information was compromised as a result of the data
> breach that was first disclosed by Target on December 19, 2013.
>
> Excluded from the class are the Court, the officers and directors of Target,
> and persons who timely and validly request exclusion from the Settlement
> Class.

10.     Excluded from the Settlement Class are those persons identified in Exhibit

__ to the Declaration of [Rust Consulting, Inc.], who submitted timely and valid requests

for exclusion from the Class ("Opt-Outs").  The list of Opt-Outs is attached to this Final

Judgment as Exhibit 1. Opt-Outs shall not receive any benefits of the Settlement

Agreement and shall not be bound by this Final Judgment.

11.     The Court finds that the Settlement Class defined below satisfies the

requirement of Fed. R. Civ. P. 23(a) and (b)(3) in that: (a) the Settlement Class is so

numerous that joinder of all Settlement Class Members would be impracticable; (b) there

are issues of law and fact that are common to the Settlement Class; (c) the claims of the

Settlement Class Representatives are typical of and arise from the same operative facts

and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement

Class Representatives and Settlement Class Counsel have fairly and adequately protected

the interests of the Settlement Class, as the Settlement Class Representatives have no

interest antagonistic to or in conflict with the Settlement Class and have retained

experienced and competent counsel to prosecute this matter on behalf of the Settlement

Class; (e) questions of law or fact common to Settlement Class Members predominate

over any questions affecting only individual members; and (f) a class action and class

settlement are superior to other methods available for a fair and efficient resolution of this

controversy.

12.     The Court approves the settlement of the Consumer Actions as set forth in

the Settlement Agreement and finds that the settlement is in all respects fair, reasonable,

adequate and is in the best interests of the Settlement Class members. The Court further

finds that the Settlement Agreement was the product of an arm's-length negotiation

conducted in good faith by the Parties and their experienced counsel. The Court directs

the Parties to perform in accordance with the terms of the Settlement Agreement and the

Orders of this Court.

13.     The Court approves the Distribution Plan attached as Exhibit 1 to the

Settlement Agreement and orders the Settlement Administrator to distribute the

Settlement Fund to Settlement Class Members in accordance with the terms of the

Distribution Plan.  As provided in the Settlement Agreement, to the extent that these

payments do not exhaust the Settlement Fund, all remaining funds are to be distributed

pursuant to the Court's subsequent order upon application of the Settlement Class

Representatives and Target.

14.     The Court finds that the Parties face significant risks, expenses, delays and

uncertainties, including as to the outcome, including on appeal, of continued litigation of

this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

15.     The Court has reviewed all objections to Settlement Agreement, the Fee Request, or the Service Payment Request filed with the Court or submitted by Settlement Class Counsel with the Motion for Final Approval. These objections are hereby found to be without merit and are overruled.

16.     As of the Effective Date, each Releasing Party will be deemed to have completely released and forever discharged the Released Parties, and each of them, from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, that were alleged or asserted against any of the Released Parties in the Consumer Actions or that could have been alleged or asserted against any of the Released Parties arising out of the same nucleus of operative facts as any of the claims alleged or asserted in the Consumer Actions ("Released Claims"), including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged in the Consumer Actions or in any pleading or other paper filed with

any court in the underlying Consumer Actions, and the disclosures and/or notices that Target made or failed to make to the Settlement Class Representatives or the other Settlement Class Members about the Intrusion.

17.     Release of Claims of Settlement Class Representatives, other Settlement Class Members, and Settlement Class Counsel.  As of the Effective Date, the Released Parties will be deemed to have completely released and forever discharged the Settlement Class Representatives, the other members of the Settlement Class, and Settlement Class Counsel from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands, of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Consumer Actions.

18.     "Unknown claims" means claims that the Releasing Parties do not know or suspect to exist in their favor at the time of their granting a release, which if known by them might have affected their settlement of the Consumer Actions.  It is the intention of the Parties and the Settlement Class Members that, upon the Effective Date, each of the Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted (a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, federal law, or principle of common law which is similar, comparable, or

equivalent to section 1542 of the California Civil Code, the provisions, rights and

benefits of any statute or law which might otherwise render a general release

unenforceable with respect to unknown claims.  Section 1542 of the California Civil

Code reads:

> Section 1542.  General Release, extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

> Each of the Releasing Parties shall be deemed to have acknowledged, and by

operation of the Final Judgment acknowledges, that he/she/it is aware that he/she/it may

hereafter discover facts other than or different from those that they know or believe to be

true with respect to the subject matter of the Released Claims, but it is his/her/its

intention to, and each of them shall be deemed upon the Effective Date to have, waived

and fully, finally, and forever settled and released any and all Released Claims, whether

known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-

contingent, whether or not concealed or hidden, without regard to the subsequent

discovery or existence of such different or additional facts.

19.     The Settlement Class Representatives and other Settlement Class Members

shall be enjoined from prosecuting any claim they have released in the Settlement

Agreement and as set forth in the preceding paragraphs in any proceeding against any of

the Released Parties or based on any actions taken by any of the Released Parties that are

authorized or required by the Settlement Agreement or by the Final Judgment.  It is

further agreed that the settlement may be pleaded as a complete defense to any

proceeding subject to the releases set forth in the Settlement Agreement and this Final Judgment.

20.     This Final Judgment shall not be:  (1) construed as an admission or concession by Target of the truth of any of the allegations in the Consumer Actions, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission or concession by the Settlement Class Representatives or the Settlement Class as to any lack of merit of the claims or the Consumer Actions.

21.     The Settlement Agreement shall not constitute, and will not under any circumstances be deemed to constitute, an admission of wrongdoing or liability by any Party, such wrongdoing and liability being expressly denied and no final adjudication having been made.  The Parties have entered into the Settlement Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party.  Pursuant to Federal Rule of Evidence 408, the entering into and carrying out of the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

22.     Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Final Judgment in a proceeding to consummate or

enforce the Settlement Agreement or Final Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

23.     Settlement Class Counsel have moved for an award for attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and having reviewed the Fee Request, supporting memorandum and associated papers and having considered the factors for assessing the reasonableness of a class action fee request, the Court makes the following findings of fact and conclusions of law:

a.     The Settlement confers monetary and non-monetary benefits on the Settlement Class that are substantial when assessed in light of the risk of establishing liability and damages in this case;

b.     There were __objections by Settlement Class Members to the requested fee award and such objections are overruled;

c.     Settlement Class Counsel have effectively and efficiently prosecuted this difficult and complex class action on behalf of members of the Settlement Class, on a wholly contingent basis and with no guarantee they would be compensated for the significant time, resources, and expenses devoted to prosecuting the case;

d.     Settlement Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action on behalf of the Settlement Class;

e.     Settlement Class Counsel have reasonably expended over __ hours and incurred substantial out-of-pocket expenses in prosecuting this action, with no guarantee of recovery;

f.     The Settlement, which reflects a very successful outcome on behalf of the Settlement Class, was achieved for the benefit of the Settlement Class as a direct result of Settlement Class Counsel's skillful advocacy and high quality work on behalf of the Settlement Class;

g.     The Settlement was reached following negotiations held in good faith, in the absence of collusion and under the supervision of a highly skilled mediator, former Chief Magistrate Judge Arthur J. Boylan;

h.     Settlement Class Members were advised in the Notice, which Notice was approved by this Court, that Settlement Class Counsel intended to move for an award of attorneys' fees, costs and expenses in an amount up to $6,750,000, which would be paid by Target, separate and apart from the benefits to Class Members provided under the Settlement;

i.     Settlement Class Counsel has moved for an award of attorneys' fees, costs and expenses in the amount of $_____, which motion has been on the docket and publicly available since _____;

j.     Under the Settlement Agreement, the finality of the Settlement is not dependent upon an award of attorneys' fees and expenses;

k.     The hourly rates used by Settlement Class Counsel in calculating lodestar and the number of hours expended in prosecuting the case for the benefit

11

of the Settlement Class are reasonable, as is the lodestar amount submitted by

Settlement Class Counsel, which the Court has considered as one factor in

evaluating the fee request. The expenses necessarily incurred by Settlement Class

Counsel as shown in Class Counsel's request for an award of attorneys' fees, costs

and expenses are reasonable; and

       l.      In light of the factors and findings described above, the requested fee

and expense award is within the applicable range of reasonable awards.

24.      Accordingly, Settlement Class Counsel are hereby awarded attorneys' fees,

costs and expenses in the amount of $_____. The Court finds this award to be fair

and reasonable. The awarded fees and expenses shall be paid to Settlement Class Counsel

in accordance with the terms of the Settlement Agreement.  Consumer Plaintiffs' Lead

Counsel shall distribute the attorneys' fees, costs and expenses between or among the

Consumer Plaintiffs and Settlement Class Counsel as Consumer Plaintiffs' Lead Counsel

shall determine in his sole discretion.

25.      Settlement Class Counsel have also requested that service payments be

approved and paid to Class Representatives in recognition of their services provided for

the benefit of the Settlement Class. The Court, having reviewed the Service Payment

Request, as well as the supporting memorandum and associated papers, hereby finds that

the following service awards are fair, reasonable and appropriate in light of the service

each Class Representative has provided on behalf of and for the benefit of the Settlement

Class, and are hereby approved: (1) a service payment in the amount of $1,000 each to

Class Representatives Thomas Dorobilia, Brystal Keller and Deborah Guerico, who were

deposed in this matter, and $500 to each remaining Settlement Class Representative. The Settlement Administrator is directed to make such service payments to the Settlement Class Representatives in accordance with the terms of the Distribution Plan and this Final Judgment.

26.    At any time after entry of this Final Judgment, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Target Counsel and Settlement Class Counsel in their discretion without giving any additional notice to the Settlement Class, provided that such modifications do not limit the rights of the Settlement Class Members under the Settlement Agreement.

27.    The Court hereby dismisses the Consumer Actions on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Judgment and any other Order awarding fees or costs.

28.    If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

29.    If the Settlement Agreement is terminated, (a) the Settlement Agreement shall have no effect on the rights of the Parties or the Settlement Class Members (i) to take any action in support of or in opposition to class certification in the Consumer Actions, or (ii) to prosecute or defend the Consumer Actions or any other action, and (b) subject expressly to the reservation and preservation of rights and defenses, all Parties and Settlement Class Members shall be restored to their respective positions immediately prior to the date the Parties signed the Settlement Agreement.  In such event, the

Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, and shall not be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law, whether in the Consumer Actions or otherwise.

30.    Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

31.    Without affecting the finality of this Final Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of any of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Settlement Agreement or the implementation of this Final Judgment..

32.    This Final Judgment shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

33.    Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delay and expressly DIRECTS that this Final Judgment be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED.**

Date: _____.        _____
                                    Paul A. Magnuson
                                    United States District Court Judge

14

# EXHIBIT 3

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA

# If You Shopped at Target from November 27 through December 18, 2013 or Received Notice That Your Personal Information Was Compromised,

## You Could Get Money from a Data Breach Settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A settlement has been proposed in lawsuits against Target Corporation ("Target") relating to Target customers whose credit/debit card information or personal information was stolen as a result of a data breach that was first disclosed on December 19, 2013 ("Target Data Breach").

- The $10 million Settlement Fund will provide payments to consumers who have had losses caused by the Target Data Breach.  If you are included, you can choose between two types of payments.  If you have documentation, you can receive reimbursement of losses up to $10,000.  If you do not have documentation, you may be eligible for an equal share of the Settlement Fund remaining after payment of claims for documented losses and service payments (*see* Question 6).

Your legal rights are affected whether or not you respond.  **Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FILE A CLAIM** | The only way to get a payment. |
| **ASK TO BE EXCLUDED** | Get no benefits.  This is the only option that may allow you to sue Target over the claims being resolved by this settlement. |
| **OBJECT** | Write to the Court about why you don't think the settlement is fair, reasonable, and adequate. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **IF YOU DO NOTHING** | Get no benefits.  Give up your rights to sue Target about the legal claims in this case. |

- **Your rights and options — and the deadlines to exercise them — are explained in this notice.**

- The Court still must decide whether to approve the settlement.  Payments will be made after the Court grants final approval of the settlement and any appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.  Why is there a notice?

A Court authorized this notice because you have a right to know about a proposed settlement in several lawsuits against Target and all of your options before the Court decides whether to give final approval to the settlement.  This notice explains the nature of the lawsuits, the general terms of the settlement, and your legal rights and obligations.

The lawsuits were brought on behalf of consumers whose credit/debit card information or personal information was stolen as a result of the Target Data Breach.  Judge Paul A. Magnuson of the United States District Court for the District of Minnesota is overseeing this litigation.  The litigation is known as *In re: Target Corporation Customer Data Security Breach Litigation,* No. 14-2522.  The people who sued are called the "Plaintiffs."  Target is the "Defendant."

### 2.  What is this lawsuit about?

On December 19, 2013, Target announced that it had been the victim of a criminal attack on its computer network by third-party intruders who stole payment card data from Target shoppers who shopped at Target from November 27 through December 18, 2013.  The intruders also stole personal information, such as email and home addresses from other Target customers.  Plaintiffs claim that Target did not adequately protect their payment card data and personal information and that Target delayed in providing notice of the data breach.

Target denies any wrongdoing, and no court or other entity has made any judgment or other determination of any wrongdoing.

### 3.  Why is this a class action?

In a class action, one or more people called "class representatives" sue on behalf of themselves and other people with similar claims.  All of these people together are the "class" or "class members."  One court resolves the issues for all class members, except for those who exclude themselves from the settlement class.

### 4.  Why is there a settlement?

The Court has not decided in favor of Plaintiffs or Target.  Instead, both sides agreed to a settlement.  Settlements avoid the costs and uncertainty of a trial and related appeals, while providing benefits to members of the Settlement Class.  Settlement Class Representatives and the attorneys for the Settlement Class ("Settlement Class Counsel," *see* Question 15) think the settlement is best for all Settlement Class Members.

## WHO IS PART OF THE SETTLEMENT?

### 5.  How do I know if I am part of the settlement?

You are a member of the Settlement Class and affected by the settlement if your credit/debit card information and/or your personal information was stolen as a result of the Target Data Breach.

You are a member of the Settlement Class if:
- You shopped at a Target store and used your credit or debit card from November 27 through December 18, 2013;
- You provided your contact information to Target any time before December 18, 2013; or
- Your bank, credit card company, or other financial institution issued you a new credit or debit card shortly after December 2013; and the letter accompanying the new card said that your old card may have been compromised.

If you received a notice directly about the Target Data Breach, you are a Class Member.

Excluded from the settlement are:
- Officers and directors of Target;
- The Court and any judicial staff involved in the lawsuits; and
- Any Class Member who opts out (*see* Question 12).

## THE SETTLEMENT BENEFITS

### 6.  What does the settlement provide?

Target will pay $10 million into a Settlement Fund to make payments to eligible Settlement Class Members and service payments to the Settlement Class Representatives (*see* Question 16).  Target has also agreed to pay attorneys' fees, costs, and expenses (*see* Question 16) and the costs of notifying the class and administering the settlement.

In addition, Target will change its business practices relating to its information security program, including naming a high-level executive to coordinate the program, maintaining a written information security program, maintaining processes for managing information security risks and responding to events determined to present a threat, and providing security training to relevant Target employees.  A more detailed description of these changes is available in the Settlement Agreement which is available at www._____.com.

### 7.  What can I get from the settlement?

Each member of the Settlement Class can choose between two types of benefits.  If you have documentation, you can receive reimbursement of losses up to $10,000.  If you do not have documentation you may be eligible for an equal share of the Settlement Fund after payment of claims for documented losses and service payments to Settlement Class Representatives (*see* Question 6).  The amount of the equal share for all Settlement Class Members who submit valid claims without documentation will depend on: a) the amount the Court awards as service payments to the Settlement Class Representatives; b) the amount paid out for claims supported by documentation; and c) the number of valid claims.

For example, if the amount the Court awards as service payments plus the amount of documentary claims add up to a total of $1,000,000, and 300,000 Settlement Class Members submit valid claims without documentation, each of these Settlement Class Members will receive an equal $30 share of the Settlement Fund.  These amounts are only examples.  The amount of actual payments will depend on the amount of claims received.

**8. Tell me more about what "reimbursement of losses" means.**

All Settlement Class Members who had their personal or financial information compromised can get reimbursed for losses caused by the data breach of up to $10,000. These losses could be related to:

- Unauthorized, unreimbursed charges on your credit or debit card;
- Time spent addressing unauthorized charges on your credit or debit card;
- Costs to hire someone to help correct your credit report;
- Higher interest rate on an account or higher interest fees that you paid;
- Loss of access or restricted access to funds;
- Fees paid on your accounts (such as late fees, declined payment fees, overdrafts, returned checks, customer service, or card cancellation or replacement);
- Credit-related costs (such as buying credit reports, credit monitoring or identity theft protection, or costs to place a freeze or alert on your credit report);
- Costs to replace your driver's license, state identification card, social security number, or phone number; or
- Other costs or unreimbursed expenses as a result of the Target Data Breach.

# HOW TO GET BENEFITS

**9. How do I get a payment?**

To get a payment, you will need to submit a Claim Form on the Settlement Website (www._____.com) by **Month 00, 2015** or submit a Claim Form by mail, which must be postmarked by **Month 00, 2015**. The Claim Form is available at www._____.com or by calling 1-800-000-0000.

**10. When will I receive my payment?**

If you submit a complete, accurate, valid, and timely Claim Form, the Settlement Administrator will send your payment to you after the settlement is finally approved and all appeals and other reviews have been exhausted.

**11. What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the settlement, you can't sue Target or be part of any other lawsuit against Target about the issues this settlement resolves. Unless you exclude yourself, all of the decisions by the Court will bind you. The specific claims you are giving up against Target are described in Section 6 of the Settlement Agreement. You will be "releasing" Target and all related people as described in Section 1.13 of the Settlement Agreement. The Settlement Agreement is available at www._____.com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions, you can talk to the law firm listed in Question 15 for free, or you can, of course, talk to your own lawyer if you have questions about what this means.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Target based on claims this settlement resolves, you must take steps to get out of the Settlement Class.

| 12.  How do I exclude myself from the settlement? |
|---|

To exclude yourself from the settlement, you must send a letter by U.S. Mail saying that you wish to do so.  Your "Request for Exclusion" must include:

- The name of this proceeding (*In re: Target Corporation Customer Data Security Breach Litigation* or similar identifying words);
- Your name and address;
- The words "Request for Exclusion" at the top of the document or a statement requesting exclusion from the Class; and
- Your signature.

You must mail your exclusion request, postmarked no later than **DATE,** to:

<div align="center">

Target Data Breach Settlement
P.O. Box 2239
Faribault, MN 55021-1639

</div>

You cannot exclude yourself by telephone or by email.  You cannot exclude yourself by mailing a request to any other location or after the deadline.  Your Request for Exclusion must be signed by you, personally, and not your lawyer or anyone else acting on your behalf.

| 13.  If I do not exclude myself, can I sue Target for the same thing later? |
|---|

No.  Unless you exclude yourself, you give up the right to sue Target for the claims that this settlement resolves.

| 14.  If I exclude myself, can I still get a payment? |
|---|

No.  You will not get a payment if you exclude yourself from the settlement.

## THE LAWYERS REPRESENTING YOU

| 15.  Do I have a lawyer in the case? |
|---|

Yes.  The Court appointed Vincent J. Esades of Heins Mills & Olson PLC as Lead Counsel for the Class. As part of preliminary approval of the settlement, the Court appointed Plaintiffs' Lead Counsel and five other firms to represent you and other Settlement Class Members as "Settlement Class Counsel."  You will not be charged by these lawyers for their work on the case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**16.  How will the lawyers be paid?**

Settlement Class Counsel will ask the Court for attorneys' fees and costs up to $6,750,000.  The Court will decide the fees and costs to be paid, and they will be paid by Target.  Any payment will not reduce the benefits provided to the Settlement Class.

Settlement Class Counsel will also ask the Court for service payments of up to $500 for each of the Settlement Class Representatives for helping the lawyers on behalf of the Settlement Class.  Settlement Class Counsel will seek an additional payment of up to $500 for the three Settlement Class Representatives who Target deposed.  These payments will be paid out of the Settlement Fund.  The Settlement Class Representatives and Settlement Class Counsel will make their requests to the Court for attorneys' fees and costs and service payments on or before **DATE**.  These requests will be available on the Settlement Website or you can request a copy by contacting the Settlement Administrator.

## OBJECTING TO THE SETTLEMENT

**17.  How do I tell the Court that I don't like the settlement?**

If you're a Settlement Class Member, you can object to the settlement if you don't think it is fair, reasonable, or adequate.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.

To object, you must send a letter stating that you object to the settlement.  Your objection must include:
- The name of the proceeding (*In re: Target Corporation Customer Data Security Breach Litigation*);
- Your full name and address;
- A written statement of objections, as well as the specific reason(s), if any, for each objection, including any legal or factual support you wish to bring to the Court's attention;
- Any evidence or other information you wish to introduce in support of the objections;
- A statement of whether you or your counsel intends to appear and argue at the Final Approval Hearing; and
- Evidence or other information showing you are a member of the Settlement Class.

If you hire a lawyer to represent you in preparing a written objection or appearing at the Final Approval Hearing, your counsel must provide additional information as specified in the Preliminary Approval Order (available on the Settlement Website).

Mail the Objection to these three different places, postmarked no later than **DATE**:

| COURT | SETTLEMENT CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>USDC, District of Minnesota<br>734 Federal Building<br>316 North Robert Street<br>St. Paul, MN 55101 | Vincent J. Esades<br>Heins Mills & Olson, P.L.C.<br>310 Clifton Avenue<br>Minneapolis, MN 55403 | David F. McDowell<br>Morrison & Foerster LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017-3543 |

**18. What's the difference between objecting and excluding myself?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object to the benefits provided by the settlement or other terms of the settlement only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be included in the settlement. If you exclude yourself, you have no basis to object to the settlement and related releases because the settlement no longer affects you.

## FINAL APPROVAL HEARING

**19. When and where will the Court decide to approve the settlement?**

The Court will hold a Final Approval Hearing at TIME on **DATE**, in the Courtroom of Judge Paul A. Magnuson of the United States District Court for the District of Minnesota, located at 734 Federal Building, 316 North Robert Street, St. Paul, MN 55101. This hearing date and time may be moved. Please refer to the Settlement Website for notice of any changes.

At the Final Approval Hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who appear at the hearing (*see* Question 17). The Court may also decide how much Settlement Class Counsel will receive as attorneys' fees and costs and whether to award service payments to Settlement Class Representatives. After the Final Approval Hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**20. Do I have to come to the hearing?**

No. Settlement Class Counsel will answer questions the Court may have. You are welcome, however, to come at your own expense. If you submit a written objection, you don't have to come to Court to talk about it. As long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## IF I DO NOTHING

**21. What happens if I do nothing?**

If you are a Settlement Class Member and do nothing, you will not get any payments from this settlement. And, unless you exclude yourself, you will not be able to start a lawsuit or be part of any other lawsuit against Target about the claims in this case, ever again.

## GETTING MORE INFORMATION

**22. How do I get more information?**

This notice summarizes the settlement. More details are in the Settlement Agreement itself. You can get a copy of the Settlement Agreement at www._____.com or from the Settlement Administrator by calling toll-free _____ or writing to Settlement Administrator at Target Data Breach Settlement,

P.O. Box 2239, Faribault, MN 55021-1639.  The status of the settlement, any appeals, any claims made, and the date of payments will be posted on the Settlement Website.

***Please do not contact the Court with questions about the settlement.***

# EXHIBIT 4

# If You Shopped at Target from November 27 through December 18, 2013 or

# Received Notice That Your Personal Information Was Compromised,

## *You Could Get Money from a Data Breach Settlement.*

A Settlement has been proposed in lawsuits against Target Corporation ("Target") relating to Target customers whose credit/debit card information or personal information was stolen as a result of a data breach that was first disclosed on December 19, 2013 ("Target Data Breach").

### Who is included in the Settlement?

You are a member of the Class if: (1) you shopped at a Target store and used your credit or debit card from November 27-December 18, 2013; (2) you provided your contact information to Target before December 18, 2013; or (3) your bank, credit card company, or other financial institution issued you a new credit or debit card shortly after December 2013 and informed you that your old card may have been compromised. If you received a notice about the Target Data Breach, you are a Class Member.

### What does the Settlement provide?

The $10 million Settlement Fund will provide payments to consumers who have had losses caused by the Target Data Breach. If you are included, you can choose between two types of payments:

- If you have documentation, you can receive reimbursement of losses up to $10,000. These losses include unauthorized charges, certain costs and fees, and lost or restricted access to funds among other things.

- If you do not have documentation, you may be eligible for an equal share of the Settlement Fund remaining after payment of claims for documented losses and service payments. For example, if the Court awards $1 million to pay documented claims and service payments and 300,000 Settlement Class Members submit valid claims without documentation, you will receive $30 from the Settlement Fund. The amount of actual payments will depend on the amount of claims received.

### How can I get a payment?

Submit a Claim Form online or by mail by **Month 00, 2015**.

### What are my rights?

Even if you do nothing, you will be bound by the Court's decisions. If you want to keep your right to sue Target yourself, you must exclude yourself from the Settlement by **Month 00, 2015**. If you stay in the Settlement, you may object to it by **Month 00, 2015**. The Court will hold a hearing on **Month 00, 2015** to consider whether to approve the Settlement, a request for attorneys' fees and costs up to $6,750,000 to be paid by Target, and special service payments of up to $500 each for the Settlement Class Representatives (up to $1,000 each for three Class Reps who were deposed). You or your own lawyer may appear and speak at the hearing at your own expense.

---

## For More Information: 1-800-000-0000
## www._____.com

EXHIBIT 5

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Rust Consulting, Inc.

**Important Notice About Target Data Breach**

NAME
ADDRESS
CITY STATE ZIP CODE

*Court-Ordered Legal Notice*

TARGET CLASS ACTION
P.O. BOX 2239
FARIBAULT, MN  55021-1639

**The $10 million**

**Settlement Fund**

**will provide payments**

**to consumers who**

**have had losses**

**caused by the**

**Target Data Breach.**

Legal Notice

# If You Shopped at Target from November 27 through December 18, 2013 or Received Notice That Your Personal Information Was Compromised,

## *You Could Get Money from a Data Breach Settlement.*

A Settlement has been proposed in lawsuits against Target Corporation ("Target") relating to Target customers whose credit/debit card information or personal information was stolen as a result of a data breach that was first disclosed on December 19, 2013 ("Target Data Breach"). Target's records show you are included in this Settlement and may be eligible for a cash payment.

**Who is included in the Settlement?** You are a member of the Class if: (1) you shopped at a Target store and used your credit or debit card from November 27-December 18, 2013; (2) you provided your contact information to Target before December 18, 2013; or (3) your bank, credit card company, or other financial institution issued you a new credit or debit card shortly after December 2013 and informed you that your old card may have been compromised. If you received a notice about the Target Data Breach, you are a Class Member.

**What does the Settlement provide?** The $10 million Settlement Fund will provide payments to consumers who have had losses caused by the Target Data Breach. If you are included, you can choose between two types of payments:

- If you have documentation, you can receive reimbursement of losses up to $10,000. These losses include unauthorized charges, certain costs and fees, and lost or restricted access to funds among other things.

- If you do not have documentation, you may be eligible for an equal share of the Settlement Fund remaining after payment of claims for documented losses and service payments. For example, if the Court awards $1 million to pay documented claims and service payments and 300,000 Settlement Class Members submit valid claims without documentation, you will receive $30 from the Settlement Fund. The amount of actual payments will depend on the amount of claims received.

**How can I get a payment?** Submit a Claim Form online or by mail by **Month 00, 2015**. **What are my rights?** Even if you do nothing, you will be bound by the Court's decisions. If you want to keep your right to sue Target yourself, you must exclude yourself from the Settlement by **Month 00, 2015**. If you stay in the Settlement, you may object to it by **Month 00, 2015**. The Court will hold a hearing on **Month 00, 2015** to consider whether to approve the Settlement, a request for attorneys' fees and costs up to $6,750,000 to be paid by Target, and special service payments of up to $500 each for the Settlement Class Representatives (up to $1,000 each for three Class Reps who were deposed). You or your own lawyer may appear and speak at the hearing at your own expense.

## For More Information and to File a Claim: 1-800-000-0000    www._____.com

# EXHIBIT 6



NOTICE PROGRAM OVERVIEW:
# PROGRAM COMPONENTS

✳ **DIRECT NOTICE:**

o **Email**:  Rust Consulting, Inc. ("Rust") will send a Summary Notice via email ("Email Notice") to all Class Members for whom Target has an email address.

o **Mail**:  Rust will send a mailed Summary Notice in the form of a postcard ("Postcard Notice") to Class Members for whom Target has a mailing address but not an email address.   Postcards that are returned as non-deliverable will be re-mailed to any address indicated by the USPS in the case of an expired automatic forwarding order.  Notices returned as non-deliverable, but for which a new address is not indicated by the USPS, will be further searched through a third-party vendor to obtain a more current address.  If any such address is found, the Postcard Notice will be re-mailed.

✳ **PAID AND EARNED MEDIA-BASED NOTICE:**

o **Print Media:**  Kinsella Media will place a Publication Notice as follows in each of the following print media:

▪ **Consumer Magazines**

● *Better Homes & Gardens*: A half-page black & white ad (3.5" x 10") one time in *Better Homes & Gardens* with an estimated circulation of 7,600,000 and readership of 16,250,000.

● *People*: A half-page black & white ad (3.375" x 10") one time in *People* with an estimated circulation of 3,425,000 and readership of 18,631,000.

o **Internet Media:**  Kinsella Media will place banner advertisements totaling up to approximately 35,000,000 gross impressions[1,2] as listed below.  When individuals click on the banner advertisement, they will be connected to the Settlement website that contains information about their legal rights.

---

[1] If the direct notice reach falls below what is expected, KM will place additional banner advertisements and the number of impressions will increase.
[2] Gross Impressions are the duplicated sum of audiences of all media vehicles containing the Notice.

Banner advertisements will be published as follows:

- *Facebook.com*:  A banner advertisement measuring 254 x 133 pixels will appear on a rotating basis on Facebook.com.
- *Specific Media*: Banner advertisements measuring 728 x 90 pixels, 300 x 250 pixels, and 160 x 600 pixels will appear on a rotating basis on websites that are part of the Specific Media network.

  o **Earned Media**:
    - *National Press Release*:  Kinsella Media will distribute a national press release via PR newswire, which reaches approximately 5,500 media outlets and 5,400 websites.
    - *Keyword Search Advertising*:  Kinsella Media will purchase sponsored links to appear when searchers enter certain terms on major search engines, including: Google AdWords, Yahoo! Search Marketing, and Bing Microsoft Advertising.

✳ **SETTLEMENT WEBSITE:**  Rust will create and maintain a Settlement website that allows users to request hard copies of materials and/or make a claim online.

✳ **TOLL FREE TELEPHONE SUPPORT:**  Rust will establish and maintain a toll-free interactive voice response system (IVR) to service Settlement Class Members calling as a result of seeing the paid media notice. Callers can also request that a Long Form Notice be mailed to them.

© 2015 KINSELLA MEDIA, LLC

# EXHIBIT 7

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:  Target Corporation Customer Data Security Breach Litigation<br><br>This Document Relates to:<br><br>All Consumer Cases | MDL No. 14-2522 (PAM/JJK) |

## [PROPOSED] ORDER CERTIFYING A SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS

This matter came before the Court on Consumer Plaintiffs' Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement.

**WHEREAS**:

Consumer Plaintiffs filed Consumer Plaintiffs' Consolidated Class Action Complaint (ECF No. 182) on August 25, 2014 and filed Consumer Plaintiffs' First Amended Consolidated Class Action Complaint (ECF No. 258) ("Complaint") on December 1, 2014. In their Complaint, Consumer Plaintiffs allege various claims against Defendant Target Corporation ("Target") arising out of the breach of Target's computer network first announced by Target on December 19, 2013, including claims alleging violations of state consumer laws and state data breach statutes, and negligence, breach of implied and express contract, bailment, and unjust enrichment claims. On December 18, 2014, following briefing and a hearing, the Court issued a Memorandum and Order (ECF No. 281), granting in part and denying in part Target's motion to dismiss the Complaint.

107006

Plaintiffs' Class Counsel has conducted a thorough examination, investigation, and evaluation of the relevant law, facts and allegations and has engaged in sufficient discovery to assess the merits of the claims and Target's liability and defenses in the Consumer Actions.

Consumer Plaintiffs, by Consumer Plaintiffs' Lead Counsel and additional proposed Settlement Class Counsel, and Target Corporation, by Target's Counsel, have entered into a Settlement Agreement following good faith, arm's length negotiations and mediation overseen by retired Magistrate Judge Arthur J. Boylan, in which the Parties have agreed to settle the Consumer Actions consolidated for pre-trial purposes in this MDL proceeding, pursuant to the terms of the Settlement, subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the Settlement which, if approved, will result in dismissal of the Consumer Actions with prejudice.

The Court having reviewed the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and good cause appearing based on the record,

THEREFORE, IT IS ORDERED:

1.      **Class Certification for Settlement Purposes Only.**  The Settlement Agreement provides for a Settlement Class defined as follows:

> All persons in the United States whose credit or debit card information and/or whose personal information was compromised as a result of the data breach that was first disclosed by Target on December 19, 2013.

Excluded from the class are the Court, the officers and directors of Target, and persons who timely and validly request exclusion from the Settlement Class.

The Consumer Actions are certified as a class action for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2.      **Settlement Class Representatives and Settlement Class Counsel.**

Consumer Plaintiffs identified in Exhibit 8 attached to the Settlement Agreement are designated as the Settlement Class Representatives. The Court finds that the Settlement Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will be adequate Settlement Class Representatives.

3

The Court finds that the following are experienced and adequate counsel and are hereby designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g): Consumer Plaintiffs' Lead Counsel Vincent J. Esades, Heins Mills & Olson, P.L.C.; E. Michelle Drake, Nichols Kaster, PLLP, appointed by the Court to serve as Liaison Counsel in the Consumer Actions; John A. Yanchunis, Morgan & Morgan Complex Litigation Group, PA, who serves on the Executive Committee – Coordinating Lead and Liaison Counsel; and members of the Consumer Steering Committee, Ariana J. Tadler, Milberg LLP, Norman E. Siegel, Stueve Siegel Hanson LLP and Daniel C. Girard, Girard Gibbs, LLP.

3.    **Preliminary Settlement Approval.**  Upon preliminary review, the Court finds that the Settlement is fair, reasonable and adequate to warrant providing notice of the Settlement to the Class and accordingly is preliminarily approved.

4.    **Jurisdiction.**  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

5.    **Final Approval Hearing.**  A Final Approval Hearing shall be held on _____, 2015 at ____ _.m. in Courtroom 7D of the Warren E. Burger Federal Building and U.S. Courthouse, 316 N. Robert Street, St. Paul, MN 55101, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) the Consumer Actions should be dismissed with prejudice

4

pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of attorneys' fees and expenses (the "Fee Request") should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of Settlement Class Representatives for Service Payments (the "Service Payments Request") should be approved.

The submissions of the Parties in support of final approval of the Settlement shall be filed with the Court no later than thirty (30) days prior to the Final Approval Hearing and may be supplemented up to seven (7) days prior to the Final Approval Hearing.

Settlement Class Representatives' Service Payments Request and Settlement Class Counsel's Fee Request shall be filed with the Court at least 21 days prior to the deadline for submission of objections specified in the Notice.

6.      **Administration.**  The Court appoints Rust Consulting, Inc. as the Settlement Administrator, with responsibility, together with Kinsella Media, LLC, for class notice and claims administration.  Target shall pay reasonable costs of administration and class notice costs, which payments will be in addition to and independent of the Settlement Fund.

7.      **Notice to the Class.**  The proposed Notice Plan (Exhibit 6 to the Settlement Agreement) and Notices attached to the Settlement Agreement as Exhibits 3 - 5, and claim form attached to the Distribution Plan, which is Exhibit 1 to the Settlement Agreement, are hereby approved.

Within 45 days of entry of this Order, the Settlement Administrator will begin sending Notice by email to all Class Members for whom Target has an email address, which addresses shall be provided to the Settlement Administrator by Target no later than five business days after the date of entry of the Preliminary Approval Order. The email notice shall be substantially in the form of the Postcard Notice attached to the Settlement Agreement as Exhibit 5.

Thereafter, the Settlement Administrator will send the Postcard Notice provided in the Notice Plan by United States Mail to all Settlement Class Members for whom Target does not have an email address but for whom Target has a United States postal address. Target shall supply such United States postal addresses to the Settlement Administrator no later than five business days after this Order is entered. The mailed notice shall be substantially in the form of the Postcard Notice attached to the Settlement Agreement as Exhibit 5.

Thereafter, the Settlement Administrator will publish notice substantially in the form of the Summary Notice attached as Exhibit 4 in accordance with the Notice Plan.

Within fifteen (15) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall establish an Internet website that will inform Class Members of the terms of the settlement, their rights, dates and deadlines, and related information.

Prior to the dissemination of the Notice by email, the Settlement Administrator shall establish a toll-free telephone number Class Members may call to obtain settlement-related information.

Not later than fourteen (14) calendar days before the date of the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration setting forth the Settlement Administrator's execution of and compliance with the Notice Plan.

8.    **Findings Concerning Notice.**  The Court finds that the form, content and method of giving notice to the Class as described in Paragraph 7 of this Order and the Notice Plan: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the Notices are written in plain language, use simple terminology, and are designed to be readily understandable by Class Members.

9.    **Class Action Fairness Act Notice.**  The Court has evaluated the Class Action Fairness Act Notice attached to the Settlement Agreement as Exhibit 9.  The Court finds that the form, content, and manner of service of notice required by 28 U.S.C. § 1715 on the Attorney General of the United States, which this Court finds to be the "appropriate Federal official," and the Attorneys General of each State, which the Court finds to be the "appropriate State Official[s]," complies with applicable law, including

7

specifically the requirements of 28 U.S.C. § 1715.  Within thirty (30) days after entry of

this Preliminary Approval Order, Target shall file with the Court a Notice of compliance

with 28 U.S.C. § 1715.

10.   **Exclusion from Class.**  Any Class Member who wishes to be excluded

from the Settlement Class must mail a personally signed, written request for exclusion to

the Settlement Administrator at the address provided in the Long Form Notice attached to

the Settlement Agreement as Exhibit 3, postmarked no later than July 31, 2015 (the "Opt-

Out Deadline").

A request for exclusion must be in writing and: (a) state the name of this

proceeding (In re Target Corporation Customer Data Security Breach Litigation or

similar identifying words sufficient to identify the above captioned matter), (b) state the

name and address of the person seeking exclusion, (c) state the words "Request for

Exclusion" at the top of the document or words communicating the person's request for

exclusion from the Class; and (d) must be signed by the Class Member.

A request for exclusion that does not include the foregoing information, or that is

sent to an address other than the one designated in the Notice, or that is not received

within the time specified, shall be invalid and the Class Member serving such a request

shall, if a Final Judgment is entered, be considered a Settlement Class Member and shall

be bound by any judgment entered herein with respect to the Settlement Class.

The Settlement Administrator shall forward a list of all requests for exclusion to

Consumer Plaintiffs' Lead Class Counsel and to Target's Counsel within twenty (20)

days after the Opt-Out Deadline.  The Settlement Administrator will prepare a declaration

to be filed with the Court no later than fourteen (14) calendar days before the Final

Approval Hearing identifying all Class Members who submitted timely requests for

exclusion.

If the Final Judgment is entered, any Class Member who has not submitted a

timely, valid written request for exclusion from the Class shall be bound by all

subsequent proceedings, orders and judgments in this matter, including but not limited to

the Release set forth in the Final Judgment, including Class Members who have

previously initiated or who subsequently initiate any litigation against any or all of the

Released Parties relating to the claims and transaction released in the Settlement

Agreement.  All Class Members who submit valid and timely requests for exclusion from

the Settlement Class shall not be entitled to receive any benefits of the Settlement.

11.    **Objections and Appearances.**  Any Settlement Class Member who

complies with the requirements of this paragraph may object to the Settlement, the

Service Payments Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or

other documents submitted by any Settlement Class Member shall be received and

considered by the Court, unless no later than July 31, 2015, the Settlement Class Member

files with the Clerk of the Court and serves on Settlement Class Counsel and Target's

Counsel written objections at the addresses listed in the Long Form Notice attached to the

Settlement Agreement as Exhibit 3.

Written objections must include:

a.   the name of the proceeding;

9

    b.   the full name and address of the person objecting;

    c.   a written statement of objections, as well as the specific reason(s), if any, for each objection, including any legal or factual support the Settlement Class Member wishes to bring to the Court's attention;

    d.   any evidence or other information the Settlement Class Member wishes to introduce in support of the objections;

    e.   a statement of whether the Settlement Class Member or his or her counsel intends to appear and argue at the Final Approval Hearing; and

    f.   evidence or other information showing that the Settlement Class Member is a member of the Settlement Class.

Any Settlement Class Member who retains an attorney to prepare the written objection and/or who intends to appear at the Final Approval Hearing through counsel must, in addition to the information stated above, include in the written objection:

    a.   the attorney's experience with class actions, including the capacity in which the attorney participated in each class action (e.g. plaintiffs', defendants' or objectors' counsel), and the outcome of each case; and

    b.   each case in which the attorney has previously represented an objector in a class action, the disposition or effect that any objection had on each class action case, and whether the attorney was paid for each case that was voluntary dismissed, at any time, including on appeal.

Regardless of whether the Settlement Class Member employs an attorney to prepare the written objection, the Settlement Class Member must sign the written objection personally as an attestation that the Settlement Class Member discussed the objection with his or her attorney and has fully reviewed the written objection.

Any Settlement Class Member filing an objection may be required to sit for a deposition regarding matters concerning the objection. Any Settlement Class Member who fails to comply with the provisions in this Paragraph shall waive and forfeit any and

all rights he or she may have to object, and shall be bound by all the terms of the

Settlement Agreement, this Order, and by all proceedings, orders, and judgments,

including, but not limited to, the Release in the Settlement Agreement if Final Judgment

is entered.

Any Settlement Class Member, including a Settlement Class Member who files

and serves a written objection, as described above, may appear at the Final Approval

Hearing, either in person or through counsel hired at the Settlement Class Member's

expense, to object to or comment on the fairness, reasonableness, or adequacy of the

Settlement, the Fee Request, or the Service Payments Request.  Settlement Class

Members must serve a notice of intention to appear on Consumer Plaintiffs' Lead

Counsel and on Target's Counsel, and file said notice with the Court, at the addresses

provided above no later than July 31, 2015.

If Final Judgment is entered, any Settlement Class Member who fails to object in

the manner prescribed herein shall be deemed to have waived his or her objections and

shall be forever barred from making any such objections in the Consumer Actions or in

any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or

modify any approval of the Settlement Agreement, the Fee Request, and the Service

Payments Request.

12.     **Claims Process and Distribution Plan.**  The Settlement Agreement

contemplates the establishment of a Settlement Fund and a claims process.  Target will

fund the payment of claims to be determined by the Settlement Administrator and the

Service Payments awarded to the Settlement Class Representatives up to a combined total of $10 million.

Settlement Class Representatives and Target have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form.  The Court preliminarily approves the Distribution Plan substantially in the form attached to the Settlement Agreement as Exhibit 1 and directs that the Settlement Administrator make the claim form, or its substantial equivalent, available to Settlement Class Members in the manner specified in the Notice Plan.

The Settlement Administrator will be responsible for effectuating the claims process.  Target will pay all reasonable fees and expenses of the Settlement Administrator, and such payments shall be in addition to the $10 million Settlement Fund.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notices and the claim form.  If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the claim form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the releases included in that Agreement, and the Final Judgment.

13.     **Termination of Settlement.**  This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (b) there is no Effective Date.  In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14.     **Use of Order.**  This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Target of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

15.     **Stay of Proceedings and Preliminary Injunction.**  All discovery and deadlines set by the Court in the Consumer Actions are stayed and suspended pending the Final Approval Hearing or until further order of this Court.

13

Any actions or proceedings pending in any court in the United States filed by Settlement Class Members based on or relating to the Intrusion are stayed pending the Final Approval Hearing and the issuance of the Final Judgment.

In addition, pending the Final Approval Hearing and the issuance of the Final Judgment, all Settlement Class Members are enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from, any other lawsuit, arbitration, or other proceeding or order in any jurisdiction based on or relating to the Intrusion or the claims and causes of action alleged in the Consumer Actions.  The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the Consumer Actions.  Pursuant to Fed. R. Civ. P. 65(c), Settlement Class Counsel will provide security of $1000 to pay the costs and damages sustained by any party found to have been wrongfully enjoined.

16.     **Continuance of Hearing.**  The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

Dated: _____, 2015                   _____

                                                    Paul A. Magnuson
                                                    United States District Judge

14

# EXHIBIT 8

# SETTLEMENT CLASS REPRESENTATIVES

1. Abels, Corey
2. Alston, Nicole
3. Barbour, Darine
4. Bearden, Misty
5. Bensinger, Steven
6. Bertucci, Heidi
7. Boasso, Christopher
8. Bok, Cathy
9. Boykin, Tasha
10. Breaux, Jonny
11. Brigida, Tracy
12. Bryant, Michele
13. Burnett, Timothy
14. Casey, Winston
15. Coca, Kenneth
16. Council, Bryan
17. Craig, Michael
18. Crawford, Jerry
19. Cueva, Rosemary
20. Davis, Raymond
21. Dean, David
22. Del Nagro, Christie
23. DeVito, Lisa
24. Dolemba, Herminia
25. Donald, Barbara
26. Dorobiala, Thomas
27. Dorsch, Terry
28. Eichorst, Pamela
29. Ellington, Misty
30. Eshtiyag, Sami
31. Fahy, John Patrick
32. Farol, Alissa
33. Fazio, Lynda
34. Ford, Gregory
35. Fowler, Bruce
36. Gleine, Dennis
37. Goldstein, Roni
38. Groves, Ted
39. Guercio, Deborah
40. Hausner, Anay

41. Heilman-Keck, Terri
42. Herring, Heather
43. Homa , Stephen
44. Huerta, Eliza
45. Humphrey, Ronald
46. Ignatova, Valentina
47. Jaroszewski, Paul
48. Jefferson, Robert
49. Keller, Brystal
50. Keller, Eric
51. Kelly, Marilyna
52. Kempe, Vartouhi
53. King , Aimee
54. Kirby, Jeanne
55. Kisner, Janice
56. Knicely, Jason
57. Knox, Jerron
58. Kowalcyk, Alexis
59. Kurtz, William
60. Lagano, Stephen
61. Lederman, Sylvia
62. Levin, Susan
63. Linscott II, Mark
64. Liston, Jason
65. Lovelace, Marion
66. Luby, Linda
67. Mackey, Patrick
68. Madison, Joseph
69. Mannion, Michelle
70. Marciniak, Matthew
71. Meier, Janice
72. Melnichuk, Julie
73. Meyers, John
74. Miller, Cheryl
75. Miller, Patricia
76. Moore, Piper
77. Morales, Michelle
78. Morgan, Sondra
79. Noe, Cynthia
80. Norder, Darcy
81. Murphy, Lorne

82. Papka, Stephen
83. Pietanza, Martino
84. Polk, Cynthia
85. Prickett, Val
86. Quillian, Abda
87. Raleigh, Kami
88. Ramert, Kethra
89. Ransom, Gloria
90. Reynoso, Martha
91. Rippy, Amber
92. Rhodes, Deborah
93. Rogers, Cheryl
94. Rosellini, Tony
95. Rosenberg, Andrew
96. Rossi, Julia
97. Ryals, Susan
98. Sanders, Sharon
99. Savedow, Scott
100. Schmidt, Jodi
101. Schmidt, David
102. Simonsen, Anita
103. Smart, Frederick
104. Smith, Brian Parit
105. Sountharavong, Stan
106. Stewart, Amanda
107. Sutton, Aimee
108. Thomas, Dovina
109. Webb, Mary
110. Williams, Lois
111. Wilson, Jean
112. Wolff, Leslie

# EXHIBIT 9

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re:  Target Corporation Customer Data Security Breach Litigation,

This document relates to the Consumer Cases.

MDL No. 14-2522 (PAM/JJK)

## NOTICE OF CLASS ACTION SETTLEMENT PURSUANT TO 28 U.S.C. § 1715

Defendant Target, by and through its undersigned counsel, hereby gives notice pursuant to 28 U.S.C. § 1715 of a proposed settlement of the Consumer Cases in the above-captioned action (the "Action").  In accordance with 28 U.S.C. § 1715(b), Target states as follows:

1.      A copy of each of the complaints in the Action and all materials filed therewith are electronically available on the Court's Pacer website found at http://www.mnd.uscourts.gov/pacer.shtml.  Through the docket report for Case No. 14-MD-2522 (PAM/JJK), the transfer order by the Judicial Panel on Multidistrict Litigation can be found at Docket No. 1 (dated April 2, 2014), and the amended consolidated complaint at Docket No. 182 (dated August 25, 2014).

2.      On March 18, 2015, the Settlement Class Representatives filed a motion for preliminary approval of the proposed settlement in the Consumer Actions.  The motion is set for hearing on March 19, 2015 at 10:00 a.m.

3.      The terms of the proposed settlement are contained in the enclosed Settlement Agreement and Release, which was filed with the Court on March 18, 2015.

1

4.      The proposed notifications to class members of the proposed settlement and their right to request exclusion from the settlement class are Exhibits 3-5 to the enclosed Settlement Agreement.

5.      There is no settlement or other agreement contemporaneously made between Settlement Class Counsel and counsel for Target.

6.      At this time, there has been no final judgment or notice of dismissal of the Consumer Actions.

7.      Due to the large size of the class, it is not feasible for Target to identify the names of class members that reside in each State.  The table in paragraph 8 below sets forth a reasonable estimate of the number of known class members whose credit or debit card information was stolen as a result of the data breach and the estimated proportionate share of the claims of such members to the entire settlement, taking into account the class members whose personal information Target believes was stolen by the attacker identified in paragraph 9 below. The table in paragraph 9 below sets forth a reasonable estimate of the number of known class members whose personal information Target believes was stolen and the estimated proportionate share of the claims of such class members to the entire settlement, taking into account the class members whose credit or debit card information was stolen identified in paragraph 8 below. Note that there may be overlap between the tables in paragraphs 8 and 9 to the extent that a particular guest's credit or debit card information and personal information may have been stolen by the attacker.

8.      **Estimated Number of Class Members Whose Credit or Debit Card**

**Information Was Stolen:**  The approximate numbers that are provided below are based on

Target's analysis of the credit and debit card accounts that were used at terminals impacted by

the malware from November 27 to December 15, 2013.  Target's point-of-sale terminals do not

retain guest mailing addresses, so the approximate numbers by state provided below are based on

the location of the store where the guest used his or her credit or debit card.

| State | Estimated Number of Class Members for Payment Card Accounts | Estimated Proportionate Share |
|---|---|---|
| Alaska | 60,000 | 0.06% |
| Arizona | 1,160,000 | 1.14% |
| Arkansas | 210,000 | 0.21% |
| California | 7,760,000 | 7.61% |
| Connecticut | 500,000 | 0.49% |
| District of Columbia | 60,000 | 0.06% |
| Florida | 2,940,000 | 2.88% |
| Georgia | 1,250,000 | 1.23% |
| Hawaii | 130,000 | 0.13% |
| Idaho | 140,000 | 0.14% |
| Illinois | 2,120,000 | 2.08% |
| Indiana | 810,000 | 0.79% |
| Iowa | 530,000 | 0.52% |
| Kansas | 400,000 | 0.39% |
| Kentucky | 370,000 | 0.36% |
| Maine | 120,000 | 0.12% |
| Maryland | 1,040,000 | 1.02% |
| Massachusetts | 1,000,000 | 0.98% |
| Michigan | 1,240,000 | 1.22% |
| Minnesota | 1,550,000 | 1.52% |
| Montana | 150,000 | 0.15% |
| Nebraska | 300,000 | 0.29% |
| Nevada | 400,000 | 0.39% |
| New Jersey | 1,210,000 | 1.19% |
| New Mexico | 230,000 | 0.23% |
| New York | 1,960,000 | 1.92% |
| North Carolina | 1,290,000 | 1.26% |
| North Dakota | 150,000 | 0.15% |
| Ohio | 1,480,000 | 1.45% |
| Oklahoma | 390,000 | 0.38% |
| Oregon | 540,000 | 0.53% |
| Pennsylvania | 1,660,000 | 1.63% |
| Rhode Island | 110,000 | 0.11% |
| South Carolina | 510,000 | 0.50% |

| State | Estimated Number of Class Members for Payment Card Accounts | Estimated Proportionate Share |
|---|---|---|
| South Dakota | 130,000 | 0.13% |
| Tennessee | 770,000 | 0.75% |
| Texas | 3,560,000 | 3.49% |
| Utah | 370,000 | 0.36% |
| Virginia | 1,430,000 | 1.40% |
| Washington | 1,050,000 | 1.03% |
| Wisconsin | 860,000 | 0.84% |
| TOTAL | 41,940,000 | 41.11% |

9. **Estimated Number of Class Members Whose Personal Information Target**

**Believes Was Stolen:** Target's Guest Services Database does not maintain a mailing address for each guest, so the figures below reflect those guests whose personal information Target believes was stolen and for whom the Database includes a mailing address.

| State | Estimated Number of Class Members with Contact Information | Estimated Proportionate Share |
|---|---|---|
| Alaska | 130,000 | 0.13% |
| Arizona | 1,300,000 | 1.27% |
| Arkansas | 450,000 | 0.44% |
| California | 8,330,000 | 8.16% |
| Connecticut | 780,000 | 0.76% |
| District of Columbia | 240,000 | 0.24% |
| Florida | 4,180,000 | 4.10% |
| Georgia | 1,950,000 | 1.91% |
| Hawaii | 170,000 | 0.17% |
| Idaho | 280,000 | 0.27% |
| Illinois | 2,980,000 | 2.92% |
| Indiana | 1,250,000 | 1.23% |
| Iowa | 730,000 | 0.72% |
| Kansas | 620,000 | 0.61% |
| Kentucky | 710,000 | 0.70% |
| Maine | 250,000 | 0.25% |
| Maryland | 1,540,000 | 1.51% |
| Massachusetts | 1,560,000 | 1.53% |
| Michigan | 1,980,000 | 1.94% |
| Minnesota | 1,660,000 | 1.63% |
| Montana | 210,000 | 0.21% |
| Nebraska | 420,000 | 0.41% |
| Nevada | 490,000 | 0.48% |
| New Jersey | 1,960,000 | 1.92% |
| New Mexico | 320,000 | 0.31% |

| State | Estimated Number of Class Members with Contact Information | Estimated Proportionate Share |
|---|---|---|
| New York | 4,350,000 | 4.26% |
| North Carolina | 1,870,000 | 1.83% |
| North Dakota | 180,000 | 0.18% |
| Ohio | 2,200,000 | 2.16% |
| Oklahoma | 670,000 | 0.66% |
| Oregon | 830,000 | 0.81% |
| Pennsylvania | 2,590,000 | 2.54% |
| Rhode Island | 210,000 | 0.21% |
| South Carolina | 810,000 | 0.79% |
| South Dakota | 180,000 | 0.18% |
| Tennessee | 1,190,000 | 1.17% |
| Texas | 5,000,000 | 4.90% |
| Utah | 630,000 | 0.62% |
| Virginia | 2,020,000 | 1.98% |
| Washington | 1,580,000 | 1.55% |
| Wisconsin | 1,290,000 | 1.26% |
| TOTAL | 60,090,000 | 58.89% |

10.     At this time, there has been no written judicial opinion relating to the materials described in subparagraphs (3) through (6) of 28 U.S.C. § 1715.


Date:   March __, 2015

_____
Harold J. McElhinny, CA #66781*
Jack W. Londen, CA #85776*
Rebekah Kaufman, CA #213222*
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
(415) 268-7000
(415) 268-7522
HMcElhinny@mofo.com
JLonden@mofo.com
RKaufman@mofo.com

David F. McDowell, CA #125806*
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543

(213) 892-5200
(213) 892-5454
DMcDowell@mofo.com

\* Admitted *pro hac vice* per Pretrial Order
No. 1

*Counsel for Defendant Target Corporation*

Wendy J. Wildung, MN #117055
Michael A. Ponto, MN #203944
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
(612) 766-1600
wendy.wildung@FaegreBD.com
michael.ponto@FaegreBD.com

*Local Counsel for Defendant Target*
*Corporation*