# EXHIBIT 5

Cote D.

8/5/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION | No. 11-md-02293 (DLC)<br>ECF Case |
| This Document Relates to:<br>ALL ACTIONS | CLASS ACTION |

# [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS PLAINTIFFS' SETTLEMENTS WITH HARPERCOLLINS, HACHETTE AND SIMON & SCHUSTER

010260-11 617338 V1

Class Plaintiffs and defendants Hachette Book Group, Inc., Hachette Digital, Inc. and Hachette Livre SA (collectively, "Hachette"), HarperCollins Publishers L.L.C. ("HarperCollins"), Simon & Schuster, Inc. and Simon & Schuster Digital Sales, Inc. (collectively, "Simon & Schuster") entered into a Settlement Agreement dated June 20, 2013 ("Settlement Agreement"). This Settlement Agreement has been presented to the Court for preliminary approval pursuant to Sections 4, and 16 of the Clayton Act, 15 U.S.C. §§ 15, and 26. Upon review and consideration of this Settlement Agreement, the Class Plaintiffs' Motion and Memorandum in Support of Class Plaintiffs' Motion for Preliminary Approval of HarperCollins, Hachette and Simon & Schuster Settlements ("Plaintiffs' Memorandum in Support of Motion"), and the attachments thereto, all of which have been filed with the Court, and for good cause appearing therein;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## GENERAL FINDINGS

1. The Court has jurisdiction over this action and each of the parties.

2. The Court, for purposes of this Order, adopts the definitions set forth in the Settlement Agreement.

3. The Court, for purposes of this Order, finds a class consisting of natural persons in the State of Minnesota who have purchased E-books published by the Named Publishers during the period from April 1, 2010 until May 21, 2012 is hereby conditionally certified pending final approval of the Settlement Agreement, and meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure.

4. The Court designates Hagens Berman Sobol Shapiro LLP and Cohen Milstein Sellers & Toll PLLC as Counsel for the Settlement Class.

5. The Court designates Anthony Petru, Marcus Mathis, Christian Gilstrap, Cynthia

J. Tyler, Thomas Friedman, Jeremy Sheppeck, Aloysius J. Brown, III, Anne M. Rinaldi, Laura J. Warner, Barbara Heath, Kathleen Linda Pitlock, Kathleen Weiss, Matthew A. Hosking, Diane Urbanec, Ed Macauley, Ronna Hamelin, James L. Nesmith, Lauren Albert, Sue Roberts, Shane S. Davis, Sue Ellen Gordon, Charles Leonard Pelton, Sr., Kimberly Whiteside Brooks, Steven D. Campbell, and Jessica Moyer as the Settlement Class Plaintiffs.[1]

## PRELIMINARY APPROVAL OF SETTLEMENT
## AND PROPOSED DISTRIBUTION PLAN

6. The Court finds that the Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and falls within the range of possible approval.

7. The Court finds that the settlements encompassed by the Settlement Agreement including the proposed methods of distribution and allocation of the monies paid in settlement of the actions against HarperCollins, Hachette and Simon & Schuster, as outlined in the Settlement Agreement, and in the Plaintiffs' Consumer Distribution Plan (attached as Exhibit G to the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Macmillan and Penguin Settlements and Proposed Consumer Notice and Distribution Plans) are entitled to

---

[1] For the avoidance of doubt, certain of these individuals (Marcus Mathis, Christian Gilstrap, Jeremy Sheppeck, Anne Rinaldi, Barbara Heath, Matthew A. Hosking, Diane Urbanec, Ed Macauley, Ronna Hamelin, Charles Leonard Pelton Sr., Kimberly Whiteside Brooks, Steven D. Campbell, and Jessica Moyer) reside in a State in which an action was already brought by the Attorneys General in their capacity as *parens patriae* under the authority of Section 4C of the Clayton Act, 15 U.S.C. § 15(c) and in which Final Judgment already has been entered. *See The State of Texas et al. v. Hachette Book Group, Inc. et al.*, Case No. 12-cv-6625 (DLC) (Feb. 8, 2013) (ECF No. 71) ("States Action"). Nor did these individuals file valid or timely requests for exclusion from the settlement agreements in connection with the States' Action. Consequently, these individuals are bound by the terms of the settlement agreements and Final Judgment entered in connection with the States' Action and have no remaining claims against HarperCollins, Hachette, or Simon & Schuster.

preliminary approval.

8. The Court finds the Settlement Agreement satisfies the requirements of 15 U.S.C. § 15 and due process.

9. The terms of the Settlement Agreement and the Distribution Plan are hereby preliminarily approved and notice of them shall be given as provided in this Order.

## NOTICE OF SETTLEMENT

10. The Court finds that the form and content of the proposed Notices and Notice Plan to the Settlement Class (Exhibit D to the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Macmillan and Penguin Settlements and Proposed Consumer Notice and Distribution Plans) are in full compliance with the requirements of 15 U.S.C. § 15 and Federal Rule of Civil Procedure 23, constitute the best notice practicable under the circumstances and satisfy due process. The Court further finds that the Notice provides to the eligible Consumers sufficient information to make informed and meaningful decisions regarding their options in this litigation and the effect of the Settlement Agreement on their rights. The Court approves the Notice Plan and approves the distribution of the various emails, and Internet notice, in substantially the same form as included in the Notice Plan.

11. The Court finds that the proposed forty-five (45) day Notice Period is adequate for eligible Consumers to exercise their right to object to the proposed settlement or to exclude themselves from the proposed settlement. The Notice Period shall begin no later than thirty (30) days after the entry of this Preliminary Approval Order, and end forty-five (45) days thereafter. The Court further finds that a seventy-five (75) day period after the entry of this Preliminary Order for Consumers to submit electronic or paper claims, elect whether to select a check instead of a credit, and submit requests for exclusions or objections, is fair and adequate.

12. As soon as practicable after entry of this Order, but no later than thirty (30) days

- 3 -

010260-11 617338 V1

after the date of entry hereof, Class Counsel shall cause notice to be disseminated to the eligible Consumers in accordance with the Notice Plan and the terms of this Order. Prior to the Fairness Hearing, Class Counsel shall cause to be served and filed sworn statements attesting to compliance with the Notice Plan.

13. The Court approves the expenditure of actual notice and administrative costs reasonably incurred in the amount and manner and to the extent provided for in paragraphs III(B) and IV(A)-(G) of the Settlement Agreement for the purpose of providing Notices to eligible Consumers in accordance with the Notice Plan and to administer the Distribution Plan. The Escrow Agent is directed to pay such costs as they have been or are hereafter reasonably incurred upon Written Direction, as provided in the Settlement Agreement.

## REQUESTS FOR EXCLUSION

14. All eligible Consumers who submit valid and timely requests for exclusion from the Settlement during the Notice Period pursuant to, and complying with, instructions contained in the Notice, shall not have any rights under that Settlement Agreement and shall not be bound by that Settlement Agreement or the final judgment as it relates to that Settlement.

15. All eligible Consumers who do not submit valid and timely requests for exclusion from the Settlement during the Notice Period pursuant to, and complying with, instructions contained in the Notice shall be bound by the Settlement and by the final judgment, in the event that the Settlement Agreement is finally approved by the Court.

## THE FAIRNESS HEARING

16. A hearing on final settlement approval (the "Fairness Hearing") is hereby scheduled to be held before the undersigned on _December 6, 2013_ at _3:00 p_.m. Eastern Standard Time in Courtroom No. 15B, United States Courthouse, 500 Pearl Street, New York, NY, 10007-1312 to consider the fairness, reasonableness and adequacy of the Settlement, the dismissal with

- 4 -

010260-11 617338 V1

prejudice of this action as to HarperCollins, Hachette and Simon & Schuster, and the entry of final judgment in this action.

17. Any eligible Consumer who has not previously filed a request for exclusion from the Settlement may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Settlement, the dismissal with prejudice of this action as to HarperCollins, Hachette and Simon & Schuster and/or the entry of final judgment. Provided, however, no person shall be heard in opposition to the Settlement, dismissal and/or entry of final judgment and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before October 21, 2013 such person: (a) files with the Clerk of Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement, the dismissal of claims and/or the entry of final judgment and any documentation in support of such opposition, and (b) serves a copy of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon the Claims Administrator at: E-books AG Settlements Objections, P.O. Box 2825, Faribault, MN 55021-8630.

18. Any eligible Consumer who does not file, and serve as required, an objection within the Notice Period in the manner provided in the Notice and this Order shall be deemed to have waived any such objection by appeal, collateral attack or otherwise.

19. The date and time of the Fairness Hearing shall be set forth in the Notices, but shall be subject to adjournment by the Court without further notice to eligible Consumers other than that which may be posted by the Court.

20. The Parties shall file with the Court any pleadings or memoranda in support of the

Settlement and Settlement Agreement at least ten (10) calendar days before the Fairness Hearing.

## CONFIDENTIALITY

21.     No information received by the Notice and Claims Administrator in connection with the Settlement that pertains to a particular eligible Consumer, other than information contained in a request for exclusion or in an objection, shall be disclosed to any person or entity other than as directed by the Court.

## OTHER PROVISIONS

22.     The Settlement Agreement, subject to this Court's final approval, fully and finally compromise, settle and resolve Class Plaintiffs' claims subject to the terms and conditions set forth in the Settlement Agreement.

23.     All discovery and other pretrial proceedings in this action are hereby stayed pending the Effective Date of the Settlements as defined in the Settlement Agreement, except such proceedings as may be necessary to implement the terms of the Settlement Agreement.

24.     If the Settlement Agreement is terminated or otherwise does not become effective in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Class Plaintiffs, HarperCollins, Hachette and Simon & Schuster.

25.     Neither this Order nor the Settlement Agreement shall constitute any evidence or admission of liability by HarperCollins, Hachette and Simon & Schuster nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by HarperCollins, Hachette and Simon &

Schuster in connection with any action asserting claims that are released by the terms of the Settlement Agreement.

**SO ORDERED.**

DATED: August 5, 2013

_____
HON. DENISE L. COTE
UNITED STATES DISTRICT COURT JUDGE