# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Target Corporation Customer Data Security Breach Litigation<br><br>This Document Relates to:<br><br>All Consumer Cases | MDL No. 14-2522 (PAM/JJK)<br><br>**DECLARATION OF THE HONORABLE ARTHUR J. BOYLAN (RET.)** |

I, Arthur J. Boylan, declare:

**Background**

1. I submit this Declaration in support of preliminary approval of the class action settlement reached as a result of good faith, arm's length and highly professional negotiations between counsel for Plaintiffs in the consumer cases and counsel for Target.

2. I began my legal career in 1976 as a trial attorney, representing both plaintiffs and defendants. I served for ten years as a District Court Judge on Minnesota's general jurisdiction court. I was privileged to be appointed as a Federal Magistrate Judge in 1996. In 2010, I was named Chief Magistrate Judge of the District Court for the District of Minnesota. I served in that capacity until I retired on January 8, 2014 and subsequently began my full-time mediation practice.

3. I have extensive experience as a mediator. As one of the Federal Courts' Alternative Dispute Resolution Neutrals, I have assisted the parties in settling thousands of cases, including in the areas of antitrust, securities law, class action, copyright and employment law. Illustrative notable cases in which I have served as a mediator include: *Brady v. The National Football League* (antitrust/labor lockout); *Stockwalk Group v. Deutsche Bank/E*Trade v. Nomura Canada* (securities law); *Guidant/Boston Scientific Implantable Defibrillators Product Liability Litigation* (MDL); *Rottland v. Pinnnacle* (copyright); *MN Association of Nurse Anesthetists v. Allina* (whistleblower); *Levaquin Pharmaceutical Product Liability Litigation* (MDL); *Peterson v. Seagate* (class action employment); *Lockwood Motors v. General Motors* (class action franchise); *Zurn Pex Plumbing Product Liability* (MDL); *Insignia Systems v. News America* (antitrust); *Minneapolis Firefighters v. Medtronic* (shareholders class action/securities); *USA, ex rel., Allen v. Guidant* (whistleblower); *Auto-Owners Ins. Co. v. Kottkes' Bus Service*

(school bus, personal injury); and *ADT v. Swenson* (wrongful death product liability). In my role as a mediator, I consider myself to be a neutral, representing neither plaintiffs nor defendants.

**Mediation Process**

4. Consumer Plaintiffs' Lead Counsel and Target's Counsel retained me to serve as a mediator in this matter on August 11, 2014. In advance of the first mediation session on August 11, 2014, I personally met with Consumer Plaintiffs' Lead Counsel and Target's Counsel in separate introductory meetings on August 4 and 5, 2014, respectively.

5. Information is critically important in mediation. Both before and during the mediation process, I requested, received and reviewed extensive written materials from counsel for the parties setting out their respective positions and views concerning the facts, claims, defenses and assessments of risks in the litigation. I also reviewed the pleadings filed in this litigation, including Consumer Plaintiffs' Consolidated Class Action Complaint and Consumer Plaintiffs' First Amended Consolidated Class Action Complaint; the parties' briefing papers in connection with Target's motion to dismiss; and the Honorable Paul A. Magnuson's Memorandum and Order filed December 18, 2014, granting in part and denying in part Target's motion to dismiss. During the mediation of this case, I also requested and reviewed materials submitted by the parties relating to settlement agreements reached in other retailer data breach lawsuits, as well as correspondence from the parties, and was further informed through discussions with counsel for both parties concerning the meaning and significance of such settlements.

6. I conducted and facilitated numerous mediation sessions between counsel for the parties. These in-person negotiating sessions began on August 11, 2014, and continued on October 27, December 11, 18, 19, 22 and 29, 2014 and on January 8, 2015. During the

mediation sessions and throughout the mediation process, the parties exchanged numerous offers and counter-offers and vigorously advocated and defended their respective positions on behalf of their clients. I had numerous separate teleconferences with Consumer Plaintiffs' Counsel and Target's Counsel between the mediation sessions, and I received written submissions from counsel for the parties between sessions as well as throughout the course of the mediation process. Additionally, the parties' counsel engaged in settlement communications via email, correspondence and telephone exchanges outside of the formal mediation sessions. During the mediation sessions, I met individually with counsel for each party and also facilitated joint discussions between counsel for both parties. Through this process, I became intimately familiar with the nature of the claims and defenses asserted in this case.

7. While both parties were confident in the strength of their respective positions, continued litigation carried a substantial risk for both sides. Absent a settlement, the litigation in this matter would likely have continued for a long time and at significant expense to both sides with uncertain results. This litigation is complex and involved numerous difficult factual and legal issues in an evolving area of the law. Based on my review of the mediation briefing and supporting documentation provided by the parties, the detailed presentations by Consumer Plaintiffs' Counsel and Defendant's Counsel, and the mediation sessions and written submissions of the parties, it is my opinion that continued litigation posed significant risks for both sides.

8. The mediation in this case was conducted on both sides by highly experienced and highly skilled counsel who were fully prepared and had an excellent understanding of the strengths and weaknesses of the claims and defenses asserted in the litigation. The quality of the advocacy on both sides was extremely high. While demonstrating consistent professionalism, counsel for each side zealously, yet at all times with civility, advanced their respective arguments

in the best interests of their respective clients. Each side demonstrated a willingness to continue to litigate rather than accept a settlement that was not in the best interests of their clients. The hard-fought negotiations in this matter were exhausting and, at times, frustrating for the parties and their counsel. However, the discussions and exchanges allowed the parties to express their respective views of the strengths and weaknesses of the parties' positions in the case. Throughout these negotiations, the settlement process was conducted at arm's-length and, while conducted in a highly professional manner, was quite adversarial. Negotiations broke down and, following issuance of the Court's motion to dismiss, resumed and accelerated.

**The Settlement**

9.   Through these good faith, rigorous negotiations and mediation sessions, the parties reached an agreement to settle this action. I have reviewed the term sheet developed by the parties for settlement of the consumer cases in this litigation. The settlement provides for significant monetary and equitable relief to Consumer Plaintiffs and the putative consumer Class. The provisions of the settlement relating to payment by Target of any attorneys' fees and costs approved by the Court were negotiated only after the substantive merits were discussed, negotiated and agreed upon by the parties.

10.   The Court, of course, will determine the fairness, reasonableness and adequacy of the settlement under governing legal standards. From my perspective as mediator, however, I can attest that the proposed settlement is a reasonable result, obtained at arm's length after a professionally conducted, adversarial negotiating process and is consistent with the risks and potential rewards of the claims asserted when gauged against the alternative of continued, uncertain litigation. Based on the facts and circumstances presented by the parties, my review of the pleadings and motion papers filed in this litigation, my experience as a mediator including in

mediating class action settlements, and settlements reached in similar data breach litigation, it is my opinion that the settlement provides for substantial benefits and relief to the Class and is a fair, adequate and reasonable settlement reached through arm's-length negotiations by skilled, well informed counsel with sufficient information from investigation, discovery and litigation and through the intensive mediation process described above. It is my opinion that the settlement is not only within the range of reasonableness and subject to preliminary approval but is fair, adequate, and reasonable and in the best interests of the Consumer Plaintiffs and the proposed Class.

I declare under penalty of perjury that the foregoing is true and correct.
Executed this 22nd day of January, 2015, in Minneapolis, Minnesota

_____
Arthur J. Boylan

22nd day of January 2015

SHEILA R. TAPPE
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2020

Sheila R. Tappe

6