# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Target Corporation Customer Data Security Breach Litigation<br><br>This Document Relates to:<br><br>All Consumer Cases | MDL No. 14-2522 (PAM/JJK) |

### ORDER CERTIFYING A SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS

This matter came before the Court on Consumer Plaintiffs' Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement.

Consumer Plaintiffs filed their Consolidated Class Action Complaint (ECF No. 182) on August 25, 2014 and filed their First Amended Consolidated Class Action Complaint (ECF No. 258) ("Complaint") on December 1, 2014. In their Complaint, Consumer Plaintiffs allege various claims against Defendant Target Corporation ("Target") arising out of the breach of Target's computer network that Target first announced on December 19, 2013, including claims alleging violations of state consumer laws and state data breach statutes, and negligence, breach of implied and express contract, bailment, and unjust enrichment claims. On December 18, 2014, following briefing and a hearing, the Court issued a Memorandum and Order (ECF No. 281), granting in part and denying in part Target's motion to dismiss the Complaint.

Plaintiffs' Class Counsel has conducted a thorough examination, investigation, and evaluation of the relevant law, facts and allegations and has engaged in sufficient discovery to assess the merits of the claims and Target's liability and defenses in the Consumer Actions.

Consumer Plaintiffs, by Consumer Plaintiffs' Lead Counsel and additional proposed Settlement Class Counsel, and Target Corporation, by Target's Counsel, have entered into a Settlement Agreement following good faith, arm's length negotiations and mediation overseen by retired Magistrate Judge Arthur J. Boylan, in which the Parties have agreed to settle the Consumer Actions consolidated for pre-trial purposes in this MDL proceeding, pursuant to the terms of the Settlement, subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the Settlement which, if approved, will result in dismissal of the Consumer Actions with prejudice.

The Court having reviewed the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and good cause appearing based on the record,

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. **<u>Class Certification for Settlement Purposes Only.</u>** The Settlement Agreement provides for a Settlement Class defined as follows:

> All persons in the United States whose credit or debit card information and/or whose personal information was compromised as a result of the data breach that was first disclosed by Target on December 19, 2013.

Excluded from the class are the Court, the officers and directors of Target, and persons who timely and validly request exclusion from the Settlement Class.

The Consumer Actions are certified as a class action for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3). The Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Settlement Class Representatives and Settlement Class Counsel.**

Consumer Plaintiffs identified in Exhibit 8 attached to the Settlement Agreement are designated as the Settlement Class Representatives. The Court finds that the Settlement Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will be adequate Settlement Class Representatives.

The Court finds that the following are experienced and adequate counsel and are hereby designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g): Consumer Plaintiffs' Lead Counsel Vincent J. Esades, Heins Mills & Olson, P.L.C.; E. Michelle Drake, Nichols Kaster, PLLP, appointed by the Court to serve as Liaison Counsel in the Consumer Actions; John A. Yanchunis, Morgan & Morgan Complex Litigation Group, PA, who serves on the Executive Committee – Coordinating Lead and Liaison Counsel; and members of the Consumer Steering Committee, Ariana J. Tadler, Milberg LLP, Norman E. Siegel, Stueve Siegel Hanson LLP and Daniel C. Girard, Girard Gibbs, LLP.

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds that the Settlement is fair, reasonable and adequate to warrant providing notice of the Settlement to the Class and accordingly is preliminarily approved.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a).

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on Tuesday, November 10, 2015 at 10:00 a.m. in Courtroom 7D of the Warren E. Burger Federal Building and U.S. Courthouse, 316 N. Robert Street, St. Paul, MN 55101, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) the Consumer Actions should be dismissed with

prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of attorneys' fees and expenses (the "Fee Request") should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of Settlement Class Representatives for Service Payments (the "Service Payments Request") should be approved.

The submissions of the Parties in support of final approval of the Settlement shall be filed with the Court no later than thirty (30) days prior to the Final Approval Hearing and may be supplemented up to seven (7) days prior to the Final Approval Hearing.

Settlement Class Representatives' Service Payments Request and Settlement Class Counsel's Fee Request shall be filed with the Court at least 21 days prior to the deadline for submission of objections specified in the Notice.

6. **Administration.** The Court appoints Rust Consulting, Inc. as the Settlement Administrator, with responsibility, together with Kinsella Media, LLC, for class notice and claims administration. Target shall pay reasonable costs of administration and class notice costs, which payments will be in addition to and independent of the Settlement Fund.

7. **Notice to the Class.** The proposed Notice Plan (Exhibit 6 to the Settlement Agreement) and Notices attached to the Settlement Agreement as Exhibits 3 - 5, and claim form attached to the Distribution Plan, which is Exhibit 1 to the Settlement Agreement, are hereby approved.

Within 45 days of entry of this Order, the Settlement Administrator will begin sending Notice by email to all Class Members for whom Target has an email address, which addresses shall be provided to the Settlement Administrator by Target no later than five business days after the date of entry of the Preliminary Approval Order. The email notice shall be substantially in the form of the Postcard Notice attached to the Settlement Agreement as Exhibit 5.

Thereafter, the Settlement Administrator will send the Postcard Notice provided in the Notice Plan by United States Mail to all Settlement Class Members for whom Target does not have an email address but for whom Target has a United States postal address. Target shall supply such United States postal addresses to the Settlement Administrator no later than five business days after this Order is entered. The mailed notice shall be substantially in the form of the Postcard Notice attached to the Settlement Agreement as Exhibit 5.

Thereafter, the Settlement Administrator will publish notice substantially in the form of the Summary Notice attached as Exhibit 4 in accordance with the Notice Plan.

Within fifteen (15) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall establish an Internet website that will inform Class Members of the terms of the settlement, their rights, dates and deadlines, and related information.

Prior to the dissemination of the Notice by email, the Settlement Administrator shall establish a toll-free telephone number Class Members may call to obtain settlement-related information.

Not later than fourteen (14) calendar days before the date of the Final Approval Hearing, the Settlement Administrator shall file with the Court a declaration setting forth the Settlement Administrator's execution of and compliance with the Notice Plan.

8. **Findings Concerning Notice.** The Court finds that the form, content and method of giving notice to the Class as described in Paragraph 7 of this Order and the Notice Plan: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that all of the Notices are written in plain language, use simple terminology, and are designed to be readily understandable by Class Members.

9. **Class Action Fairness Act Notice.** The Court has evaluated the Class Action Fairness Act Notice attached to the Settlement Agreement as Exhibit 9. The Court finds that the form, content, and manner of service of notice required by 28 U.S.C. § 1715 on the Attorney General of the United States, which this Court finds to be the "appropriate Federal official," and the Attorneys General of each State, which the Court finds to be the "appropriate State Official[s]," complies with applicable law, including

specifically the requirements of 28 U.S.C. § 1715. Within thirty (30) days after entry of this Preliminary Approval Order, Target shall file with the Court a Notice of compliance with 28 U.S.C. § 1715.

10. **Exclusion from Class.** Any Class Member who wishes to be excluded from the Settlement Class must mail a personally signed, written request for exclusion to the Settlement Administrator at the address provided in the Long Form Notice attached to the Settlement Agreement as Exhibit 3, postmarked no later than July 31, 2015 (the "Opt-Out Deadline").

A request for exclusion must be in writing and: (a) state the name of this proceeding (In re Target Corporation Customer Data Security Breach Litigation or similar identifying words sufficient to identify the above captioned matter), (b) state the name and address of the person seeking exclusion, (c) state the words "Request for Exclusion" at the top of the document or words communicating the person's request for exclusion from the Class; and (d) must be signed by the Class Member.

A request for exclusion that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not received within the time specified, shall be invalid and the Class Member serving such a request shall, if a Final Judgment is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

The Settlement Administrator shall forward a list of all requests for exclusion to Consumer Plaintiffs' Lead Class Counsel and to Target's Counsel within twenty (20) days after the Opt-Out Deadline. The Settlement Administrator will prepare a declaration

to be filed with the Court no later than fourteen (14) calendar days before the Final Approval Hearing identifying all Class Members who submitted timely requests for exclusion.

If the Final Judgment is entered, any Class Member who has not submitted a timely, valid written request for exclusion from the Class shall be bound by all subsequent proceedings, orders and judgments in this matter, including but not limited to the Release set forth in the Final Judgment, including Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transaction released in the Settlement Agreement. All Class Members who submit valid and timely requests for exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

11. **<u>Objections and Appearances.</u>** Any Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Payments Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless no later than July 31, 2015, the Settlement Class Member files with the Clerk of the Court and serves on Settlement Class Counsel and Target's Counsel written objections at the addresses listed in the Long Form Notice attached to the Settlement Agreement as Exhibit 3.

Written objections must include:

a. the name of the proceeding;

b. the full name and address of the person objecting;

c. a written statement of objections, as well as the specific reason(s), if any, for each objection, including any legal or factual support the Settlement Class Member wishes to bring to the Court's attention;

d. any evidence or other information the Settlement Class Member wishes to introduce in support of the objections;

e. a statement of whether the Settlement Class Member or his or her counsel intends to appear and argue at the Final Approval Hearing; and

f. evidence or other information showing that the Settlement Class Member is a member of the Settlement Class.

Any Settlement Class Member who retains an attorney to prepare the written objection and/or who intends to appear at the Final Approval Hearing through counsel must, in addition to the information stated above, include in the written objection:

a. the attorney's experience with class actions, including the capacity in which the attorney participated in each class action (e.g. plaintiffs', defendants' or objectors' counsel), and the outcome of each case; and

b. each case in which the attorney has previously represented an objector in a class action, the disposition or effect that any objection had on each class action case, and whether the attorney was paid for each case that was voluntary dismissed, at any time, including on appeal.

Regardless of whether the Settlement Class Member employs an attorney to prepare the written objection, the Settlement Class Member must sign the written objection personally as an attestation that the Settlement Class Member discussed the objection with his or her attorney and has fully reviewed the written objection.

Any Settlement Class Member filing an objection may be required to sit for a deposition regarding matters concerning the objection. Any Settlement Class Member who fails to comply with the provisions in this Paragraph shall waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the Release in the Settlement Agreement if Final Judgment is entered.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Fee Request, or the Service Payments Request.  Settlement Class Members must serve a notice of intention to appear on Consumer Plaintiffs' Lead Counsel and on Target's Counsel, and file said notice with the Court, at the addresses provided above no later than July 31, 2015.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in the Consumer Actions or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Fee Request, and the Service Payments Request.

12. **Claims Process and Distribution Plan.** The Settlement Agreement contemplates the establishment of a Settlement Fund and a claims process. Target will fund the payment of claims to be determined by the Settlement Administrator and the Service Payments awarded to the Settlement Class Representatives up to a combined total of $10 million.

Settlement Class Representatives and Target have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the Distribution Plan substantially in the form attached to the Settlement Agreement as Exhibit 1 and directs that the Settlement Administrator make the claim form, or its substantial equivalent, available to Settlement Class Members in the manner specified in the Notice Plan.

The Settlement Administrator will be responsible for effectuating the claims process. Target will pay all reasonable fees and expenses of the Settlement Administrator, and such payments shall be in addition to the $10 million Settlement Fund.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notices and the claim form. If Final Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the claim form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and

bound by the provisions in the Settlement Agreement, the releases included in that Agreement, and the Final Judgment.

13. **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (b) there is no Effective Date. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

14. **Use of Order.** This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Target of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

15. **Stay of Proceedings and Preliminary Injunction.** All discovery and deadlines set by the Court in the Consumer Actions are stayed and suspended pending the Final Approval Hearing or until further order of this Court.

Any actions or proceedings pending in any court in the United States filed by Settlement Class Members based on or relating to the Intrusion are stayed pending the Final Approval Hearing and the issuance of the Final Judgment.

In addition, pending the Final Approval Hearing and the issuance of the Final Judgment, all Settlement Class Members are enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits from, any other lawsuit, arbitration, or other proceeding or order in any jurisdiction based on or relating to the Intrusion or the claims and causes of action alleged in the Consumer Actions. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the Consumer Actions. Pursuant to Fed. R. Civ. P. 65(c), Settlement Class Counsel will provide security of $1000 to pay the costs and damages sustained by any party found to have been wrongfully enjoined.

16. **Continuance of Hearing.** The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

Dated: <u>March 19, 2015</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge