UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Target Corporation Customer
Data Security Breach Litigation,

MDL No. 14-2522 (PAM/JJK)

This document relates to:
**Financial Institution Cases.**

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiffs' Motion for a Preliminary Injunction. For the reasons that follow, the Motion is denied.

The instant Motion followed the April 2015 announcement that Target and MasterCard had settled a dispute over the amount Target owed MasterCard's issuing banks for the December 2013 data breach. These issuing banks are all members of the putative class in this case, although no class has yet been certified. MasterCard is, however, not a party to this action.

The settlement arose out of MasterCard's demand that Target pay more than $26 million to MasterCard-issuing banks for damages arising out of the data breach. The parties eventually agreed that Target would pay MasterCard $19 million. On April 16, 2015, MasterCard sent to its issuer banks an estimate of the amount of damages each bank had suffered in the Target data breach and offered to pay the bank a fixed percentage of the MasterCard-estimated amount. (Simon Aff. ¶ 3.) Any bank accepting that payment must do so by May 20, and is also required to release its claims against Target in this litigation. Plaintiffs' lead counsel, who were neither involved in nor informed of the settlement before

the public announcement, were not surprisingly discomfitted, the more so because of the short time-frame in which banks must decide whether to participate in the settlement and thereby give up their claims here.

Plaintiffs seek a wide-ranging injunction against the settlement, asking the Court to void any releases MasterCard has received from putative Plaintiffs, to enjoin Target and MasterCard from invoking the jurisdiction of a court other than this Court to enforce the terms of their settlement, to enjoin MasterCard and Target from communicating with the putative class absent prior approval of the Court, and to order Target to issue a curative notice incorporating Plaintiffs' lead counsel's criticisms of the settlement.

Plaintiffs' lead counsel's issues with the settlement are understandable, but they are also not susceptible of a legal remedy.  The law permits a defendant or a non-party to communicate with and to settle with putative class members at any time before class certification without Court approval or input as long as those communications are not misleading or coercive.  See, e.g., In re Baycol Prods. Litig., No. MDL 1431, 2004 WL 1058105, at *3 (D. Minn. May 3, 2004) (Davis, J.) ("[S]ince no [] class has yet been certified, Defendants have a right to negotiate settlements with prospective class members."). The Court has almost no authority to oversee such settlements.  See Fed. R. Civ. P. 23(e) (providing that a class action may be settled "only with the court's approval"); see also Fed. R. Civ. P. 23 advisory committee's notes (2003 amendments) (noting that Rule 23(e)'s language was amended to make clear that court approval is necessary "only if the claims, issues, or defenses of a certified class are resolved by settlement . . . ."). The statements

MasterCard communicated to the putative class are not misleading. And the record is bereft of any evidence of coercion. Plaintiffs' lead counsel has proffered not a single affidavit from a bank that it fears losing MasterCard's business if it does not accept MasterCard's offer, for example. Absent evidence such as this, the Court cannot infer coercion.

Before a class is certified, a Court's authority over settlements such as these is limited to curing communications that constitute "actual or threatened misconduct of a serious nature." Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc., 59 F.3d 764, 766 (8th Cir. 1995). The Eighth Circuit has cautioned that, to restrain speech in the class-action context, "there must be a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." Id. That the standard for restraining the speech of non-parties is even greater than that necessary to restrain the speech of parties goes without saying.

This standard is simply too high to allow the Court to intervene in the settlement Plaintiffs challenge. The Court agrees with Plaintiffs' counsel that the terms of the settlement do not appear altogether fair or reasonable. At the very least, the way this issue has arisen is neither fair nor is it how the Court expects attorneys to conduct themselves in litigating matters before the Court. But the Court cannot enjoin a proposed settlement in this situation because it suspects that neither the settlement nor the putative class's options are completely fair. The Court may act only if there is "misconduct of a serious nature." Great Rivers, 59 F.3d at 766. Although the settlement may not "pass the smell test," as the saying goes, it is not serious misconduct.

Accordingly, **IT IS HEREBY ORDERED that** Plaintiffs' Motion for Preliminary Injunction (Docket No. 387) is **DENIED**.


Dated:  May 7, 2015

                                           *s/Paul A. Magnuson*
                                           Paul A. Magnuson
                                           United States District Court Judge