# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

In re: Target Corporation Customer
Data Security Breach Litigation.

This document relates to Financial
Institution Actions.

MDL No. 14-2522 (PAM/JJK)

**ORDER ON**
**MOTION TO COMPEL**

## I.    The Original Motion to Compel Is Moot

This matter is before the Court on the Financial Institution Plaintiffs' Motion

to Compel (Doc. No. 370) and Letter Motion to Compel (Doc. No. 418).  The

plaintiffs originally filed their motion to compel on April 9, 2015, noticing the

motion to be heard on the same date as a case management conference with the

District Court.  (Doc. No. 371.)  After the plaintiffs filed their motion, they asked

permission to submit their memorandum in the form of a letter, and for the

defendant, Target Corporation, to respond with letter briefing as well.  The Court

granted this request.  (Doc. No. 412, Pls.' May 6, 2015 Letter; Doc. No. 417, May

12, 2015 Order.)  Consistent with the Court's order granting the request for letter

briefing, the plaintiffs filed their Letter Motion to Compel on May 13, 2015.  (Doc.

No. 418 ("Pls.' Mot.").)  This new letter motion rendered the plaintiffs' original

Motion to Compel moot.  Accordingly, the Motion to Compel (Doc. No. 370) is

**DENIED AS MOOT**.

**II.    The Letter Motion to Compel**

In the pending letter motion, the plaintiffs seek a court order compelling Target to produce three categories of documents.  First, the plaintiffs seek to compel the production of documents that Target created after December 19, 2013 (when Target issued a press release regarding the data security breach that precipitated this litigation), through September 16, 2014 (when the plaintiffs served their Rule 34 requests for production of documents).  Second, the plaintiffs seek to compel production of documents that were created before January 1, 2010, and that deal with prior data breaches of Target's point-of-sale ("POS") systems.  Finally, the plaintiffs seek to compel production of documents that were reviewed or relied upon to prepare for Target Chief Financial Officer John Mulligan's testimony before the United States Senate.  (Pls.' Mot. 1 (summarizing the categories of documents at issue).)  Target filed a letter brief in opposition to the plaintiffs' motion.  (Doc. No. 424, Target's May 20, 2015 Letter Brief in Opp'n to Pls.' Mot. ("Target Mem.").)  The Court held a hearing on the motion on May 27, 2015.

**A.    Post-Breach Documents**

The first category of documents at issue concerns information that post-dates the data breach incident that precipitated this litigation.  The plaintiffs ask the Court to compel Target to produce documents created after December 19, 2013, up to the date that the plaintiffs served their requests for production, that are responsive to Requests for Production 7, 33, 35, 48, 53, 57, and 58.  Taken

together, these requests for production would require Target to produce a mass of information about every change Target made to its data security after the data security breach that is the subject of this litigation.  Generally, the plaintiffs contend that this information is relevant or likely to lead to the discovery of relevant information because it will show: (1) how Target's response to data security breaches changed after the incident at issue here; (2) whether Target has made admissions that its prior system for responding to data breaches was inadequate; and (3) whether and how Target reacted differently to the data incident at issue in this litigation than it had to earlier incidents.  (Pls.' Mot. 5-7 (discussing relevance of post-breach measures in relationship to specific requests).)  Target opposes the motion to compel this discovery on grounds that the requests seek information that will not be admissible under Federal Rule of Evidence 407 and because the burden of searching for the information will outweigh its likely benefit under Federal Rule of Civil Procedure 26(b)(2)(C)(iii).  (Target Mem. 2-5.)

As stated on the record at the May 27, 2015 hearing, based on the Court's review of the specific requests for production at issue, the Court concludes that the requests, as drafted, are overly broad.  Granting the motion to compel target to respond to the requests for production in issue here would result in Target being required to produce a vast array of information about its data security system that would be far beyond subsequent remedial measures.  The Court offers no opinion at this time about the discoverability of any subsequent

3

remedial measures. The court will not address that issue until there are discovery requests in issue which properly define the remedial measures and the Court is assured that the parties have exhausted their efforts to confer and resolve the issue without court intervention.

Consistent with the foregoing and with the Court's ruling on the record at the May 27, 2015 hearing, the motion is **DENIED WITHOUT PREJUDICE** to the extent it seeks to compel production of documents in response to Requests for Production 7, 33, 35, 48, 53, 57, and 58.

### B.     Documents Concerning Other Data Breaches Prior to January 1, 2010

The next category of documents at issue concerns information about other data breaches of Target's point-of-sale ("POS") systems earlier than January 1, 2010. Specifically, the plaintiffs seek documents regarding other POS systems data breaches dating back to 2005. (Pls.' Mot. 7-8.) At the May 27, 2015 hearing on the motion, counsel for Target represented that there were no POS systems data breaches for which forensic evidence exists from 2005 through 2010. Based on Target's counsel's representation at the hearing, the Court concludes that Target must amend its written response to the plaintiffs' Request for Production 12 within seven days, and set forth a sworn response providing either: (1) that there were no other such POS systems data breaches during the time period at issue; or (2) if some other data breach occurred during the time period at issue, an explanation of the circumstances of any such POS systems

4

data breach.  Accordingly, the plaintiffs' motion is **GRANTED IN PART** to the extent stated in this Order.

### C.    Documents Reviewed and Relied Upon to Prepare Target's CFO's Senate Testimony

The last category of documents at issue concerns the information that Target's Chief Financial Officer, John Mulligan, reviewed and relied on in preparation for his testimony before the United States Senate.  (Pls.' Mot. 9-10.) Based on Target's submission, in response to the motion, of the Declaration of Stuart P. Ingis, Esq., which indicates that Mulligan only reviewed documents prepared in the first instance by attorney Ingis or at his direction (Doc. No. 428 ¶ 8), on the record at the May 27, 2015 hearing, the plaintiffs withdrew this portion of the motion.  Accordingly, the Court considers this portion of the motion **WITHDRAWN**.

## III.   Order

Based on the discussion above, **IT IS HEREBY ORDERED** that:

1.    The Financial Institution Plaintiffs' Motion to Compel (Doc. No. 370) is **DENIED AS MOOT**; and

2.    The Financial Institution Plaintiffs' Letter Motion to Compel (Doc. No. 418) is **GRANTED IN PART**, **DENIED IN PART**, and **WITHDRAWN IN PART** as set forth in this Order.

Date: May 27, 2015

 s/ Jeffrey J. Keyes

JEFFREY J. KEYES
United States Magistrate Judge
