## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Target Corporation Customer Data Security Breach Litigation.<br><br>This document relates to Financial Institution Actions. | MDL No. 14-2522 (PAM/JJK)<br><br>**ORDER ON<br>MOTION TO COMPEL** |

On July 18, 2015, the Court held a telephonic hearing on Target's Letter Motion to Compel Answers to Contention Interrogatories (Doc. No. 446).  In its letter motion, Target seeks to compel the financial institution plaintiffs to provide immediate answers to Interrogatories 14, 15, 16, and 17.  The dispute regarding these contention interrogatories concerns only the issue whether requiring immediate answers to the discovery would be premature.

As stated in the Court's oral ruling on the record at the hearing, Target's motion (Doc. No. 446) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. To the extent Target seeks to compel the plaintiffs to provide an immediate answer to Interrogatory 14, the motion is **DENIED**.  The Court upholds the plaintiffs' objection that this contention interrogatory is premature as the discovery request asks the plaintiffs to set forth a damages methodology that is more appropriately answered at a later time in this case.  The Court also denies Target's oral request, made on the record at the hearing, that the plaintiffs be required to provide an answer to Interrogatory 14 by July 1, 2014.  The Court establishes no specific time for the plaintiffs to provide an answer to

Interrogatory 14 at this time. The parties are instructed to attempt to resolve any further dispute with regard to the timing of the plaintiffs' supplementation of their answer to Interrogatory 14. The denial of Target's motion with respect to this interrogatory is without prejudice to Target's potential renewal of its motion if the parties are unable to resolve the timing issue without court intervention;

    2.    The motion is **GRANTED** with respect to Target's request that the plaintiffs be compelled to provide an answer to Interrogatory 15. The interrogatory asks the plaintiffs to provide basic factual information with respect to categories of losses sustained by each financial institution plaintiff as those categories are identified in specific paragraphs of the complaint. The plaintiffs are required to supplement their answer to this interrogatory with information reasonably available to them, subject to their right to supplement or amend their response later in the litigation. Consistent with this Order and the plaintiffs' representation at the hearing, the plaintiffs shall provide their supplemental answer to Interrogatory 15 **on or before Friday, June 26, 2015**;

    3.    The motion is **GRANTED** with respect to Target's request that the plaintiffs be compelled to provide an answer to Interrogatory 16. The Court makes no ruling whether any information responsive to Interrogatory 16 is protected by the work-product protection or the attorney-client privilege as no such dispute was adequately before the Court on Target's motion. Consistent with this Order and the plaintiffs' counsel's representation at the hearing, the

plaintiffs shall provide their supplemental answer to Interrogatory 16 **on or before Monday, June 22, 2015**;

    4.    The motion is **GRANTED IN PART** and **DENIED IN PART** with respect to Target's request that the plaintiffs be compelled to provide an answer to Interrogatory 17. The motion is **GRANTED** to the extent that each plaintiff shall further supplement its answer to Interrogatory 17 with any additional information relating to actions it took to protect against the harm it allegedly suffered as a result of the data security breach that precipitated this litigation. Consistent with this Order and the plaintiffs' counsel's representation at the hearing, the plaintiffs shall provide their further supplemental answers to Interrogatory 17 **on or before Monday, June 22, 2015**. The motion is **DENIED** to the extent it seeks to compel the plaintiffs to provide information about actions that they "could have taken," but did not take. The portion of the interrogatory seeking such information is too speculative. Target may be able to rephrase the request for such information in a non-objectionable manner, but the Court will not require the plaintiffs to respond to this portion of Interrogatory 17 as drafted.

Date: June 19, 2015

                                                           *s/ Jeffrey J. Keyes*
                                                           JEFFREY J. KEYES
                                                           United States Magistrate Judge