# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Target Corporation Customer Data Security Breach Litigation, | Case No. 14-md-2522 (PAM/JJK) |
| This document relates to Financial Institution Actions. | **ORDER** |

This matter is before the Court on Plaintiffs' Motion to Unseal Certain Documents Cited In and Attached to Plaintiffs' Motion for Class Certification. (Doc. No. 505.) The Court held a hearing on the motion on August 12, 2015. Prior to the hearing, the parties were able to significantly narrow their dispute. The remaining issue for the Court's resolution is whether the Plaintiffs' memorandum of law in support of their motion for class certification may be unsealed, subject only to a limited number of redactions. (Doc. No. 543 at 1.) Plaintiffs provided a version of the class-certification brief, attached as Exhibit 1 to the August 7, 2015 Declaration of J. Gordon Rudd (Doc. No. 545), which indicates, by color-coded highlighting, the portions of the brief that each party contends should or should not be redacted if the class-certification brief is unsealed.[1] Based on the Court's review of the Plaintiffs' proposal to unseal the class-certification brief, the record submitted concerning this motion, the parties'

---

[1] At the hearing, Plaintiffs' counsel provided the Court with a revised Exhibit 1 to the August 5, 2015 Rudd Declaration, which reflected additional areas where the parties were able to reach agreement about the information in the Plaintiffs' class-certification brief that should and should not remain unavailable to the public.

arguments in their memoranda and at the hearing, and on all the files and proceedings in this litigation, the Plaintiffs' motion is granted in part.

The parties disagree what standard should apply to the showing that Target must make for records it has designated as confidential, pursuant to the protective order, to remain sealed. Target argues that it is required only to show good cause for the Plaintiffs' class-certification brief to remain sealed because that document is not a judicial record to which a higher standard may apply. (Doc. No. 519 at 9–10.) The Plaintiffs, on the other hand, contend that Target must clear a taller hurdle. They argue that Target must show a compelling justification to overcome the "strong presumption" in favor of public access to their class-certification brief because it is a judicial record to which such a presumption applies. (*See* Doc. No. 507 at 7–9.) The Court concludes that it need not resolve this issue because Target has failed to meet even the lower good-cause showing for which it advocates.

Target essentially raises three arguments in support of its position that the Plaintiffs' class-certification brief should remain under seal.[2] First, it argues that disclosure of the disputed portions of the Plaintiff's class-certification brief would

---

[2] Target also raised the procedural argument that the Plaintiffs' motion was inconsistent with the Scheduling Order's provision for letter briefing on discovery motions. The Protective Order in this case, however, provides that the party seeking to change a confidentiality designation "may move the Court for appropriate relief." (Doc. No. 92 ¶ III.A.) The Plaintiffs also fully complied with their obligation to meet and confer with Target prior to bringing this motion, and Target had the opportunity to fully present its opposition to the motion. Addressing the merits of the Plaintiffs' motion is also in the interests of all parties and the Court.

reveal Target's information technology security material, thus exposing Target to risk of another data breach. (*See* Doc. No. 519 at 13 (referring to "the veritable treasure trove of information contained in the Information Security Documents and citations thereto, which include detailed information about Target's IT infrastructure, Target's information security controls, and information about Target's information security policies and procedures").) The statements in the Plaintiffs' memorandum that Target seeks to seal concern Target's alleged failures to protect the payment card data in its system from the massive security breach that occurred in late 2013. Target has failed to show with any specificity how any of these statements about Target's alleged negligent conduct prior to and during the data breach constitutes a disclosure of confidential information about Target's current information security, such as the specific types of intrusion detection systems, encryption processes, altering system or alerting triggers, that would harm Target. Target's assertion that public access to the Plaintiffs' class-certification brief will generally assist a hacker today in conducting "reconnaissance" of Target's data security systems fails to make such a showing.

Relatedly, Target's second argument is that the mere public availability of the type of statements at issue in the Plaintiffs' class-certification brief, and the possibility that the media may publish news accounts regarding substance of that brief should it be unsealed, may encourage additional attempted attacks on Target's network. (*See* Doc. No. 519 at 2 ("disclosure of this type of information exposes a company to enhanced security risks"); *see also id.* at 14 n.8 ("In any

event, the public disclosure of the Information Security Documents would be expected to lead to additional attempts to attack Target, regardless of whether the information is current or even accurate").)  Target bases this argument on the Declaration of Brad Maiorino, its Senior Vice President and Chief Information Security Officer, who states his belief that disclosure of certain information in the documents themselves would encourage additional attacks by cyber criminals, especially in light of the significant attention paid to this litigation.  (Doc. No. 520, Decl. of Brad Maiorino ("Maiorino Decl.") ¶ 13.)  The Maiorino Declaration focuses on the effect that public disclosure of the underlying documents filed in connection with the class-certification motion might have.  He does not offer the same type of prediction about the effect that disclosure of the relevant portions of the Plaintiffs' class-certification brief might have.  Instead, he merely states in a conclusory fashion that the Plaintiffs' brief discloses confidential information about Target's information technology infrastructure, especially where it relies on the underlying documents themselves.  (Maiorino Decl. ¶ 14.)  Even if Mr. Maiorino's prediction about the harm that would occur if the documents themselves were disclosed could satisfy the good-cause standard as to the issue whether those documents could remain under seal, his declaration provides no good cause for keeping the arguments in the Plaintiffs' class-certification brief under seal, or for them to be redacted if other portions of the brief are unsealed.

       Third, and finally, Target focuses on the "annoyance, embarrassment, [or] oppression" prong of Fed. R. Civ. P. 26(c)(1), arguing that public disclosure of

4

the class-certification brief would result in adverse publicity for Target based on the Plaintiffs' " egregious[] mischaracterize[ations]" of the underlying documents at issue. (Doc. No. 519 at 18–20.) Because the media pays close attention to this litigation, Target argues that the Plaintiffs' mischaracterizations of the record would be widely published, and would therefore unduly annoy and embarrass Target, while also causing it reputational harm. (*Id.* at 19.) A party may be inconvenienced by, or potentially feel compelled to address, any negative publicity surrounding litigation in which it is involved. And a party's frustration may be even greater where it is convinced that its opponents' perspective on the evidence is incomplete, distorted, or flat out wrong. But every lawsuit carries with it the potential for adverse or unwanted publicity for one or more parties involved, and every lawsuit sees adversaries characterizing evidence in vastly different ways. Even though the media's attention to this case may be greater than it is in most, Target's concerns about these features of litigation do not convince this Court that Target needs the class-certification brief to remain sealed to protect it from annoyance, embarrassment, or oppression. Generally, the prospect of negative publicity is not sufficient to establish good cause for the issuance of a protective order. *See Charter Practices Int'l v. Robb*, 2015 WL 1268295, at *5 (D. Conn. Mar. 19, 2015) (rejecting parties' argument that a protective order prohibiting public access to certain information was warranted because their opponent could "embarrass them by publicizing and misstating information" and

5

explaining that potential embarrassment to a party does not establish good cause for a protective order).

Consistent with the foregoing, the Court **GRANTS IN PART** the relief requested in Plaintiffs' motion (Doc. No. 505), as they have modified that request in their Reply brief (Doc. No. 543 at 1). Accordingly, the Plaintiffs shall refile their class-certification brief, making it publicly available. The publicly available brief shall include only the limited redactions indicated in red highlighting in the updated version of Exhibit 1 to the August 5, 2015 Rudd Declaration, which Plaintiffs' counsel provided to the Court at the August 12, 2015 hearing.

In addition, the Plaintiffs shall redact the information highlighted in green in Section II.D. on pages 10–11 of their publicly filed class-certification brief. Target explained at the hearing, and the Plaintiffs did not dispute, that the Plaintiffs had not, prior to bringing their motion, provided notice to non-party Fazio Mechanical Services, Inc., which, pursuant to the Protective Order, designated as confidential the material referenced in this portion of the Plaintiffs' memorandum. (Doc. No. 92 ¶ 3A ("[T]he party seeking the change [in a confidentiality designation] may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" or "Highly Confidential" may be affected.").) Due to the fact that the Protective Order provides a procedure to protect a third party from whom discovery is obtained, and that procedure does not appear to have been used in connection with this

motion, the Court has not considered the propriety of making this information publicly available.

**SO ORDERED**.

Date: August 13, 2015

                                               s/ Jeffrey J. Keyes
                                               JEFFREY J. KEYES
                                               United States Magistrate Judge