UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: Target Corporation Customer
Data Security Breach Litigation,

MDL No. 14-2522 (PAM/JJK)

This document relates to:
**Financial Institution Cases.**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Exclude Expert Witnesses. For the reasons that follow, the Motion is denied.

The full factual background of this matter has been thoroughly set forth in previous Orders and will not be repeated here. Plaintiffs are financial institutions who issued payment cards—credit and debit cards—to consumers, who in turn used those cards at Defendant Target Corporation during November and December 2013.

Plaintiffs moved for class certification, and in addition to opposing that motion, Target also brought the instant Motion seeking to exclude two expert witnesses on whom Plaintiffs rely for part of their arguments in support of class certification, Dr. Robin Cantor and Neil Librock. Target challenges Dr. Cantor's conclusions, based on what it views as faulty formulas and impermissible extrapolations, that it is possible to ascertain and measure a common impact on financial institutions as a result of the data breach. Target contends that Mr. Librock usurps the Court's role of interpreting the law and should be excluded on that basis.

Under Fed. R. Evid. 702 and the principles set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), expert opinion testimony from a qualified expert is admissible if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. On a Daubert motion, the Court acts as a gatekeeper to "ensure that any and all scientific testimony . . . is not only relevant, but reliable." Daubert, 509 U.S. at 589. Expert testimony may be based either on professional studies or personal experience as long as the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).

At this preliminary stage of the litigation, before completion of discovery, the Court conducts a "focused Daubert inquiry to assess whether the opinions of [the expert witnesses], based on their areas of expertise and the reliability of their analysis of the available evidence, should be considered in deciding the issues relating to class certification." In re Zurn Pex Plumbing Prods. Liab. Litig., 644 F.3d 604, 610 (8th Cir. 2011). In other words, the Court examines "the reliability of the expert testimony in light of the existing state of the evidence and with Rule 23's requirement's in mind." Id. at 612. Given the "inherently tentative" nature of class certification, Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 n.11 (1978), and Daubert's main purpose of "protect[ing] juries from being swayed by dubious scientific testimony," Zurn Pex Plumbing, 644 F.3d at 613, the Court's inquiry at this stage is preliminary and limited.

2

Target challenges Dr. Cantor's methods and her conclusions that damages can be reliably estimated on a class-wide basis. Dr. Cantor has a Ph.D. in economics and more than 30 years of experience in the field. Despite her qualifications, Target portrays Dr. Cantor in an extremely negative light, essentially calling her research rudimentary and her conclusions baseless.[1]

Nearly all of Target's multi-pronged arguments against Dr. Cantor's opinion boil down to a belief that there is no, and will be no, evidence to back up her conclusions. But because of the preliminary procedural posture of this case, discovery is at such an early stage that there simply is not much evidence with which any expert can support their conclusions. In the end, Target's criticisms of Dr. Cantor's conclusions go to the weight of her testimony, not its admissibility. "The identification of inaccuracies in generally reliable scientific evidence is precisely the purpose of cross-examination." In re Zurn Pex Plumbing Prods. Liab. Litig., 267 F.R.D. 549, 557 (D. Minn. 2010) (Montgomery, J.). Target's arguments do not warrant her exclusion.

Nor is Target correct that Dr. Cantor has failed to substantiate her opinions that there was class-wide injury and that such injuries can be reliably calculated on a class-wide basis. Target criticizes Dr. Cantor's reliance on internet searches for some of her data, but again, this is a matter for cross-examination, not a reason to exclude her testimony.

---

[1] Target's Memoranda in support of the Motion are replete with unnecessary and unwarranted negative comments that detract from its arguments. Target would be well advised to avoid such histrionics in future submissions to the Court.

The same is true for the testimony of Plaintiffs' other expert, Neil Librock. Mr. Librock was a banker at large national banks such as Wells Fargo for 30 years and was responsible for Wells Fargo's data-breach-response team. Target contends that Mr. Librock's testimony consists of telling the Court what the law is, but although he makes general comments about what regulations require banks to do in response to a data breach, his report does not supplant the Court's role. Again, this is class certification, not summary judgment. The Court can determine what is wheat and what is chaff, if necessary. And the vast majority of Mr. Librock's report offers quintessential expert testimony: what Mr. Librock believes a reasonable bank should have done or would have done in response to the Target data breach. The reasonableness of the banks' response actions is an essential element of Plaintiff's PCSA claim, and at this early stage of the litigation Mr. Librock's testimony is both relevant and admissible as to this issue.

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Exclude (Docket No. 529) is **DENIED**.

Dated:  September 8, 2015

                                                *s/Paul A. Magnuson*
                                                Paul A. Magnuson
                                                United States District Court Judge