**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: Target Corporation Customer Data Security Breach Litigation<br><br>This Document Relates to:<br><br>All Financial Institution Cases | MDL No. 14-2522 (PAM/JJK) |
| Umpqua Bank, Mutual Bank, Village Bank, CSE Federal Credit Union, and First Federal Savings of Lorain, individually and on behalf of a class of all similarly situated financial institutions in the United States,<br><br>   Plaintiffs,<br><br>vs.<br><br>Target Corporation,<br><br>   Defendant. | |

**DECLARATION OF TIMOTHY BAER, ESQ.
IN SUPPORT OF DEFENDANT TARGET CORPORATION'S
<u>OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL</u>**

I, Timothy Baer, hereby declare:

  1. I am Executive Vice President, Chief Legal Officer and Corporate Secretary for the Target Corporation ("Target"). I make this declaration in support of Target's Opposition to Plaintiffs' Motion to Compel of September 30, 2015.

2. I have personal knowledge of the facts presented in this declaration.

3. I understand that, on the evening of December 12, 2013, the United States Attorney's Office advised Target of suspicious activity involving payment cards used at Target stores (the "Potential Intrusion").

4. On December 13, 2013, Target retained Morrison & Foerster LLP ("Morrison & Foerster") to render legal advice to Target in connection with the Potential Intrusion and its possible legal ramifications.

5. On December 14, I joined a teleconference with senior Target personnel to discuss the Potential Intrusion. Carter Leuty and Ann Teynor, Target in-house counsel, and Miriam Wugmeister, a partner at Morrison & Foerster, also participated in the teleconference. During the teleconference, Target's in-house counsel and Ms. Wugmeister were asked to provide, and did provide, legal advice to Target regarding the Potential Intrusion. This teleconference was the "December 14, 2013 meeting" described on page 5 of Plaintiffs' Motion to Compel.

6. During this teleconference it was determined that Target's in-house counsel and Morrison & Foerster (jointly, "Counsel") should conduct an investigation of the Potential Intrusion for the purpose of providing legal advice to Target regarding the Potential Intrusion and in anticipation of regulatory inquiries and litigation with the card brands and other persons and entities arising out of the Potential Intrusion (the "Privileged Investigation").

**Data Breach Task Force**

7. I understand that, on December 15, 2013, Target confirmed that an intrusion into the portion of its computer system that processes and stores information regarding credit and debit card transactions made at its stores had, in fact, occurred (the "Intrusion").

8. On December 19, 2013, Target publicly announced the Intrusion. That same day, five consumer class actions were filed. Those cases, along with approximately 100 additional cases filed in the subsequent weeks and months, were ultimately consolidated and assigned to this Court by the JPML.

9. On January 3, 2014, I met with other members of the Target in-house legal team and a team of lawyers from Morrison & Foerster to obtain legal advice. Target's Chief Executive Officer and Executive Vice Presidents joined the meeting to receive Counsel's advice about certain issues, including how to organize and coordinate the provision of legal advice regarding the Intrusion to many groups within Target. During this meeting, the Data Breach Task Force ("Task Force") was formed and authorized to coordinate activities on behalf of counsel to better position the Target Law Department and outside counsel to provide legal advice to Target personnel to defend the company.

10. The Task Force was charged with coordinating and overseeing the Privileged Investigation, as well as recognizing legal issues and providing legal advice on matters related to the Intrusion and litigation and administrative proceedings faced by Target. The work of the Task Force was foundational to the provision of legal advice to Target by Counsel.

11. I was the Co-Chairperson of the Task Force. Target in-house attorneys Gene Link, Robin Preble, and Ann Teynor, as well as Mark Danis of Morrison & Foerster, staffed the Task Force and conducted its day-to-day work. The Task Force also included non-lawyer Target employees who conducted privileged work for the Task Force and posed questions and sought legal advice regarding their work related to the Intrusion.

12. As Co-Chairperson of the Data Breach Task Force, I delegated the day-to-day work of the Task Force to attorneys Gene Link, Robin Preble, and Ann Teynor, as well as Mark Danis of Morrison & Foerster. It was the intent and practice of the Task Force for privileged activities to be appropriately directed and safeguarded, while non-privileged activities proceeded in the ordinary course.

13. It was also the intent and practice of the Task Force to preserve the confidentiality and privileges as to the Task Force work, including all matters conducted at the direction of the Task Force. To that end, the Task Force ensured that Target personnel understood that the Task Force and other counsel were leading and directing the investigation, and that their work was to be kept confidential and shared with others within Target only on a need-to-know basis.

14. Communications from and about the Task Force were limited to key employees who were either important for informing the legal advice being sought, or who needed to understand the advice being provided. The Task Force sometimes sent and/or received email addressed to DataBreachTaskForce@target.com. I understand that the Task Force members

4

who received emails sent to DataBreachTaskForce@target.com included Target in-house counsel, Dave Donlin, Emily Fitzgerald, Gene Link, Carter Leuty, Nathan Otremba, Robin Preble, Anna Shimanek, Terri Simard, Susan Smith, Ann Teynor, Jason Walbourn, and Kristin Watnemo, and attorneys from Morrison & Foerster, Mark Danis and Peter Day.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 30th day of September, 2015.

_____
Timothy R. Baer, Esq.