UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Target Corporation Customer Data Security Breach Litigation,<br><br>This Document Relates to:<br>All Consumer Cases | MDL No. 14-2522 (PAM/JJK)<br><br>**DECLARATION OF THE HONORABLE ARTHUR J. BOYLAN (RET.) IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

I, Arthur J. Boylan, declare:

1. I submit this declaration in support of final approval of the class action settlement and to assist the Court in its decision on whether to grant final approval by providing facts pertinent to the settlement reached under my supervision as the independent mediator. I make this declaration with the consent of the parties.

2. My professional background and extensive experience as a mediator are described in detail in my previous declaration submitted for the Court's consideration of whether to preliminarily approve the settlement (ECF No. 360).

3. Consumer Plaintiffs' Lead Counsel and Target's Counsel retained me to serve as a mediator in this matter on August 11, 2014. Throughout the mediation process, I conducted eight in-person settlement negotiation sessions between counsel for the parties, and facilitated additional joint discussions between counsel for the parties, all extending over five months from August 2014 to January 2015. Counsel for the parties exchanged multiple offers and counter-offers, and engaged in many settlement communications via email and telephone.

4. My role as mediator in this case allowed me personally to observe the conduct and consider the positions of the parties' counsel throughout the mediation process and to assess the substantive positions they advanced and the manner in which they advocated on behalf of their respective clients.

5. The parties' counsel demonstrated a very high level of professionalism throughout the mediation process. Consumer Plaintiffs' Lead Counsel and Target's Counsel advanced the interests of their clients with skilled advocacy, reflected in both

their written submissions and oral arguments throughout the mediations. Both parties' counsel zealously advanced their clients' positions while being prepared to litigate the case to trial and expend whatever time and resources were necessary to ensure that their clients' interests were secured. The mediation was hard-fought. But it was also a model of professionalism and civility demonstrated by the parties' highly qualified counsel.

6. Plaintiffs' Lead Counsel at all times sought to advance the interests of Plaintiffs and the proposed class and kept those interests front, center, and paramount throughout these difficult negotiations. As I explained in my earlier declaration, the parties, after multiple mediation sessions and communications between me and the parties' counsel, ultimately arrived at an agreement of the settlement terms on the merits of Plaintiffs' claims. Only after that agreement was reached did the parties discuss the issue of attorneys' fees and expenses. In fact, those discussions did not begin until the final mediation session was held between the parties on January 8, 2015, after conclusion of the previous mediated negotiations devoted exclusively to the settlement's merits.

7. The parties did not reach a "clear sailing agreement," as I understand the term. Lead Class Counsel adamantly and consistently opposed inclusion of any such provision and the parties' counsel avoided entering into any agreement whereby Target would agree not to oppose a fee above a certain amount.

8. Once agreement on the merits of the settlement was reached, Target wanted to know, as most businesses do, what its outside exposure would be with respect to fees. Class Counsel informed Target's counsel that any award of attorneys' fees or expenses was for the Court to decide and that Class Counsel would seek a total fee of

2

108940

$6.75 million. Target did not want to pay, nor did it agree to pay any amount Plaintiffs would seek in fees and expenses. Rather, Target reserved its right to object to Class Counsel's request for attorneys' fees in any amount while also agreeing that it would not appeal an amount of fees awarded by the Court if the amount does not exceed $6.75 million. No other agreement concerning attorneys' fees was reached.

9. In my experience as a mediator, it is quite customary for companies to want to know the extent of their exposure, inclusive of attorneys' fees. Target's conduct here was consistent with the decision-making process I have seen many companies employ, and raised no ethical concerns of any kind.

10. Similarly, Class Counsel's actions, which occurred under my supervision, were entirely proper. Class Counsel never suggested trading or in any way ever exchanged attorneys' fees for class benefits, and in any event, it would have been impossible to do so since the settlement had already been agreed upon before attorneys' fees were discussed. Class Counsel properly structured their negotiations in such a manner as to avoid any conflict between class relief and attorneys' fees.

11. Any suggestion that a "kicker" arrangement, or any similar economic benefit to Target, was part of the settlement negotiations is incorrect. My understanding of a "kicker" arrangement is one where the parties have agreed that the defendant will pay a certain sum in attorneys' fees, and that if the Court reduces that fee, the difference reverts to the defendant. As I explained, the parties' counsel never entered into any agreement in which Target agreed to pay a specific amount in attorneys' fees or would not oppose a fee above a specific amount. As such, at no point in the settlement

3

negotiations was a "kicker" provision ever discussed. Such a term was certainly not included in the settlement reached under my direct supervision as the mediator.

12. The significant benefits provided for all class members—including the substantial cash amount to be paid to class members, the absence of a reversion of any part of the settlement fund to Target, the meaningful injunctive relief designed to protect all class members by improving Target's data protection safeguards, and Target's payment of administrative costs, notice costs, and any attorneys' fees and expenses awarded by the Court separate from the settlement benefits to the class (a provision beneficial to the class by ensuring that no class member's monetary benefits will be reduced by such costs)—were achieved in a settlement in which counsel for both sides fairly and skillfully advocated for their clients' interests with consummate professionalism.

13. It is my opinion having observed the extensive rigorous settlement negotiations that any contentions concerning any self-dealing in the settlement negotiations in this matter are without merit.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of September, 2015, in Minneapolis, Minnesota.

*Carol R Barker*
Carol R. Barker

_____
Arthur J. Boylan

[Notary Seal: CAROL R BARKER, NOTARY PUBLIC - MINNESOTA, MY COMMISSION EXPIRES 01/31/20]