## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: Target Corporation Customer
Data Security Breach Litigation,

MDL No. 14-2522 (PAM/JJK)

This document relates to:
**Consumer Cases.**

**MEMORANDUM AND ORDER**

This matter is before the Court on Consumer Plaintiffs' Motion for an appeal bond. Consumer Plaintiffs ask the Court to require an appeal bond from the four individuals who objected to the settlement of this class action and who have taken appeals from this Court's approval of the settlement.[1]  Specifically, Consumer Plaintiffs request a bond of $49,156, to be borne by the four Appellants jointly and severally.  For the reasons that follow, the Motion is granted.

On November 17, 2015, over the objections of the Appellants, the Court approved the settlement of the Consumer Plaintiffs' claims against Target in this multidistrict litigation. The Court rejected the objections to the settlement, finding that the objections had no merit, and in any event did not warrant rejection of the fair and reasonable settlement.

Although an appeal usually divests the Court of jurisdiction over a case, the Court retains jurisdiction to impose a cost bond for appeal.  Fed. R. App. P. 7.  The Rule allows a district court to require an appellant to post bond in the "amount necessary to ensure payment

---

[1]  These objector-Appellants are Sam A. Miorelli, Leif A. Olson, Jim Sciaroni and Lindsay Gibson.

of costs on appeal." Id.  When considering whether to impose an appeal bond, the Court evaluates factors such as the Appellants' financial ability to post the bond, the risk that the Appellees' appeal costs will not be paid if the appeal fails, the merits of the appeal, and Appellants' bad faith or vexatious conduct.  See Berry v. Deutsche Bank Trust Co. Americas, 632 F. Supp. 2d 300, 307 (S.D.N.Y. 2009).

Consumer Plaintiffs ask the Court to impose a bond on Appellants in the amount of $2,284 in direct-appeal costs and $46,872 in administrative costs.  Appellants do not object to paying a bond of direct-appeal costs, but contend that it would be an abuse of this Court's discretion to require them to post a bond for the administrative costs the appeal will entail. The Court disagrees.

Consumer Plaintiffs have outlined the financial harm the class will suffer as a result of the delay caused by the appeal.  "Numerous courts have awarded costs incurred by delays caused by objectors' appeals in a class action settlement."  In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liability Litig., No. 11md2247, 2012 WL 3984542, at *4 (D. Minn. Sept. 11, 2012) (Montgomery, J.) (listing cases).  The appeal will disrupt the claims process, prevent distribution of the settlement funds to the Consumer Plaintiff class, and will require additional administrative costs.  Consumer Plaintiffs' conservative estimates of these costs are properly included in an appeal bond.

Moreover, the Court "treats with particular disapproval the objections and appeals of 'professional objectors' whose objections amount to a 'tax that has no benefit to anyone other than to the objectors' but serves to 'tie up the execution of a Settlement and further delay

payment to the members of the Settlement Class.'" Id. (quoting In re Checking Account Overdraft Litig., No. 1:09md2036, 2012 WL 456691, at *2 (S.D. Fla. Feb. 14, 2012)). Objectors Olsen and Gibson fall in this category of professional objectors.  And Objector Miorelli is not a class member, as this Court determined in the Order approving the settlement.  His appeal is frivolous, perhaps best evidenced by his offer to drop the appeal for more than two million dollars, or twenty percent of the 10 million dollar settlement fund. (Esades Aff. (Docket No. 681-2) Ex. B.)

Consumer Plaintiffs have established that an appeal bond is warranted.  The amount they seek is but a fraction of the costs they are likely to incur defending an appeal that will almost certainly be unsuccessful.  They are therefore entitled to the full amount of the bond they seek.

Accordingly, **IT IS HEREBY ORDERED that**:

1.      Consumer Plaintiffs' Motion for Appeal Bond (Docket No. 678) is **GRANTED**;

2.      Under Fed. R. App. P. 7, Appellants shall post an appeal bond in the amount of $49,156, which amount shall be the joint and several responsibility of all Appellants; and

3.     Appellants shall file with the Court and serve on Consumer Plaintiffs' Lead

Counsel proof of satisfaction of the bond requirement within 10 days of the

date of this Order.

Dated:  January 20, 2016

   s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge