# UNITED STATES DISTRICT COURT
## District of Minnesota

In re: Target Corporation Customer
Data Security Breach Litigation

**JUDGMENT IN A CIVIL CASE**

Case Number:  14-md-2522 PAM

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. The Court, for purposes of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein. See Declaration of Charles S. Zimmerman (Docket No. 653-1) (Settlement Agreement attached as Exhibit A).

2. The Court has jurisdiction over the subject matter of the Actions and the Financial Institutions' Complaint and personal jurisdiction over the Parties and Settlement Class Members.

3. On December 2, 2015, the Court entered an Order Modifying the Class Definition, Preliminarily Approving Class Action Settlement and Directing Notice to the Settlement Class (Docket No. 656) ("Preliminary Approval Order") that certified the Settlement Class by modifying the class definition set forth in the Class Certification Order, preliminarily approved the Settlement Agreement, directed notice of the proposed settlement to the Settlement Class, and established a hearing date to consider the final approval of the Settlement Agreement, Settlement Class Representatives' request for service payments to the Settlement Class Representatives (the "Service Payment Request") and motion for attorney's fees, costs and, expenses (the "Fee Request").

4. In the Preliminary Approval Order, the Court approved the notice plan described in paragraphs 7-24 of the Declaration of Jeffrey D. Dahl (Docket No. 654) ("Notice Plan"), the Notices and claim forms, and found that the forms, content and method of giving notice to the Class constitute the best practicable notice to the Class and are reasonable. A declaration confirming that the Notices have been mailed, published and distributed pursuant to the Notice Plan and the Preliminary Approval Order has been filed with the Court. See Declaration of Jeffrey D. Dahl. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement.

5.   The Notices and the Notice Plan provided the best notice practicable under the circumstances to the Class Members and fully satisfied the requirements of due process under the United States Constitution and Federal Rule of Civil Procedure 23.  Based on the evidence and information supplied to the Court in connection with the Final Approval Hearing held on May 10, 2016, the Court finds that the Notices were adequate and reasonable. The Court further finds that through the Notices, the Class Members have been apprised of the nature and pendency of the Financial Institution Cases, the terms of the Settlement Agreement, as well as their rights to request exclusion, object, and/or appear at the final approval hearing.

6.   The Court finds that Target has complied with the requirements of 28 U.S.C. § 1715.

7.   The Court finds that the Settlement Class Representatives are similarly situated to absent Class Members and are typical of the Class and are adequate Settlement Class Representatives, and that Settlement Class Counsel and the Settlement Class Representatives have fairly and adequately represented the Settlement Class. The Court grants final approval to its appointment of Settlement Class Counsel and Settlement Class Representatives as provided in the Preliminary Approval Order at ¶ 3 (Docket No. 656), appointing the following firms and individuals as Settlement Class Counsel:

**CHESTNUT CAMBRONNE PA**
Karl L. Cambronne
Jeffrey D. Bores
Bryan L. Bleichner
17 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Telephone: (612) 339-7300
kcambronne@chestnutcambronne.com
jbores@chestnutcambronne.com
bbleichner@chestnutcambronne.com

**ZIMMERMAN REED, LLP**
Charles S. Zimmerman
J. Gordon Rudd, Jr.
Brian C. Gudmundson
David M. Cialkowski
1100 IDS Center, 80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 341-0400
charles.zimmerman@zimmreed.com
gordon.rudd@zimmreed.com
brian.gudmundson@zimmreed.com
david.cialkowski@zimmreed.com

and appointing as Settlement Class Representatives Umpqua Bank, Mutual Bank, Village Bank, CSE Federal Credit Union, and First Federal Savings of Lorain.

8.   The Final Opt-Outs Report is attached to this Final Judgment as Exhibit 1.  Excluded from the Settlement Class are entities identified in the Final Opt-Outs Report as having submitted valid requests for exclusion from the Settlement Class ("Opt Outs").  Opt Outs shall not receive any benefits of the Settlement Agreement and shall not be bound by this Final Judgment.

9.   As discussed, the Court approves the Settlement as set forth in the Settlement Agreement and finds that the settlement is in all respects fair, reasonable, adequate and is in the best interests of the Settlement Class Members. The Court further finds that the Settlement Agreement was the product of an arm's-length negotiation conducted in good faith by the Parties and their experienced counsel. The Court directs the Parties to perform in accordance with the terms of the Settlement Agreement and the Orders of this Court. Financial Institution Plaintiffs' Motion for Final Approval of Class Action Settlement (Docket No. 743) is therefore **GRANTED**.

10.  The Court approves the Distribution Plan attached as Exhibit 1 to the Settlement Agreement and orders the Settlement Administrator to distribute the Settlement Fund to Settlement Class Members in accordance with the terms of the Distribution Plan. Additionally, at the Financial Institution Plaintiffs' request, which Target does not oppose, the Court orders the Settlement Administrator to accept for evaluation claims submitted through May 10, 2016, the date of the Final Approval Hearing, as though they had been submitted on or before March 22, 2016. As provided in the Settlement Agreement, to the extent that any funds remain, no portion of the Settlement Class Escrow Account shall be returned to Target. Any such remaining funds will be distributed by the Settlement Administrator as directed by the Court or its designee, upon application of Settlement Class Counsel. The Parties will confer and attempt to agree on a recommendation for the distribution of any such remainder. The Court finds that the Parties face significant risks, expenses, delays and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

11.  There are no objections to the Settlement Agreement.

12.  As of the Effective Date, the Settlement Class Representatives and all other Settlement Class Members, on their own behalves and on behalf of their respective past and present parents, subsidiaries, affiliates, divisions, successors, predecessors, assignors, assignees, and assigns, and each of their respective past and present officers, directors, shareholders, members, insurers, agents, and employees (associates) ("Plaintiff Releasing Persons"), shall be deemed to have waived any right to assert against Target and its present, former, and future parents, subsidiaries, affiliates, divisions, successors, predecessors, assignors, assignees, and assigns, and each of their respective present, former or future, officers, directors, shareholders, insurers, employees (associates), agents, acquirers, processors, representatives, attorneys, and accountants (collectively, "Target Released Persons"), and to have irrevocably released and forever discharged the Target Released Persons from and for, any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorney's fees, losses, expenses, obligations, or demands, of any kind whatsoever, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they ever had, now have, or may claim now or in the future to have, that (i) were alleged or asserted against any of the Target Released Persons in the Actions or Financial Institutions' Complaint or that could have been alleged or asserted against any of the Target Released Persons in the Actions or Financial Institutions' Complaint; (ii) arise out of the same nucleus of operative facts as any of the claims alleged or asserted in the Actions or Financial Institutions' Complaint, or (iii) arise out of the Data Breach or any disclosures or notices that Target made or failed to make about the Data Breach ("Plaintiff Released Claims").

13.  As of the Effective Date, Target shall be deemed to have waived any right to assert against Settlement Class Representatives, the other Settlement Class Members, and Settlement Class Counsel ("Plaintiff Released Persons"), and to have irrevocably released and forever discharged the Plaintiff Released Persons from and for, any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorney's fees, losses, expenses, obligations, or demands, of any kind whatsoever, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which it ever had, now has, or may claim now or in the future to have, relating to the institution or prosecution of the Actions ("Target

Released Claims").

14.  "Unknown claims" means claims that Target and the Plaintiff Releasing Persons do not know or suspect to exist in their favor as of the entry of this Final Judgment, which if known by them might have affected their settlement of the Actions or the Financial Institutions' Complaint. Upon the Effective Date, Target and each of the Plaintiff Releasing Persons shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted:
(a) by section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, federal law, or principle of common law which is similar, comparable, or equivalent to section 1542 of the California Civil Code, the provisions, rights and benefits of any statute or law which might otherwise render a general release unenforceable with respect to unknown claims. Section 1542 of the California Civil Code reads:

Section 1542. General Release, extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Upon the Effective Date, Target and each of the Plaintiff Releasing Persons shall be deemed to have acknowledged that such party is aware that such party may hereafter discover facts other than or different from those that they know or believe to be true with respect to the subject matter of the Plaintiff Released Claims and Target Released Claims, but it is such party's intention to, and each of them shall be deemed upon the Effective Date to have, waived and fully, finally, and forever settled and released any and all Plaintiff Released Claims and Target Released Claims, whether known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

15.  Target and the Plaintiff Releasing Persons are hereby enjoined from prosecuting any claim they have released in any proceeding against any of the Plaintiff Released Persons, Target Released Persons or based on any actions taken by any of the Plaintiff Released Persons or Target Released Persons that are authorized or required by the Settlement Agreement or by the Final Judgment. The Settlement and/or this Final Judgment may be pleaded as and shall operate as a complete defense to any such proceeding.

16.  This Final Judgment shall not be: (1) construed as an admission or concession by Target of the truth of any of the allegations in the Actions or in the Financial Institutions' Complaint, or of any liability, fault or wrongdoing of any kind; or (2) construed as an admission or concession by the Settlement Class Representatives or the Settlement Class as to any lack of merit of the claims in the Actions or in the Financial Institutions' Complaint.

17.  Nothing contained herein, or in any document or instrument contemplated by the Settlement, is to be construed as an admission of wrongdoing or liability by any party, such wrongdoing and liability being expressly denied, and no final adjudication having been made. The Parties have entered into the Settlement Agreement solely as a compromise of all claims for the purpose of concluding the disputes between them, and the Settlement Agreement may not be used by any third party against any Party. Pursuant to Fed. R. Evid. 408, the entering into and carrying out of the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession by any of the Parties or a waiver of any applicable statute of limitations, and shall not be offered or received into

evidence in any action or proceeding against any Party in any court, administrative agency or other tribunal for any purpose whatsoever.

18.  Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Final Judgment in a proceeding to consummate or enforce the Settlement Agreement or this Final Judgment, or to defend against the or as otherwise required by law.

19.  The Court has reviewed Plaintiffs' request for attorney's fees and expenses pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, has considered the factors for assessing the reasonableness of a class action fee request, and makes the following findings of fact and conclusions of law:

a. The Settlement confers benefits on the Settlement Class that are substantial when assessed in light of the risk of establishing liability and damages in this case;

b. There are no objections by Settlement Class Members to the requested fee award;

c. Settlement Class Counsel have effectively and efficiently prosecuted this difficult and complex class action on behalf of members of the Settlement Class, on a wholly contingent basis and with no guarantee they would be compensated for the significant time, resources, and expenses devoted to prosecuting the case;

d. Settlement Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action on behalf of the Settlement Class;

e. Settlement Class Counsel report that they and the Plaintiffs' Leadership Committee have reasonably expended over 47,096 hours and incurred substantial out-of-pocket expenses in prosecuting this action since the inception of the MDL through December 2015, with no guarantee of recovery;

f. The Settlement, which reflects a very successful outcome on behalf of the Settlement Class, was achieved for the benefit of the Settlement Class as a direct result of Settlement Class Counsel's skillful advocacy and high quality work on behalf of the Settlement Class;

g. The Settlement was reached following negotiations held in good faith, in the absence of collusion and under the supervision of a highly skilled mediator, former Chief Magistrate Judge Arthur J. Boylan;

h. Settlement Class Members were advised in the Notices, which Notices were approved by this Court, that Settlement Class Counsel intended to move for an award of attorney's fees, costs and expenses, and an award of Service Payments to the Settlement Class Representatives in an aggregate amount up to $20,000,000, which would be paid by Target, separate and apart from the benefits to Settlement Class Members provided under the Settlement;

i. Settlement Class Counsel has moved for an award of attorney's fees, reimbursement of expenses, and service payments in the amount of $20,000,000, which motion has been on the docket and publicly available since February 9, 2016; and

j. The hourly rates used by Settlement Class Counsel in calculating lodestar and the number of hours expended in prosecuting the case for the benefit of the Settlement Class are reasonable, as is the lodestar amount submitted by Settlement Class Counsel, which the Court has considered as one factor in evaluating the fee request. The expenses necessarily incurred by Settlement Class Counsel as shown in Class Counsel's request for an award of attorney's fees, costs and expenses are reasonable.

20.  Accordingly, Financial Institution Plaintiffs' Motion for Attorney's Fees, Reimbursement of Expenses, and Service Payments to Settlement Class Representatives (Docket No. 722) is **GRANTED** and Settlement Class Counsel are hereby awarded attorney's fees, costs and expenses in the amount of $19,900,000.00. The Court finds this award to be fair and reasonable. The awarded fees and expenses shall

be paid to Settlement Class Counsel in accordance with the terms of the Settlement Agreement. Settlement Class Counsel shall be solely responsible for distributing the attorney's fees, costs, and expenses.

21.   Settlement Class Counsel have also requested that Service Payments be approved and paid to Class Representatives in recognition of their services provided for the benefit of the Settlement Class. The Settlement provides for an award of Service Payments as part of the maximum $20,000,000 to be paid by Target for attorney's fees, costs and expenses and Service Payments. The Court, having reviewed the Service Payment Request, as well as the supporting memorandum and associated papers, hereby finds that the a Service Payment to each Settlement Class Representative in the amount of $20,000.00 is fair, reasonable and appropriate in light of the service each Class Representative has provided on behalf of and for the benefit of the Settlement Class, and hereby approves a Service Payment to each Settlement Class Representative in such amount. The Service Payments shall be paid in accordance with the terms of the Settlement Agreement.

22.   At any time after entry of this Final Judgment, the Settlement Agreement may, with approval of the Court, be modified by written agreement of Target Counsel and Settlement Class Counsel in their discretion without giving any additional notice to the Settlement Class, provided that such modifications do not limit the rights of the Settlement Class Members under the Settlement Agreement.

23.   The Actions and the Financial Institutions' Complaint are **DISMISSED with prejudice**, without fees or costs to any Party except as provided in this Final Judgment.

24.   If the Settlement is terminated in accordance with Section 9.1 of the Settlement Agreement, this Final Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever.

25.   If the Settlement is terminated pursuant to Section 9.1 of the Settlement Agreement, (a) the Settlement Agreement shall have no effect on the rights of the Parties or the Settlement Class Members (i) to take any action in support of or in opposition to the Class Certification Order, or (ii) to prosecute or defend the Actions, the Financial Institution Complaint, or any other action, and (b) subject expressly to the reservation and preservation of rights and defenses, all Parties and Settlement Class Members shall be restored to their respective positions as of October 22, 2015. In such event, the Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to the Parties, except as expressly provided in the Settlement Agreement, and shall not be deemed or construed to be an admission or confession by or against any Party of any fact, matter, or proposition of law, whether in the Financial Institution Cases or otherwise.

26.   Pursuant to the All Writs Act, 28 U.S.C. §1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

27.   Without affecting the finality of this Final Judgment, and for a period of two years after the Effective Date, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes, including enforcement of any of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, or arising from, the implementation of the Settlement Agreement or the implementation of this Final Judgment.

28.  This Final Judgment shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

29.  Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason for delay and expressly **DIRECTS** that this Order be entered as a final and appealable order.


Date: May 13, 2016                                        RICHARD D. SLETTEN, CLERK
                                                    _____

                                                                s/LP Holden
                                                    _____
                                        (By)                    LP Holden, Deputy Clerk