UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Target Corporation Customer Data Security Breach Litigation<br><br>This Document Relates to:<br><br>All Consumer Cases<br><br>LEIF OLSON,<br><br>        Objector. | MDL No. 14-2522 (PAM/JJK) |

**OBJECTOR OLSON'S UNOPPOSED MOTION FOR WITHDRAWAL
OF $46,872 PLUS ACCRUED INTEREST FROM THE COURT REGISTRY**

      Pursuant to Local Rule 67.2, Objector Olson by and through his counsel respectfully moves the Court for an order directing withdrawal of $46,872, plus any interest accrued on the $46,872 from January 29, 2016 to the date of withdrawal, from the Court's registry for payment to Competitive Enterprise Institute, the 501(c)(3) non-profit representing Objector Olson. In support of his motion, Objector Olson states the following:

      1.     On December 21, 2015, plaintiffs moved for an appeal bond in the amount of $49,156, consisting of $2,284 in direct appeal costs and $46,872 in administrative costs. *See* Dkt. 678 at 1.

      2.     On January 21, 2016, this Court granted plaintiffs' Motion for Appeal Bond and ordered appellants Sam A. Miorelli, Leif A. Olson, Jim Sciaroni and Lindsay Gibson to post an appeal bond in the amount of $49,156, with joint and several responsibility. *See* Dkt.

701 at 3. On January 29, 2016, this Court amended its January 21 order, requiring appellants to deposit the $49,165 appeal bond into the Court registry. *See* Dkt. 713 at 3.

3.   On January 29, 2016, Theodore H. Frank of the Competitive Enterprise Institute, attorney for Objector Olson, deposited $49,156 into the Court registry. *See* Dkt. 715. No other appellant deposited money into the Court registry.

4.   On February 1, 2017, the Eighth Circuit Court of Appeals held that a Rule 7 bond may "include only those costs that the prevailing appellate litigant can recover under a specific rule or statute applicable to the case at hand" and "the more tenuous costs of administration are properly excluded in an appeal bond." *In re: Target Corporation Customer Data Security Breach Litigation,* ___ F.3d ___, 2017 U.S. App. LEXIS 1767, *16-17 (8th Cir. Feb. 1, 2017). The Eighth Circuit further ruled: "In light of our holding, we reverse and remand for the district court to reduce the Rule 7 bond to reflect only those costs that Appellees will recover should they succeed in any issues remaining on appeal following the district court's reconsideration of class certification." *Id.* at *17.

5.   Olson has conferred with the parties regarding the motion. Plaintiffs do not oppose this motion for withdrawal of $46,872, plus any interest accrued on the $46,872 from January 29, 2016 to the date of withdrawal, for payment to Competitive Enterprise Institute while maintaining the remainder of the bond. Defendant also does not oppose this motion. Plaintiffs have indicated that they reserve the right to request issuance of an appeal bond covering additional direct appeal costs. Olson reserves the right to challenge any claim that direct appeal costs are greater than $2,284.

WHEREFORE, Objector Olson respectfully requests this Court to issue an order directing withdrawal of $46,872, plus any interest accrued on the $46,872 from January 29, 2016 to the date of withdrawal, from the Court's registry for payment to Competitive Enterprise Institute.

Dated: February 28, 2017.    /s/ Melissa A. Holyoak
                             Melissa A. Holyoak, (DC Bar No. 487759)
                             COMPETITIVE ENTERPRISE INSTITUTE,
                             CENTER FOR CLASS ACTION FAIRNESS
                             1310 L Street, NW, 7th Floor
                             Washington, DC 20005
                             Phone: (573) 823-5377
                             Email: melissaholyoak@gmail.com

                             *Attorneys for Objector Leif Olson*

## CERTIFICATE OF SERVICE

    The undersigned certifies she electronically filed the foregoing Unopposed Motion via the ECF system for the District of Minnesota, thus effecting service on all attorneys registered for electronic filing. Additionally she caused to be served via First-Class mail a copy of this Notice of Hearing on Motion upon the following:

| | |
|---|---|
| David Marciniszyn<br>Joshuaua Marciniszyn<br>633 Willow Street<br>Waterbury, CT 06710<br><br>John L Fink<br>1 Canal St.<br>Suit 201<br>Lawrence, MA 01840 | Lindsay Gibson<br># 917<br>2215 Cedar Springs Road<br>Dallas, TX 75201<br><br>Sam Miorelli<br>764 Ellwood Ave<br>Orlando, FL 32804 |

Dated: February 28, 2017.                                         /s/ Melissa A. Holyoak