# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3909

_____

In re: Target Corporation Customer Data Security Breach Litigation

-------------------------------

Jim Sciaroni

*Objector - Appellant*

v.

Consumer Plaintiffs

*Plaintiff - Appellee*

Target Corporation

*Defendant - Appellee*

_____

No. 15-3912

_____

In re: Target Corporation Customer Data Security Breach Litigation

-------------------------------

Leif A. Olson

*Objector - Appellant*

v.

Consumer Plaintiffs

*Plaintiff - Appellee*

Target Corporation

*Defendant - Appellee*

_____

No. 16-1203

_____

In re: Target Corporation Customer Data Security Breach Litigation

------------------------------

Leif A. Olson

*Objector - Appellant*

v.

Consumer Plaintiffs

*Plaintiff - Appellee*

Target Corporation

*Defendant - Appellee*

_____

No. 16-1245

_____

In re: Target Corporation Customer Data Security Breach Litigation

-2-

------------------------------

Jim Sciaroni

*Objector - Appellant*

v.

Consumer Plaintiffs

*Plaintiff - Appellee*

Target Corporation

*Defendant - Appellee*

_____

No. 16-1408

_____

In re: Target Corporation Customer Data Security Breach Litigation

------------------------------

Leif A. Olson

*Objector - Appellant*

v.

Consumer Plaintiffs

*Plaintiff - Appellee*

Target Corporation

*Defendant - Appellee*

-3-

———————

Appeals from United States District Court
for the District of Minnesota - Minneapolis

———————

Submitted: February 15, 2017
Filed: May 2, 2017

———————

Before BENTON and SHEPHERD, Circuit Judges, and STRAND, District Judge.[1]

———————

BENTON, Circuit Judge.

On February 1, 2017, this court remanded this case for further consideration of class certification, and reversed the imposition of a $49,156 appeal bond. *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608 (8th Cir. 2017). Appellant Leif A. Olson moved to amend the second sentence in footnote 3 of the opinion:

> [3]In the district court, Olson also argued that the settlement did not satisfy Rule 23's superiority or predominance requirements, the settlement terms were unfair on account of self-dealing by class counsel, and the attorneys' fee provision was unreasonable. Though the court rejected all of these arguments, Olson appeals only the district court's ruling on certification.

Olson contends that he appealed the fairness of the settlement and the reasonableness of the attorneys' fees. The motion to amend is granted.

———————

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa, sitting by designation.

-4-

I.

This case follows Target's announcement that third parties compromised the payment-card data and personal information of up to 110 million Target customers. Before the district court, appellants Olson and Jim Sciaroni separately objected to the settlement proposed by Target and a class of consumer-plaintiffs. After the district court overruled Olson's and Sciaroni's objections and approved the settlement, they filed separate notices of appeal. This court consolidated those appeals, making Olson's and Sciaroni's appellant briefs due the same day, April 7.

Olson filed his brief on time. Olson's brief did not address attorneys' fees or settlement fairness. Sciaroni submitted his brief two hours later, but it was deficient and not accepted for filing. Sciaroni submitted a revised brief six days later. The next day, Olson filed a letter. While labeled on the docket as a "28(j) citation," the letter explicitly invokes Federal Rule of Appellate Procedure 28(i). Olson wrote that he "joins Sections II and IV of the Opening Brief of James Sciaroni, with the exception of the sentence on page 35 accusing the settling parties of collusion." Sections II and IV of Sciaroni's brief address attorneys' fees and settlement fairness.

II.

Rule 28(i) provides: "In a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief." The Rule does not state how a party "may adopt" part of another's brief. This court does not have a local rule on point. The courts of appeals, however, routinely permit Rule 28(i) adoption by letter. *See **United States v. Harris***, 740 F.3d 956, 969 n.7 (5th Cir. 2014); ***United States v. Pryor***, 474 F. Appx. 831, 832 n.2 (2d Cir. 2012); ***United States v. Cocchiola***, 358 F. Appx. 376, 378 n.3 (3d Cir. 2009). Olson's letter adopted by reference part of Sciaroni's brief pursuant to Rule 28(i).

-5-

The consumer-plaintiffs and dissenting opinion propose several reasons why Olson's Rule 28(i) letter did not effectively adopt part of Sciaroni's brief. None of these reasons withstand scrutiny.

## A.

The consumer-plaintiffs and dissenting opinion suggest that Rule 28(i) does not allow a party to adopt argument on an issue that the party did not itself raise in its principal brief. True, Rule 28(a) requires an appellant's brief to state the issues presented for review. Rule 28(i), however, allows parties to raise issues they did not raise in their own briefs—in fact, it allows a party not to file a brief at all and simply "join in" another's brief. Stated differently, Rule 28(a) provides one way for parties to raise issues on appeal, and Rule 28(i) provides another.

The consumer-plaintiffs and dissenting opinion argue that the appellant's brief is the only way a party may raise an issue on appeal. They invoke *United States v. Bohmont*, 413 F. Appx. 946 (8th Cir. 2011), but they misread it. There, appellant Wade Bohmont filed a brief raising five issues. Appellant Colton D. Inmon filed his brief four months later. Inmon listed two issues, both raised by Bohmont in his brief. Inmon "also included a separate 'Statement Regarding Adoption of Briefs of Other Parties,'" saying he "hereby adopts the factual and legal arguments set out in the brief of appellant Wade Bohmont." *Id.* at 949 n.4. The court "construe[d] that statement as an effort by Inmon pursuant to Federal Rule of Appellate Procedure 28(i) to adopt the factual and legal arguments made in Bohmont's brief with respect to the two specific issues listed by Inmon for review." *Id.* In the context of Inmon's adoption statement, this interpretation makes sense. Inmon filed his brief months after Bohmont's, so by listing two issues that Bohmont had listed and generically stating that he adopted Bohmont's arguments, Inmon indicated he intended to raise only those two issues. The court's statement that it "will not permit" Inmon to adopt Bohmont's other issues is not (as the dissenting opinion contends) a universal

-6-

Appellate Case: 15-3909   Page: 6   Date Filed: 05/02/2017 Entry ID: 4531228

prohibition on adopting arguments not listed in a principal brief's statement of issues. *See id.* Rather, it is a specific prohibition fit to the facts of *Bohmont*: Inmon filed his brief well after Bohmont's, listed specific issues that Bohmont also listed, and generically adopted "the factual and legal arguments set out in" Bohmont's brief.

Here, unlike *Bohmont*, Olson (the party adopting part of another's brief) filed his brief *before* Sciaroni. His Rule 28(i) letter clearly identifies the parts of Sciaroni's brief that he is adopting. The dissent's rule would make adoption by a first-filing party like Olson extraordinarily cumbersome: If the first filer did not correctly predict the issues that other parties would raise, it would have to move the court for permission to amend its first-filed brief to add issues to its statement of issues, and receive that permission, before it could join in those unpredicted issues. Rule 28(i) renders unnecessary that time-consuming, formalistic exercise by permitting adoption of additional issues through a letter like Olson's.

## B.

The dissenting opinion argues that allowing adoption in this instance would permit Olson to effectively violate the principal-brief word limit imposed by Rule 32(a)(7)(B)(i). But Rule 32(a)(7)(B)(i) places a word limit *on principal briefs*. Olson's adoption does not cause his principal brief to exceed the word limit.

The Rules impose no limit on the volume of words one party may adopt. And for good reason. Permitting unlimited adoption of briefs will generally not cause the problems that word limits are designed to avoid, since courts and parties already have to read and respond to the briefs being adopted. There is, therefore, generally no cost to permitting unlimited adoption. The dissenting opinion's proposal, on the other hand, would likely require courts and parties to read and respond to additional requests for permission to file overlength briefs, taxing judicial resources and increasing the costs of litigation. Making invocation of Rule 28(i) more onerous

could also lead to "needless repetition of arguments," exacerbating the problem of too-long briefs.  *See* 16AA Charles Alan Wright & Arthur R. Miller, ***Federal Practice and Procedure*** § 3974.5 (4th ed. 2017).

The dissenting opinion points out that in *Microsoft Corp. v. DataTern, Inc.*, the Federal Circuit stated that "incorporation" under Rule 28(i) "cannot be used to exceed word count." ***Microsoft Corp. v. DataTern, Inc.***, 755 F.3d 899, 910 (Fed. Cir. 2014). This court should not follow the Federal Circuit's *Microsoft* approach for several reasons.  First, it is dicta:  the case was not a consolidated appeal and did not fall under Rule 28(i).  ***Id.***  Second, the Federal Circuit has narrowly characterized the opinion as standing for the proposition that "*co-parties in non-consolidated appeals* cannot use incorporation pursuant to FRAP 28(i) to exceed word count limits prescribed by FRAP 32(a)(7)." ***DDR Holdings, LLC v. Hotels.com, L.P.***, 773 F.3d 1245, 1252 n.2 (Fed. Cir. 2014) (emphasis added).  Third, and most importantly, the approach is wrong.  Nothing in Rule 28(i) suggests that parts of briefs adopted by reference should be treated as literally incorporated into a party's principal brief for word-count purposes.  And, as discussed, the approach undermines the policies that word limits serve.

## C.

The dissenting opinion contends that Olson's Rule 28(i) letter allowed him to avoid the consequences of filing a late brief under Rule 31(c).  While Rule 31(c) permits an appellee to move to dismiss an appeal if an appellant fails to timely file a brief, it does not require the courts to decline to consider claims contained in late-filed briefs.  *Cf. United States v. Williams*, 187 F.3d 645 (8th Cir. 1999) (unpublished table opinion) (declining to strike appellee brief filed one day late, where appellant filed reply brief and there was "no indication that he was prejudiced by" the appellant's late filing).  Here, even if Olson's Rule 28(i) letter were treated as a brief under Rule 31(c), the consumer-plaintiffs did not make a Rule 31(c) motion.  The

consumer-plaintiffs also have not argued that they were prejudiced by Olson's Rule 28(i) letter, which he submitted just one day after Sciaroni's brief.  This case does not present this court with any question about the relationship between Rule 28(i) letters and brief-filing deadlines.

D.

The consumer-plaintiffs argue that Olson cannot adopt Sciaroni's arguments because they are "fact-bound."  True, when arguments are fact-specific to one party, another party cannot adopt those arguments without further explanation.  ***United States v. McDougal***, 133 F.3d 1110, 1114 (8th Cir. 1998).  The settlement-fairness and attorneys-fees arguments that Olson adopted do not include any class-member-specific facts, so this limitation on adoption does not apply.

* * * * * * *

Olson is correct that, due to the 28(i) letter, the second sentence of footnote 3 should be modified.  The motion to amend the opinion is granted.  Footnote 3 is replaced with the following:

> [3]In the district court, Olson also argued that the settlement did not satisfy Rule 23's superiority or predominance requirements, the settlement terms were unfair on account of self-dealing by class counsel, and the attorneys' fee provision was unreasonable.  The court rejected all of these arguments.  In addition to challenging the district court's ruling on certification in his principal brief, Olson filed a Rule 28(i) letter joining the sections of Sciaroni's brief alleging self-dealing by class counsel (except a sentence accusing the settling parties of collusion) and unreasonable attorneys' fees.  In proceedings following the limited remand, therefore, Olson may raise the issues of self-dealing and attorneys' fees.

-9-

SHEPHERD, Circuit Judge, dissenting.

The courts of appeals typically do not care how parties invoke Rule 28(i). <u>See</u>, <u>e.g.</u>, <u>United States v. Isgar</u>, 739 F.3d 829, 834 n.1 (5th Cir. 2014) (allowing adoption by both motion and letter). This is likely because, as apparent from cases the majority cites, a party's decision to adopt the arguments of a co-party ordinarily is not met with opposition or controversy. Here, however, there is a genuine dispute between opposing parties, which has brought the court's attention to the need for clarity as to Rule 28(i)'s limited scope. That need is neglected in the court's Order amending the opinion. I therefore respectfully dissent.

Olson's letter—erroneously labeled in the docket as a "28(j) citation"—in fact invoked Federal Rule of Appellate Procedure 28(i), apparently as a matter of unfettered right, in order to adopt new issues that Olson's principal brief intentionally abandoned. <u>See</u> Appellant's Br. 21. Incorporation in this case not only allows Olson to expand the issues he presents for review in his previously filed brief, it also condones the violation of rules governing word limits and filing deadlines, all without permission of the court. For the reasons that follow, I conclude that Olson's invocation of Rule 28(i) was insufficient to preserve the issues of self-dealing and attorneys' fees, and I would therefore deny Olson's motion.

First, while Rule 28(i) allows parties to adopt each other's appellate *arguments* in some circumstances, it should not be read to allow a party to multiply the *issues* that his briefing raises for review. In <u>United States v. Bohmont</u>, Appellant Inmon set forth only two issues in his brief and filed a separate statement adopting the entirety of Co-Appellant Bohmont's brief, which included additional issues. 413 F. App'x 946, 949 n.4 (8th Cir. 2011). The court remarked:

> We construe [Inmon's] statement as an effort by Inmon pursuant to Federal Rule of Appellate Procedure 28(i) to adopt the factual and legal

-10-

arguments made in Bohmont's brief with respect to the two specific issues listed by Inmon for review, and we permit it. *We will not permit the adoption statement to expand the listing of the two specific issues set out in Inmon's formal Statement of the Issues to include the other issues listed by Bohmont in his Statement of Issues.*

Id. (emphasis added).

Here, Olson seeks to expand the two issues stated in his principal brief—class certification and the appeal bond—to include two entirely different issues raised by Sciaroni—self-dealing and attorneys' fees.  Under <u>Bohmont</u>, this effort should fail; Olson should only be allowed to adopt those arguments of Sciaroni's that relate to class certification and the appeal bond.

Second, Rule 28(i) should not be used to undertake end-runs around other procedural rules.  Consider, for instance, Rule 32(a)(7)(B)(i), which set forth a 14,000-word limit on principal briefs at the time Olson's principal brief was filed.[2] Olson's brief is certified as containing 13,909 words, excluding the parts that are exempted from the word limit—only 91 words short of the limit.  If Olson is permitted to incorporate the relevant issues and accompanying arguments in Sciaroni's brief by means of Rule 28(i), he will effectively evade Rule 32(a)(7)(B)(i). The Federal Circuit addressed this issue in <u>Microsoft Corp. v. DataTern, Inc.</u>, where the court held that Rule 28(i) "cannot be used to exceed word count," as such use would be "fundamentally unfair" to the other parties.  755 F.3d 899, 910 (Fed. Cir. 2014).

Another rule vulnerable to Olson's use of Rule 28(i) is Rule 31(c), which sets forth the consequences of a party's failure to timely file a brief.  Appellants' principal briefs were due April 7, 2016.  One week later, Olson filed the 28(i) letter, adopting

---

[2] Rule 32(a)(7)(B)(i) has since been amended to provide a word limit of 13,000.

-11-

substantial new issues that he intentionally excluded in his principal brief.  Had Olson's representatives missed the April 7 deadline in order to assert the issues and arguments themselves, the consumer-plaintiffs would have had grounds to request dismissal of Olson's appeal.  See Fed. R. App. P. 31(c).  Olson's invocation of Rule 28(i) therefore allowed him to raise untimely issues without risking the consequences of filing a late brief.  At a minimum, counsel should have sought leave of the court to expand the issues after the filing deadlines terminated.  This would have satisfied the default procedural rules, see Fed. R. App. P. 27(a)(1), and invited the court to consider whether Rules 31 and 32 (and any other applicable rules) should yield to Olson's wish to multiply the issues in his appeal.

In sum, Rule 28(i) is meant to augment, not undermine, the procedural rules governing appellate briefs.  It is not a source of unlimited recourse for parties such as Olson who omit issues and fail to abide by those rules.  To avoid unduly expanding Rule 28(i), and to preserve the integrity of other applicable rules, I would deny the motion to amend the opinion.

---

Appellate Case: 15-3909    Page: 12    Date Filed: 05/02/2017 Entry ID: 4531228